## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J. S., a minor by and through his mother and
natural guardian, TERESA SHERTZER, and
TERESA SHERTZER

    239 Sandhill Road
    Conestoga, PA  17516
                   Plaintiffs,

    v.

PENN MANOR SCHOOL DISTRICT,
PENN MANOR SCHOOL BOARD,
C. WILLIS HERR, RICHARD L. FRERICHS,
JEFFREY E. LYON, PATRICK T. KLINE,
DONALD H. ANDERSON, H. THOMAS
HERR, KELLY K. WITHUM, DONNA
WERT, JEFFREY G. KREIDER, DOLORES
WARFEL, AND STEVE SKROCKI, each
individually and as members/officers of the
Penn Manor School Board,

    2950 Charlestown Road
    Lancaster, PA  17603
and
    P.O. Box 1001
    Millersville, PA  17551
GARY B. CAMPBELL, individually and as
Superintendent of the Penn Manor School
District,
DONALD STEWART, individually and as
Acting Superintendent of the Penn Manor
School District,

    2950 Charlestown Road
    Lancaster, PA  17603
and
    P.O. Box 1001
    Millersville, PA  17551
JANICE M. MINDISH, individually and as
Principal of Penn Manor High School of the
Penn Manor School District,
BRIAN D. BADDICK, individually and as
Assistant Principal of Penn Manor High School
of the Penn Manor School District,
PHILIP B. GALE, individually and as Dean of
Students of Penn Manor High School of the
Penn Manor School District,

CIVIL ACTION
No.


JURY TRIAL DEMANDED

CAROLE FAY, individually and as a teacher
and Agriculture Coordinator at Penn Manor
High School of the Penn Manor School
District,
   100 Cottage Avenue
   P.O. Box 1001
   Millersville, PA  17551-0301
                        Defendants.

## JURY TRIAL DEMANDED

## COMPLAINT

AND NOW, Plaintiffs, J. S., a minor, and Teresa Shertzer, by and through their attorney,

Deirdre A. Agnew, Esquire, respectfully allege as follows:

1.      This is an action for declaratory, injunctive and monetary relief authorized by 42

U.S.C. § 1983 to secure rights, privileges and immunities established by the First, Fourth, and

Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2.      The jurisdiction of this Court is invoked under 28 U.S.C. § 1343, providing for

original jurisdiction of this Court in suits authorized by 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28

U.S.C. §§ 2201 and 2202 relating to declaratory judgments, and 28 U.S.C. § 1367(a) permitting

the exercise of supplemental jurisdiction over state statutory and common law actions.

## VENUE

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b), in that this is a

civil action wherein jurisdiction is not founded on diversity of citizenship and Plaintiffs' claims

arise in this judicial district.

## PARTIES

4.      Plaintiff, Teresa Shertzer, is the parent and natural guardian of Plaintiff, J. S., a

minor, 15 years of age, on whose behalf she has filed suit.  Both live at the address set forth above

in the caption.  J. S. is in the 10th grade at Penn Manor High School.

5.      Defendant, Penn Manor School District, is a duly organized school district of the

Commonwealth of Pennsylvania, with an address as set forth above.  The District is responsible

for controlling, managing and operating the public schools and its agents, servants, workmen and employees, in Millersville, PA, including, Penn Manor High School.

6.    Defendant, Penn Manor School Board, is and was at all times material hereto entrusted with the management and control of all matters relating to the Penn Manor Public Schools, including its agents, servants, workmen and employees. Defendants, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki, are the present members of the Penn Manor School Board, with an address as set forth above in the caption. Upon information and belief, the members are residents of Lancaster County. At all relevant times hereto, Defendant School Board was responsible for supervising the investigation of complaints and the discipline of students, including J. S. Shuman. They also had the power, right and duty to control the manner in which the other Defendants and individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Penn Manor School District were consistent with State and Federal Constitutions, statutes, ordinances, regulations, customs, and usage of the Commonwealth of Pennsylvania and the Penn Manor School District. In doing the things hereinafter alleged, they were acting within the scope and course of their official capacity, employment and/or agency and under the color of the School District's authority and under the color of statutes, ordinances, regulations, customs and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.

7.    Defendant, Gary B. Campbell, is and was at all times material hereto, the Superintendent of the Penn Manor School District, and is the Executive and Administrative Officer of the Penn Manor School District, with an address as set forth above. He is sued both individually and in his official capacity. Upon information and belief, he is a resident of Lancaster County. At all relevant times hereto, Defendant Campbell was the responsible party for supervising the investigation of complaints and the discipline of students, including J. S. Shuman. He also had the power, right and duty to control the manner in which the other

Defendants and individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Penn Manor School District were consistent with State and Federal Constitutions, statutes, ordinances, regulations, customs, and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.  In doing the things hereinafter alleged, he was acting within the scope and course of his official capacity, employment and/or agency and under the color of the School District's authority and under the color of statutes, ordinances, regulations, customs and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.

8.      Defendant, Donald Stewart, is and was at all times material hereto, the Acting Superintendent of the Penn Manor School District, and is the Acting Executive and Administrative Officer of the Penn Manor School District, with an address as set forth above.  He is sued both individually and in his official capacity.  Upon information and belief, he is a resident of Lancaster County.  At all relevant times hereto, Defendant Stewart was the responsible party for supervising the investigation of complaints and the discipline of students, including J. S. Shuman.  He also had the power, right and duty to control the manner in which the other Defendants and individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Penn Manor School District were consistent with State and Federal Constitutions, statutes, ordinances, regulations, customs, and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.  In doing the things hereinafter alleged, he was acting within the scope and course of his official capacity, employment and/or agency and under the color of the School District's authority and under the color of statutes, ordinances, regulations, customs and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.

9.      Defendant, Janice M. Mindish, is, and at all times herein mentioned was, an individual working as an employee and agent for the Penn Manor School District as the Principal and Chief Administrative Officer of Penn Manor High School, which is located at the address set forth above in the caption.  She is sued both individually and in her official capacity.  Upon

information and belief, she is a resident of Lancaster County.  At all relevant times hereto, Defendant Mindish was the responsible party for supervising the investigation of complaints and the discipline of students, including J. S. Shuman.  She also had the power, right and duty to control the manner in which the Penn Manor High School Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Penn Manor High School were consistent with State and Federal Constitutions, statutes, ordinances, regulations, customs, and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.  In doing the things hereinafter alleged, she was acting within the scope and course of her official capacity, employment and/or agency and under the color of the School District's authority and under the color of statutes, ordinances, regulations, customs and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.

10.    Defendant, Brian D. Baddick, is, and at all times herein mentioned was, an individual working as an employee and agent for the Penn Manor School District as the Assistant Principal of Penn Manor High School.  He is sued both individually and in his official capacity. Upon information and belief, he is a resident of Lancaster County.  At all relevant times hereto, Defendant Baddick was the responsible party for supervising the investigation of complaints and the discipline of students, including J. S. Shuman.  He also had the power, right and duty to control the manner in which the Penn Manor High School Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Penn Manor High School were consistent with State and Federal Constitutions, statutes, ordinances, regulations, customs, and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.  In doing the things hereinafter alleged, he was acting within the scope and course of his official capacity, employment and/or agency and under the color of the School District's authority and under the color of statutes, ordinances, regulations, customs and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.

11.    Defendant, Philip B. Gale, is, and at all times herein mentioned was, an individual working as an employee and agent for the Penn Manor School District as the Dean of Students of

Penn Manor High School.  He is sued both individually and in his official capacity.  Upon information and belief, he is a resident of Lancaster County.  At all relevant times hereto, Defendant Gale was responsible for investigating complaints and disciplining students.  He also had the power, right and duty to control the manner in which the Penn Manor High School Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Penn Manor High School were consistent with State and Federal Constitutions, statutes, ordinances, regulations, customs, and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.  In doing the things hereinafter alleged, he was acting within the scope and course of his official capacity, employment and/or agency and under the color of the School District's authority and under the color of statutes, ordinances, regulations, customs and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.

12.     Defendant, Carole Fay, is, and at all times herein mentioned was, an individual working as an employee and agent for the Penn Manor School District as a teacher and Agriculture Coordinator of Penn Manor High School.  She is sued both individually and in her official capacity.  Upon information and belief, she is a resident of Lancaster County.  In doing the things hereinafter alleged, she was acting within the scope and course of her employment and/or agency and under the color of the School District's authority and under the color of statutes, ordinances, regulations, customs and usage of the Commonwealth of Pennsylvania and the Penn Manor School District.

## FACTUAL ALLEGATIONS

13.     Plaintiffs have complied with 42 Pa.C.S. § 5522 and the Pennsylvania Political Subdivision Tort Claims Act by timely serving and filing notice of the claims against Defendants on or about May 20, 2002.

14.     On December 7, 2001, Plaintiff, J. S., a minor, was attending school at the Penn Manor High School.   He is required to attend school pursuant to 24 P.S. § 13-1327.

15.    During what are known as "second block" and "third block," J. S. was in the agricultural room of the school along with other students. During both "blocks," J. S. and another student, Olivia Becker, began to flirt with each other. During third block, Ms. Becker nudged J. S.'s leg first, and then he touched her leg. Some other touching occurred between these two students for about 5 to 10 minutes.

16.    There was no force involved with this touching, nor any resistance from Ms. Becker. In fact, she was laughing about it and engaging in the conduct herself, willingly. She even encouraged J. S. to touch her and rubbed J. S.'s private area over his clothing. The lights were on in the classroom; the entire class was present, as was a substitute teacher, Mrs. Myers. There was never any complaint by Ms. Becker, or any disruption of the class.

17.    Another student, Jeremy Fritsch, has confirmed that the touching was consensual, and that Ms. Becker was a willing participant.

18.    After this event, upon information and belief, Ms. Becker appears to have changed her story and claimed that the touching was against her will.

19.    On December 10, 2001 at approximately 10:15 a.m., J. S. was called to the school office to meet with Defendant, Philip B. Gale, the Dean of Students. Mr. Gale claimed that Ms. Becker alleges that J. S. forced himself on her sexually. J. S. explained what had actually occurred. Mr. Gale informed J. S. that the stories "did not match" and put him in another room in the school. He was permitted to eat lunch in the cafeteria by himself during the "teachers' lunch period" and then was required to return to the room. He remained in the room until approximately 1:19 p.m.

20.    At that time, Mr. Gale returned to the room, along with Defendant, Brian D. Baddick, the Assistant Principal. Mr. Gale informed J. S. that there were not any witnesses or information concerning what had occurred. He, along with Mr. Baddick, threatened J. S. with police involvement and tried to get him to change his version of what had occurred. Mr. Baddick even asked J. S., "So, did you feel her to get a rise?"

21.    When J. S. continued to report what had actually occurred, Mr. Gale informed him that he would be suspended for four (4) days. It was only at this time that J. S.'s mother, Plaintiff Teresa Shertzer, was contacted, approximately four (4) hours after J. S. was originally detained and questioned/interrogated.

22.    When Mrs. Shertzer was called, she was essentially informed to pick her son up from school. She was not given the opportunity to ask questions about the incident, nor was she told what Ms. Becker claimed had occurred.

23.    Mrs. Shertzer picked J. S. up at school on December 10, 2001, but again, was not permitted the opportunity to ask questions about the incident or what Ms. Becker claimed had occurred.

24.    J. S. was suspended from school for four (4) days, from December 11 through December 14, 2001. Ms. Becker was not disciplined in any way.

25.    On December 10, 2001, Mrs. Shertzer was sent a letter from Penn Manor High School and Mr. Gale, informing her of J. S.'s suspension from school. She did not receive the letter until on or about December 13, 2001. The letter states that the reason for the suspension is "Sexual harassment. More specifically: Inappropriate conduct." The letter advised Mrs. Shertzer to call the school office to schedule a reinstatement conference. There is no mention of any informal hearing and no notice for an informal hearing was ever received by Plaintiffs.

26.    Mrs. Shertzer did call the school and scheduled the reinstatement conference for December 14, 2001. Prior to this conference, Plaintiffs were never notified that it was to be an informal hearing, nor were they ever notified of any date for an informal hearing.

27.    Present at the conference were Mr. Gale, Defendant Janice M. Mindish, Principal, J. S. Shuman, Teresa Shertzer, Mr. Shertzer (J. S.'s step-father) and Attorney Herbert P. Henderson, II, who was representing the Plaintiffs at the time.

28.    Plaintiffs and their counsel attempted to ask questions at the conference on December 14, 2001. Ms. Mindish and Mr. Gale cut them off and told them they were not at the conference to discuss the incident and reminded them that the conference was a "reinstatement

conference," NOT an informal hearing.  Plaintiffs were therefore prevented from presenting J. S.'s version of the events on December 7, 2001, from calling any witnesses, from questioning the accuser, and from defending the claims against him.  J. S. is concerned that the suspension will become part of his permanent school record.

29.    According to 22 Pa. Code §§ 12.6 and 12.8 and the Penn Manor Policy Manual Section 233, when a suspension is for more than three (3) days, the student shall be entitled to an informal hearing.

30.    According to § 12.8, the following due process requirements are to be observed in regard to the informal hearing:

    a.    Notification of the reasons for the suspension shall be given in writing to the parents or guardian and to the student.

    b.    Sufficient notice of the time and place of the informal hearing shall be given.

    c.    A student has the right to question any witnesses present at the hearing.

    d.    A student has the right to speak and produce witnesses on his own behalf.

    e.    The district shall offer to hold the informal hearing within the first 5 days of the suspension.

31.    No other conferences or hearings were scheduled or held.  At the conference that was held on December 14, 2001, and at other times, there was no prior notice or any other notice that any of them was an informal hearing.  In fact, Ms. Mindish and Mr. Gale specifically stated that the conference was NOT an informal hearing.  J. S. was never given the opportunity to question witnesses, to testify himself, or to produce witnesses on his own behalf.  As such, J. S. was suspended without the prior informal hearing required by law.

32.    When J. S. returned to school on or about December 17, 2001, he was provided a document that stated that he was reinstated to school as of December 17 after a successful parent conference had been held.

33.     When the witness, Jeremy Fritsch, found out that J. S. had been suspended, he approached a teacher, Carole Fay, and told her what he had seen on December 7, 2001.  He saw Ms. Becker and J. S. touching each other; he also saw that Ms. Becker was a willing participant, and that she engaged in touching J. S. and in encouraging him to touch her.  At no time did Ms. Becker tell J. S. to stop.  In response to Mr. Fritsch's statements, Miss Fay told Mr. Fritsch that there was nothing she could do and told him to forget it.

34.     Pursuant to the Penn Manor Policy Manual, Section 248, when a student brings a complaint against another student for unlawful harassment, the Principal shall conduct a thorough investigation and shall prepare a written report summarizing the investigation and recommending disposition of the complaint.  Copies of the report shall be provided to the complainant, the accused, the Superintendent and others directly involved.

35.     Upon information and belief, no investigation took place, as it does not appear that any students in the classroom, or the substitute teacher, Mrs. Myers, were interviewed.  Instead, the word of Ms. Becker was simply believed without any further investigation.

36.     Despite requests, Plaintiffs have been told that there is no investigative report.

37.     Under Section 248 of the Penn Manor Policy Manual, Policy 218, if it is concluded that a student has made false accusations against another, that student shall be subject to disciplinary action.

38.     On or about January 23, 2002, J. S. made a written complaint against Ms. Becker for making false accusations against him under the Unlawful Harassment section of the Penn Manor Policy Manual.  His complaint sets forth what actually occurred on December 7, 2001 and identifies the corroborating witness, Jeremy Fritsch.

39.     Jeremy Fritsch has confirmed that Mr. Gale did speak with him shortly after J. S.'s complaint was made.  Mr. Fritsch told Mr. Gale what he witnessed as set forth in Paragraph 30.

40.     To date, no action has been taken on J. S.'s complaint.

41.     Pursuant to Section 248 of the Penn Manor Policy Manual, if an accused is not satisfied with the principal's disciplinary decision, he may file a written appeal to the

Superintendent.  No deadline is stated in the Policy Manual for the filing of this appeal with the Superintendent.

42.    On or about January 24, 2002, Plaintiffs, by and through their undersigned counsel, sent a written appeal letter to the Superintendent of Penn Manor Schools, pointing out the failure to hold an informal hearing, the failure to properly investigate the allegations and prepare a written report, and the improper detention and questioning/interrogation of J. S. for approximately 4 hours on December 10, 2001.

43.    The Superintendent, by and through the solicitor for the Penn Manor School District, responded by letter on February 12, 2002, by stating that the appeal is untimely and that no further action by the School District is warranted or necessary.

44.    Once J. S. returned to school on December 17, 2001, word had spread about his suspension and Ms. Becker's allegations.  He was repeatedly teased and harassed by other students and called names.  On December 17, 2001, he was forced to leave school early at 1:15 p.m. due to the teasing from other students.  On December 18, 2001, J. S. was unable to attend school because he was upset about the teasing and "everyone talking behind his back."

45.    In addition, he was prohibited from attending the Pennsylvania Farm Show due to the disciplinary action taken against him.

46.    Beginning the 11th grade next school year, J. S. has transferred from Penn Manor High School to the 21st Century Cyber School in Exton, Pennsylvania.

47.    As a direct result of these aforementioned acts, J. S. sustained injuries to his body and has suffered and will suffer severe mental and emotional distress, humiliation and embarrassment, and damage to his good name and reputation, all to his damage to be proven at trial.

48.    J. S. has suffered and will continue to suffer serious mental health problems, including but not limited to, depression, fear, anxieties, inability to function normally in social situations, both in relationships with adults and in relations with peers.  As a result of these

problems, J. S. has undergone medical and psychological treatment and incurred medical expenses, all to her detriment.

49.    As a proximate result of these acts of Defendants, Plaintiff J. S. has sustained and is continuing to sustain damage in the form of medical expenses, expenses associated with the Cyber School and general damages in an amount which has not been ascertained and which will be proven at trial.

50.    As a proximate result of these acts of Defendants, Plaintiff Teresa Shertzer has incurred medical expenses on behalf of her son, additional costs for J. S.'s education, and pain and suffering to themselves and in observing her son and his situation, plus attorney's fees and costs and general damages in an amount which has not been ascertained and will be proven at trial.

51.    The conduct of the individual Defendants was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of J. S. and constitute despicable conduct, and by reason thereof, Plaintiffs demand exemplary and punitive damages against the individual Defendants in an amount appropriate to punish or make and example of them.

### COUNT I
### INVALIDITY OF POLICY MANUAL
### AND DEFENDANTS' ACTIONS THERETO

52.    Plaintiffs hereby incorporate by reference paragraphs 1 through 51.

53.    Defendants have acted pursuant to 22 Pa. Code §§ 12.6 and 12.8 and the Penn Manor School District Policy Manual, which do not provide fair proceedings through which a student has an opportunity to challenge the proposed disciplinary measure.

54.    On information and belief, there are no other school rules or regulations relied upon by Defendants as authorized aforesaid disciplinary actions.

55.    Under color of State Law, Defendants have acted intentionally, deliberately and knowingly in violation of the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, rendering Defendants liable to Plaintiffs in law and equity.

56.     22 Pa. Code §§ 12.6 and 12.8 and the Penn Manor School District Policy Manual do not provide a method for a student to challenge the decision of the Principal when proper procedures are not followed.  The appeal to the Superintendent authorized by the Policy Manual has no deadline stated, yet the Superintendent in this case claims that the appeal period had expired and refused to investigate or act.  The statutes and Policy Manual are unconstitutional because their vagueness and overbreadth and their lack of procedural safeguards deprive students of rights secured under the First and Fourteenth Amendment of the Constitution of the United States.

57.     In the instant case, Defendants have affected a suspension without a prior hearing or notice thereof, without providing the student with a method to challenge the decision of the Principal when the procedures are not followed, and without providing a deadline for filing a written appeal with the Superintendent.  Defendants' actions have been arbitrary, unequal and discriminatory in violation of Plaintiffs' rights secured by the First and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT II
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

58.     Plaintiffs hereby incorporate by reference paragraphs 1 through 57.

59.     The conduct of Defendants, and each of them, as described in this Complaint, violated Plaintiffs' rights by interfering with their property interest of entitlement to a public education, by interfering with Plaintiffs' liberty interests, by denying Plaintiffs equal protection of the law, by interfering with Plaintiffs' right to receive information and by interfering with their exercise and enjoyment of rights secured by the First, Fourth and Fourteenth Amendments to the Constitution and laws of the United States, including Due Process.  Such actions are in violation of 42 U.S.C. § 1983.

60.     Defendants have careless and reckless policies of permitting the Principal, Assistant Principal and/or Dean of Students to suspend students without proper notice of a hearing or without holding an informal hearing, to detain and interrogate students for long periods

of time, to deprive students of their good name and reputation and their right to receive information by not fully investigating complaints, and to selectively investigate and prosecute complaints under the Unlawful Harassment provisions of the Penn Manor Policy Manual, in such a way to cause the discipline of students without lawful justification and in deprivation of the rights of students.

61.    Defendants have careless and reckless policies of permitting the agents, employees and/or officers of the Penn Manor School District to thwart challenges to decisions of the Principal, Assistant Principal and/or Dean of Students to suspend students without proper notice of a hearing or without holding an informal hearing, to detain and interrogate students for long periods of time, to deprive students of their good name and reputation and their right to receive information by not fully investigating complaints, and to selectively investigate and prosecute complaints under the Unlawful Harassment provisions of the Penn Manor Policy Manual, in such a way to cause the discipline of students without lawful justification and in deprivation of the rights of students.

62.    These policies allow, condone, ratify, and afford the reckless, careless and erroneous lengthy detention, interrogation and discipline of students so that agents, employees and/or officers of the Penn Manor School District make mistakes or act willfully, wantonly and/or recklessly to cause the discipline of students without lawful justification and in deprivation of the rights of students.

63.    Defendants, and each of them, both individually and by and through their agents, officers and/or employees, acting under color of statutes, ordinances, regulations, policies, custom and usage, subjected and/or caused Plaintiffs to be subjected to a violation of their Rights, Privileges and Immunities secured by the Constitution and laws of the United States.

64.    Defendants are persons who, under color of the laws of the Commonwealth of Pennsylvania and the United States, have authority to investigate complaints of unlawful harassment, detain and interrogate students, to discipline and suspend students, provide notice of

hearings and hold informal hearings regarding suspensions, and to hear appeals and reinvestigate the disciplinary action taken.

65.     Defendants subjected Plaintiffs and caused them to be subjected to a deprivation of their Rights, Privileges and Immunities provided by the Constitution and the laws of the United States by detaining and interrogating J. S., failing to fully investigate and provide information, and disciplining and suspending him, and violations of their rights under Due Process, Search and Seizure, and Equal Protection laws, as provided by the First, Fourth and Fourteenth Amendments of the Constitution, without notice and opportunity to be heard, and without lawful authority, in direct violation of Plaintiffs' entitlement to public education, and guaranteed liberty interests.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT III
## VIOLATION OF PLAINTIFFS' SUBSTANTIVE DUE PROCESS RIGHTS

66.     Plaintiffs hereby incorporate by reference paragraphs 1 through 65.

67.     Defendants deprived Plaintiffs of their property and liberty interests without due process of law, thereby depriving Plaintiffs of their rights, privileges and immunities as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the Commonwealth of Pennsylvania.

68.     Defendants committed their actions with a callous and deliberate indifference and in a reckless manner which shocks the conscience of a civilized society.  Despite the fact that Plaintiffs attempted to present what actually occurred, there were witnesses in the classroom that could have been interviewed, the law requires notice and an informal hearing, Plaintiffs made a complaint against Ms. Becker, and Plaintiffs wrote an appeal of his suspension to the Superintendent, Defendants improperly detained and interrogated J. S., failed to provide the required notice and informal hearing, disciplined him, failed to take any action against Ms. Becker or provide information regarding her complaint, and failed to provide a viable process by which J. S. could challenge his improper discipline.  As a result, he was improperly disciplined and word spread around the school, subjecting him to teasing and ridicule.

69.    The actions and omissions of Defendants, and each of them, made it clear that they thought they could do whatever they wanted.  They assumed they could arbitrarily detain, interrogate and discipline J. S. without any justification and without any notice or a hearing, in total disregard of the consequences of their actions and omissions.

70.    The conduct of Defendants was egregious and oppressive and in contravention of the Fourteenth Amendment of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

71.    Defendants acted willfully, wantonly and in reckless disregard of and indifference to Plaintiffs' constitutional right to be free from the arbitrary exercise of the powers of government.  The acts of Defendants were committed unlawfully, intentionally, maliciously and arbitrarily thereby violating the due process protections of life, liberty and property.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT IV
## VIOLATION OF PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS

72.    Plaintiffs hereby incorporate by reference paragraphs 1 through 71.

73.    Defendants deprived Plaintiffs of their property and liberty interests without due process of law, thereby depriving Plaintiffs of their rights, privileges and immunities as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the Commonwealth of Pennsylvania.

74.    Plaintiffs have a property interest in their entitlement to public education and a liberty interest in their good name and reputation.  J. S. has not been discipline problem while attending Penn Manor High School.

75.    Defendants disciplined J. S. without any notice or informal hearing, despite the requirement to do so in the law, the differences in stories between J. S. and Ms. Becker, the witnesses who could have been interviewed and the demands by Plaintiffs for said hearing.  The procedures used by Defendants Mindish, Baddick, Gale, Campbell and Stewart whereby they were free to act in a high-handed, arbitrary manner when using their discretion to discipline J. S.,

or to uphold his discipline, created a situation where the improper discipline of J. S. was possible and did occur.

76.    Pre-deprivation remedies, or remedies immediately after deprivation, were available to said Defendants and should have been used.  During the investigation, witnesses should have been interviewed and a hearing should have been held within 5 days of the suspension.  Then Plaintiffs could have called their own witnesses and presented evidence of what they believe occurred.  This simple procedure would have prevented the constitutional violations that occurred.

77.    The conduct of Defendants was egregious and oppressive when a resolution of the situation was available through the use of proper procedures.  Defendants acted with willful, wanton and reckless disregard of, and deliberate indifference to, Plaintiffs' Constitutional guaranteed right to due process.

78.    The discipline of J. S. was an abuse of power by Defendants and each of them.  Such power and authority was propounded by policy making officials and delegated to Defendants pursuant to Laws of the Commonwealth of Pennsylvania and the Penn Manor School District policies, both written and unwritten, which granted broad authority to affect the discipline of J. S. without procedural due process safeguards.

79.    Defendants, and each of them, by their conduct in committing the acts and omissions complained of herein, did so maliciously, oppressively, in disregard of humanity, and in total disregard of the consequences of the aforementioned acts and omissions.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT V
## VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS

80.    Plaintiffs hereby incorporate by reference paragraphs 1 through 79.

81.    Defendants abused their power and engaged in conduct in violation of the Fourth Amendment to the Constitution of both the United States and the Commonwealth of Pennsylvania.

82.     The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated,…"

83.     Defendants engaged in an unreasonable, unconstitutional, seizure of J. S. when he was detained for 4 hours during school on December 10, 2001, and interrogated, without the ability to contact his parent or any other person.  He was also threatened with police involvement. Plaintiffs' right to be secure from arbitrary seizures of the person such as this was totally disregarded by Defendants.  Defendants engaged in the type of high-handed, arbitrary manner that the Fourth Amendment was intended to protect against.

84.     Considering the totality of the circumstances, Defendants' actions were not objectively reasonable.  It was not necessary to detain J. S. for that period of time and he could have been permitted to call his mother or other person.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**COUNT VI**
**VIOLATION OF PLAINTIFFS' RIGHT TO EQUAL PROTECTION OF THE LAW**

85.     Plaintiffs hereby incorporate by reference paragraphs 1 through 84.

86.     As stated in the aforementioned facts, J. S. was disciplined, yet Ms. Becker was not.  Additionally, Defendants refused to investigate, prosecute or even address J. S.'s complaint against Ms. Becker for false accusations of sexual harassment.

87.     Defendants are required by law and by the Penn Manor Policy Manual to investigate all complaints and prepare a report.  Nothing has been done on J. S.'s complaint and there is no recourse provided for him under the Policy Manual.

88.     Plaintiffs claim that this selective investigation and prosecution of Unlawful Harassment complaints only filed by women is violates their rights to Equal Protection under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT VII
## VIOLATION OF PLAINTIFFS' FIRST AMENDMENT RIGHTS

89.     Plaintiffs hereby incorporate by reference paragraphs 1 through 88.

90.     As stated in the aforementioned facts, Plaintiffs are entitled by law and under the Penn Manor Policy Manual to receive information regarding the investigation of Ms. Becker's complaint, as well as what she claimed J. S. did to her.

91.     Despite requests, Plaintiffs have not been provided this information, and since there was no informal hearing, were not permitted to question anyone, including Ms. Becker, about the allegations against him.  Defendants have thus interfered with Plaintiffs' right to receive the information.

92.     As a result, Plaintiffs claim that this failure to provide required information is violates their rights under the First Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.     Plaintiffs hereby incorporate by reference paragraphs 1 through 92.

94.     All of the aforementioned actions by Defendants were without cause, provocation, justification or reason.

95.     All of the aforementioned actions by Defendants were intentional, willful, wanton, malicious, outrageous, atrocious, utterly intolerable and in reckless and/or knowing disregard for the Plaintiffs' rights.  Defendants realized or should have realized that their actions would result in severe emotional distress to Plaintiffs.

96.     As a result of Defendants' aforementioned actions, Plaintiffs have in the past suffered, and may in the future continue to suffer, sever and substantial damages, including, but not limited to, great agony, mental anguish, physical, mental and emotional distress, embarrassment and humiliation, and have in the past hindered, and in the future may continue to be hindered, from attending to their daily duties and functions to their great detriment and loss.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT IX
## NEGLIGENCE

97.     Plaintiffs hereby incorporate by reference paragraphs 1 through 96.

98.     Defendants, and each of them, owe a duty of care to citizens, students and Plaintiffs to exercise that degree of care, skill, and diligence commonly exercised by other members of their profession under similar circumstances, so as not to cause harm to persons or their rights.

99.     At the above times and places, Defendants, and each of them, negligently, carelessly, recklessly and with gross negligence, detained and interrogated J. S., failed to properly investigate Ms. Becker's complaint, disciplined J. S., failed to give him notice and an informal hearing and failed to provide him a process to challenge his improper discipline, resulting in damage to Plaintiffs, as set forth herein.

100.     Defendants, and each of them, acting by and through its duly authorized agents, employees, officers and/or officials, was negligent, careless and/or reckless in the following manner:

        a.     Detaining J. S. for almost 4 hours;

        b.     Interrogating J. S. without permitting him access to contact his parent or other person;

        c.     Failing to contact J. S.'s mother once he was detained;

        d.     Failing to properly investigate the complaint of Ms. Becker after hearing J. S.'s response;

        e.     Failing to interview witnesses and teachers;

        f.     Failing to prepare an investigative report and provide copy to Plaintiffs;

        g.     Failing to notify Plaintiffs of Ms. Becker's claims;

        h.     Failing to notify Plaintiffs of an informal hearing;

        i;     Failing to hold an informal hearing within 5 days of J. S.'s suspension;

        j.     Disciplining J. S. for sexual harassment;

        k.     Failing to listen to witness Jeremy Fritsch;

l.      Failing to report the statements of Jeremy Fritsch to Carole Fay;

m.      Failing to reinvestigate the matter once the appeal letter was sent to the Superintendent;

n.      Failing to discipline Ms. Becker;

o.      Failing to act on J. S.'s complaint against Ms. Becker;

p.      Failing to provide a process to appeal a wrongful disciplinary action against a student;

q.      Failing to instruct, train, supervise, and control Defendants Mindish, Baddick, Gale, and Fay in their duties to refrain from unlawfully detaining, interrogating and disciplining students and violating their rights;

r.      Failing to instruct, train, supervise, and control Defendant Fay and other Defendants in their duty to report statements of students relevant to investigations and discipline matters;

s.      Failing to properly train and supervise the agents, employees, officials and officers of the Penn Manor School District regarding detaining, interrogating and disciplining students;

t.      Failing to properly supervise the training, instruction, discipline, control and conduct of agents, employees, officials and officers of the Penn Manor School District, including Defendants Campbell, Stewart, Mindish, Baddick, Gale, and Fay;

u.      Hiring Defendants Mindish, Baddick, Gale and/or Fay;

v.      Failing to properly promulgate orders, rules, instructions, regulations, and policies of the Penn Manor School District, including but not limited to those orders, rules, instructions, regulations and policies concerning, unlawful harassment complaints, investigation of such complaints, detention and interrogation of students, discipline of students, requirements of notice and hearing and any appeal process;

w.      Improperly appointing and promoting agents, employees, officials and/or officers of the Penn Manor School District;

x.    Failing to properly the manner in which the agents, employees, officials and/or officers of the Penn Manor School District carried out the objectives of their employment or duties;

y.    Failing to see that all orders, rules, policies, instructions and regulations promulgated for the Penn Manor School District were consistent with State and Federal Constitutions, and statutes, ordinances and regulations of the United States, Commonwealth of Pennsylvania and Township.

z.    Failing to use due care under the circumstances;

aa.    Any and all other acts or omissions constituting negligence, carelessness and/or recklessness as may appear during the course of discovery procedures provided by the Federal Rules of Civil Procedure and/or trial of this matter.

101.    As a direct and proximate result of the negligence of Defendants, and each of them, J. S. was improperly detained, interrogated and disciplined.

102.    As a further direct and proximate result of Defendants' negligence, Plaintiffs have been required to expend money and incur obligations and will continue to expend money and incur obligations for medical services reasonable required for treatment of their damages, the exact amount of which is unknown at the present time.

103.    As a further direct and proximate result of Defendants' negligence, Plaintiffs have suffered physical injury, loss of income, medical expenses, severe mental anguish and severe mental and emotional distress, as well as other damages set forth herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT X
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

104.    Plaintiffs hereby incorporate by reference paragraphs 1 through 103.

105.    In doing each and all the acts alleged herein, all Defendants engaged in a course of conduct which was grossly negligent, extreme and outrageous.  Defendants engaged in said course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to Plaintiffs.

106.    All Defendants, despite knowledge and adequate opportunity to learn of the misconduct of the its agents, employees, officials and officers, adopted, approved, and ratified that acts, omissions and misconduct of its agents and employees.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT XI
## PUNITIVE DAMAGES

107.    Plaintiffs hereby incorporate by reference paragraphs 1 through 106.

108.    The actions and omissions of Defendants were so oppressive, outrageous, willful, wanton and in reckless disregard of Plaintiffs' rights as to entitle Plaintiffs to punitive and/or exemplary damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

(1)    Assume jurisdiction of the cause;

(2)    Enter and preliminary and a final order pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure declaring that 22 Pa. Code § 12.8 is unconstitutional;

(3)    Enter and preliminary and a final order pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure declaring that the Penn Manor Policy Manual, insofar as it relates to unlawful harassment and suspensions, are unconstitutional;

(4)    Issue a preliminary and a permanent injunction restraining Defendants, their successors in office, agents, employees, officials and officers from further enforcement of the unconstitutional provisions of their Policy Manual;

(5)    Issue a preliminary and a permanent injunction ordering that minor Plaintiff's school records be expunged of any notation of the aforementioned suspension and disciplinary action;

(6)    Find that the discipline of Plaintiff was improper and find that his complaint must be acted upon;

(7)    Award Plaintiffs compensatory, general and punitive damages as set forth in the

Complaint, the exact amount to be determined at the time of trial;

(8)    Award Plaintiffs reasonable attorney's fees and the costs of this action;

(9)    Award Plaintiff such other relief as the Court deems just and appropriate.


BY:_____
          DEIRDRE A. AGNEW, ESQUIRE
          Attorney for Plaintiffs
          Goshen Executive Center
          Building 400A
          1450 East Boot Road
          West Chester, PA  19380
          (610) 738-4800
          FAX (610) 738-4898

## <u>VERIFICATION</u>

I verify that the statements made in this Complaint are true and correct.  I understand that false statements herein are made subject to the penalties for unsworn falsification to authorities.


_____
Teresa Shertzer, individually and on behalf
of J. S. Shuman

DATE:_____