**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA SHUMAN,** a minor by and<br>through his mother and natural guardian<br>**TERESA SHERTZER, and TERESA<br>SHERTZER,** individually | : <br> : <br> : <br> : <br> : | <br><br>**CIVIL ACTION NO. 02-CV-3594** |
| **Plaintiffs** | : <br> : | |
| **v.** | : <br> : | **(TUCKER)** |
| **PENN MANOR SCHOOL DISTRICT,**<br>**PENN MANOR SCHOOL BOARD,**<br>**C. WILLIS HERR,**<br>**RICHARD L. FRERICHS,**<br>**JEFFERY E. LYON,**<br>**PATRICK T. KLINE,**<br>**DONALD H. ANDERSON,**<br>**H. THOMAS HERR,**<br>**KELLY K. WITHUM,**<br>**DONNA WERT,**<br>**JEFFREY G. KREIDER,**<br>**DOLORES WARFEL,  and**<br>**STEVE SKROCKI,** each individually and<br>as members/officers of the Penn Manor<br>School Board**,**<br>**AND**<br>**GARY B. CAMPBELL,** individually and as<br>Superintendent of the Penn Manor<br>School District,<br>**AND**<br>**DONALD STEWART,** individually and as<br>Acting Superintendent of the Penn Manor<br>School District<br>**AND**<br>**JANICE M. MINDISH,** individually and as<br>Principal of Penn Manor High School,<br>**AND**<br>**BRIAN D. BADDICK,** individually and as<br>Assistant Principal of Penn Manor High<br>School,<br>**AND**<br>**PHILIP B. GALE,** individually and as Dean<br>of Students of Penn Manor High School,<br>**AND**<br>**CAROLE FAY,** individually and as a teacher<br>and Agriculture Coordinator at Penn Manor<br>High School | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| **Defendants** | : | |

**BRIEF IN SUPPORT OF THE MOTION OF THE DEFENDANTS, PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL BOARD, C. WILLIS HERR, RICHARD L. FRERICHS, JEFFREY E. LYON, PATRICK T. KLINE, DONALD H. ANDERSON, H. THOMAS HERR, KELLY K. WITHUM, DONNA WERT, JEFFREY G. KREIDER, DOLORES WARFEL, STEVE SKROCKI, GARY B. CAMPBELL, DONALD STEWART, JANICE M. MINDISH, BRIAN D. BADDICK, PHILIP GALE, AND CAROLE FAY, TO DISMISS PORTIONS OF THE PLAINTIFFS' COMPLAINT**

AND NOW, come the Defendants, Penn Manor School District (hereinafter referred to as the "District"), Penn Manor School Board (hereinafter referred to as the "Board"), C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki, each individually and as members/officers of the Penn Manor School Board (hereinafter collectively referred to as "School Board Member Defendants"), Gary B. Campbell, individually, and as Superintendent of the Penn Manor School District, Donald Stewart, individually and as Acting Superintendent of the Penn Manor School District, Janice M. Mindish, individually and as Principal of Penn Manor High School, Brian D. Baddick, individually and as Assistant Principal of Penn Manor High School, Philip Gale, individually and as Dean of Students of Penn Manor High School, and Carole Fay, individually and as a teacher and Agriculture Coordinator at Penn Manor High School, to present this Brief in support of their Motion to Dismiss portions of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state claims upon which relief can be granted.

## I.    Factual and Procedural History

For purposes of this Motion to Dismiss only, the Defendants accept the truth of the well-plead facts in Plaintiffs' Complaint.  The following factual history is taken from Plaintiffs' Complaint:

On December 7, 2001, Joshua Shuman was attending school at the Penn Manor High School.  (Complaint ¶ 14).  During what are known as "second block" and "third block," Mr.

Shuman was in the agricultural room of the school along with other students. During both "blocks," Mr. Shuman and another student, Olivia Becker, began to flirt with each other. During "third block," Ms. Becker nudged Mr. Shuman's leg first, and then he touched her leg. Some other touching occurred between these two students for about five (5) to ten (10) minutes. (Complaint ¶ 15). There was no force involved with this touching, nor any resistance from Ms. Becker. In fact, she was laughing about it and willingly engaging in the conduct herself. She even encouraged Mr. Shuman to touch her, and rubbed his private area over his clothing. Ms. Becker never complained about the contact, and there was no disruption of the class. (Complaint ¶ 16). Mr. Jeremy Fritsch, a student in the class, confirmed that the touching between Ms. Becker and Mr. Shuman was consensual, and that Ms. Becker was a willing participant. (Complaint ¶ 17). After the event, Ms. Becker changed her story, and claimed that the touching was against her will. (Complaint ¶ 18).

On December 10, 2001, at approximately 10:15 a.m., Mr. Shuman was called to the school office to meet with Philip B. Gale, the Dean of Students. Mr. Gale told Mr. Shuman that Ms. Becker alleges that he forced himself on her sexually. Mr. Shuman, in response, explained to Mr. Gale what actually occurred. After Mr. Shuman's explanation, Mr. Gale informed Mr. Shuman that the stories "did not match" and he put him in another room in the school. He was permitted to eat lunch in the cafeteria by himself during the "teachers" lunch period. After lunch, he was required to return to the room. He remained in the room until approximately 1:19 p.m. (Complaint ¶ 19). At that time, Mr. Gale returned to the room along with Mr. Brian Baddick, the Assistant Principal. Mr. Gale informed Mr. Shuman that there were not any witnesses or information concerning the incident. Mr. Gale and Mr. Baddick threatened Mr. Shuman with police involvement, and tried to get him to change his version of the story. Mr. Baddick even questioned Mr. Shuman, "So did you feel her to get a rise?" (Complaint ¶ 20). As Mr. Shuman continued to report the incident, Mr. Gale informed him that he would be suspended for four (4) days. At that time, Mr. Shuman's mother,

Mrs. Teresa Shertzer, was contacted approximately four (4) hours after Mr. Shuman was detained and questioned/interrogated. (Complaint ¶ 21). When Mrs. Shertzer was called, she was asked to pick her son up from school. She was not provided the opportunity to ask questions about the incident, nor was she told what Ms. Becker claimed had occurred. (Complaint ¶ 22). Mrs. Shertzer picked up her son, but again was not provided the opportunity to ask questions regarding the incident. (Complaint ¶ 23).

Mr. Shuman was suspended from school for four (4) days, from December 11, 2001 through December 14, 2001. However, Ms. Becker was not disciplined in any way. (Complaint ¶ 24). On December 10, 2001, Mrs. Shertzer was sent a letter from Penn Manor High School and Mr. Gale, informing her of her son's suspension from school. She did not receive the letter until on or about December 13, 2001. The letter stated the reason for her son's suspension was "Sexual Harassment." "More specifically: Inappropriate conduct." The letter advised Mrs. Shertzer to call the school office to schedule a reinstatement conference. There was no mention of any informal hearing and no notice for an informal hearing was ever received by Mr. Shuman or his mother. (Complaint ¶ 25). Mrs. Shertzer called the school, and scheduled the reinstatement conference for December 14, 2001. Prior to the conference, neither Mrs. Shertzer nor her son were notified that it was to be an informal hearing, or notified of any date for an informal hearing. (Complaint ¶ 26).

Present at the conference were Mr. Gale, Ms. Mindish, Mr. Shuman, Mrs. Shertzer, Mr. Shertzer (Josh Shuman's stepfather), and attorney Herbert P. Henderson II, who represented Mr. Shuman and Mrs. Shertzer, at the time of conference. (Complaint ¶ 27). Mr. Shuman and Mrs. Shertzer attempted to ask questions at the conference held on December 14, 2001. However, Ms. Mindish and Mr. Gale cut them off, and told them they were not at the conference to discuss the incident, and reminded them that the conference was a "reinstatement conference," not an informal hearing. Consequently, Mr. Shuman and his mother were precluded from presenting Mr. Shuman's

version of the incident that resulted in his suspension, calling any witnesses, questioning the accuser, and defending the claims against him.  (Complaint ¶ 28).

No other conferences or hearings were scheduled or held.  There was no notice of any kind that the conference held on December 14, 2001 was an informal hearing.  In fact, Ms. Mindish and Mr. Gale specifically stated that the conference was not an informal hearing.  Mr. Shuman was never given the opportunity to question witnesses, testify on his own behalf, or produce witnesses of his own.  As a result, Mr. Shuman was suspended from school without a prior informal hearing required by law.  (Complaint ¶ 31).  After Mr. Shuman returned to school after his suspension, he was provided a document that stated that he was reinstated to school as of December 17, 2001 after a successful parent conference was held.  (Complaint ¶ 32).

On or about January 24, 2002, Mr. Shuman and Ms. Shertzer, by and through their counsel, sent a written appeal letter to the Superintendent of Penn Manor School District, alleging that the District failed to hold an informal hearing, failed to properly investigate the allegations and prepare a written report, and alleged that the District improperly detained and questioned/interrogated Mr. Shuman for approximately four (4) hours on December 10, 2001.  (Complaint ¶ 42).  In response to the appeal, the Superintendent, by and through the solicitor for the Penn Manor School District, by letter dated February 12, 2002, responded by stating that the appeal was untimely, and that no further action by the District is warranted or necessary.  (Complaint ¶ 43).

Once Mr. Shuman returned to school on December 17, 2001, word had spread about his suspension and Ms. Becker's allegations.  He was repeatedly teased and harassed by other students, and called names.  As a result, on that day, Mr. Shuman was forced to leave school early at 1:15 p.m. due to the teasing from other students.  On December 18, 2001, Mr. Shuman was unable to attend school because he was upset about the teasing and "everyone talking behind his back." (Complaint ¶ 44).  In addition, he was prohibited from attending the Pennsylvania Farm Show due

to the disciplinary action taken against him.  (Complaint ¶ 45).  As a result of the incident, Mr. Shuman transferred from Penn Manor High School to the 21st Century Cyber School in Exton, Pennsylvania, the following school year.  (Complaint ¶ 46).

On or about June 5, 2002, Plaintiffs, Joshua Shuman, and his mother, Teresa Shertzer, filed this Federal Complaint against the District, the Board, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki, each individually and as members/officers of the Penn Manor School Board, Gary B. Campbell, individually, and as Superintendent of the Penn Manor School District, Donald Stewart, individually and as Acting Superintendent of the Penn Manor School District, Janice M. Mindish, individually and as Principal of Penn Manor High School, Brian D. Baddick, individually and as Assistant Principal of Penn Manor High School, Philip Gale, individually and as Dean of Students of Penn Manor High School, and Carole Fay, individually and as a teacher and Agriculture Coordinator at Penn Manor High School.  The Plaintiffs assert the following claims against the Defendants:

    (1)       Invalidity of Policy Manual and Defendants' Actions Thereto (Count I)

    (2)       Violation of Civil Rights (42 U.S.C. § 1983) (Count II)

    (3)       Violation of Plaintiffs' Substantive Due Process Rights (Count III)

    (4)       Violation of Plaintiffs' Procedural Due Process Rights (Count IV)

    (5)       Violation of Plaintiffs' Fourth Amendment Rights (Count V)

    (6)       Violation of Plaintiffs' Right to Equal Protection of the Law (Count VI)

    (7)       Violation of Plaintiffs' First Amendment Rights (Count VII)

    (8)       Intentional Infliction of Emotional Distress (Count VIII)

    (9)       Negligence (Count IX)

    (10)     Negligent Infliction of Emotional Distress (Count X)

(11)    Punitive Damages (Count XI)

Plaintiffs seek the Court to enter a preliminary and final order pursuant to 28 U.S.C. § 2201, 2202, and Rule 57 of the Federal Rules of Civil Procedure declaring that 22 Pa. Code § 12.8 is unconstitutional;  enter a preliminary and a final order pursuant to 28 U.S.C. § 2201, 2202, and Rule 57 of the Federal Rules of Civil Procedure declaring that the Penn Manor Policy Manual, as it relates to unlawful harassment and suspensions, are unconstitutional; issue a preliminary and permanent injunction restraining Defendants, their successors in office, agents, employees, officials, and officers from further enforcement of the unconstitutional provisions of their Policy Manual; issue a preliminary and a permanent injunction ordering that Mr. Shuman's school records be expunged of any notation of the aforementioned suspension and disciplinary action; find that the discipline of Mr. Shuman was improper, and find that his complaint must be acted upon; award the Plaintiffs compensatory, general and punitive damages; award Plaintiffs reasonable attorney's fees and the costs of the action; award Plaintiffs such other relief as the Court deems just and appropriate.

## II.    Argument

### A.    Standard of Review

A complaint is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it appears certain that the Plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  The Court must accept as true all factual allegations in the complaint and give the Plaintiffs the benefit of every favorable inference that can be drawn from those allegations.  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, a complaint must include either direct or inferential allegations respecting all material elements of the

claims asserted.  Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991); Sterling v. Kazmierczak, 983 F.Supp. 1186, 1189 (N.D. Ill. 2997).  Bare legal conclusions attached to narrated facts will not suffice.  Strauss v. City of Chicago, 760 F.2d 765, 768 (7th Cir. 1985); Sterling at 1189.  A court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997)(quoting Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996).

### B.    Teresa Shertzer, On Her Own Behalf, Lacks Standing To Pursue Any Of The Constitutional Claims (Counts II through VII)

The Complaint filed by the Plaintiffs names Joshua Shuman, a minor, by and through his mother and natural guardian, Teresa Shertzer, and Teresa Shertzer, on her own behalf, as the Plaintiffs.  Any Federal claim asserted by Teresa Shertzer, on her own behalf, should be dismissed since she has no standing to pursue those claims.

The Supreme Court has held that to have standing to sue in Federal Court, one must have an injury which is distinct and palpable, and not abstract or conjectural or hypothetical.  Lickteig v. Landauer, 1991 WL 263041 *1 (E.D. Pa. December 6, 1991).  To demonstrate standing, plaintiffs must demonstrate that (1) they have suffered an injury in fact.  Specifically, the injury must be concrete and particularized, and actual or imminent, as opposed to conjectural and hypothetical.  Further, the injury must affect the plaintiff in a personal and individual way; (2) that the injury is casually connected and traceable to an action of the defendant; (3) and that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  The Pitt News v. Fisher, 215 F.3d 354, 359 (3d Cir. 2000).

When a student is suspended or expelled, it is the student who is entitled to due process because it is the student—not his parents—who has the right to a free public education.  Brian A & Arthur A v. Stroudsburg Area School District, 141 F.Supp 2d. 502, 507 (M.D. Pa. 2001).  In

Stroudsburg, the Plaintiffs brought a claim under the Fourteenth Amendment, the Fifth Amendment, and 42 U.S.C. § 1983.   The Court dismissed all claims asserted by the parent in his own right because it was his son who was entitled to due process as a result of his suspension, and subsequent expulsion, not the parent.  See also Mapp v. William Penn School District, 2000 WL 1358484, *1 (E.D. Pa. September 18, 2000)(dismissing First and Fourteenth Amendment claims by the parent in her own right).  In the exact same manner, in the instant lawsuit, Mrs. Shertzer is attempting to bring a claim in her own right based on actions directed against her son.  Accordingly, Mrs. Shertzer's constitutional claims on her own behalf should be dismissed.

###     C.    All Constitutional Claims Against the Individually Named Defendants Sued In Their Official Capacities Should Be Dismissed

Plaintiffs have specifically pled that the individual Defendants are being sued in their official capacities.  (Complaint ¶ 6-12).  Official capacity claims against individual Defendants are the equivalent of claims against the District.  See, Satterfield v. Borough of Schuylkill Haven, 12 F.Supp.2d 423, 432 (E.D. Pa. 1998); Scott C. v. Bethlehem Area School District, 2000 WL 1201345, *5 fn. 2 (E.D. Pa. August 9, 2000).   ("Insofar as Plaintiffs allege violations of their constitutional and statutory rights by the individual Defendants in their official capacities, those claims will be considered claims against the School District, and the claims against the individual Defendants in their official capacities will be dismissed.")   Accordingly, naming the individual Defendants who have been sued in their official capacities is redundant and the individually named Defendants should be dismissed.  Id.[1]

---

[1] Plaintiffs also assert all claims against the "Penn Manor School Board."  In Glickstein v. Neshaminy School District, 1997 W.L. 660636, *3 (E.D. Pa.), the court interpreted the Pennsylvania Rules of Civil Procedure 76 and 2102(b) and concluded that school district boards of directors are not amenable to suit under Pennsylvania law.  Accordingly, plaintiffs' claims against the Penn Manor School Board must be dismissed.  See also Satterfield v. Borough of Schuylkill Haven, supra at 431 (Borough Council dismissed as a redundant party in Section 1983 action.).

**D.    All Constitutional Claims Asserted Against Carole Fay In Her Personal Capacity Should Be Dismissed**

Plaintiffs have sued Defendant Carole Kay in both her individual and official capacities. Plaintiffs have failed to establish a cause of action against Ms. Fay.

Individual Defendants can only be held liable under 1983 if they were personally involved in the alleged constitutional violations.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  A defendant's personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Disalvio v. Lower Merion School District, 2002 WL 734343, *14 (E.D. Pa. April 25, 2002).  However, allegations of participation or actual knowledge must be made with appropriate particularity.  Id.  Plaintiffs have asserted absolutely no involvement of Ms. Fay in the alleged constitutional violations.  The only reference to Ms. Fay in the Complaint, is when Plaintiffs allege "when the witness, Jeremy Fritsch, found out that Joshua had been suspended, he approached a teacher, Carole Fay, and told her what he had seen on December 7, 2001…In response to Mr. Fritsch's statements, Ms. Fay told Mr. Fritsch that "there was nothing she could do and told him to forget it."  (Complaint ¶ 33).  That statement by Ms. Fay is insufficient to establish that she was personally involved in any alleged wrong doing.  Accordingly, all federal claims against Ms. Fay in her personal capacity should be dismissed.

**1.    Carole Fay Has Qualified Immunity From All Constitutional Claims**

Even if Ms. Fay's actions, as asserted in the Complaint, are sufficient to establish personal involvement, she is immune from liability.  Government officials performing discretionary functions are immune from liability for civil damages when their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  A right is "clearly established"

when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what she is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); accord In re City of Phila. Litig., 49 F.3d 945, 961 (3d Cir. 1995).

When analyzing a qualified immunity defense, the court must first ascertain "whether Plaintiffs have [alleged] a violation of a constitutional right at all." Larsen v. Senate of the Commonwealth of Pa., 154 F.3d 82, 86 (3d Cir. 1998). Next, the court must inquire whether the right was "clearly established at the time the defendants acted." In re City of Phila. Litig supra at 961 (quoting Acierno v. Cloutier, 40 F.3d 597, 606 (3d Cir. 1994)). Finally, the court must determine whether "a reasonable person in the official's position would have known that his conduct would violate that right." Open Inns, Ltd. v. Chester County Sheriff's Dep't, 24 F.Supp.2d 410, 419 (E.D.Pa. 1998) (quoting Wilkinson v. Bensalem Township, 822 F.Supp. 1154, 1157 (E.D.Pa. 1993) (citations omitted)). If on an objective basis "it is obvious that no reasonably competent [official] would have concluded that [the actions were lawful]," defendants are not immune from suit; however, "if [officials] of reasonable competence could disagree on this issue, immunity should be recognized." In re City of Phila. Litig supra at 961-62 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

In the case at bar, at the time Ms. Fay advised Mr. Fritsch that "there was nothing she could do and told him to forget it," it is not reasonable to believe that Ms. Fay, or any reasonable person, would view her conduct as violating any constitutional rights. This is especially true since, as the Plaintiffs state (Complaint ¶ 33), Ms. Fay's comments occurred after Plaintiffs suspension had taken place. Accordingly, all Constitutional claims asserted against Ms. Fay should be dismissed.

**E.    All Claims Asserted Against Gary B. Campbell and Donald Stewart Should Be Dismissed Because They Were Not Personally Involved**

As stated above, individual defendants can only be held liable under Section 1983 if they were personally involved in the alleged constitutional violations. See Rode supra.    Moreover, the United States Supreme Court has held that supervising officials do not violate the constitutional rights of victims of misconduct unless they have had an affirmative part in the misconduct. See Rizzo v. Goode, 423 U.S. 362, 377 (1976). The Third Circuit has also required that supervising officials play an affirmative role in violating the plaintiffs' rights and that an official's misconduct "cannot be merely a failure to act." Commonwealth of Pa. v. Porter, 659 F.2d 306, 336 (3d Cir. 1981).

Here, Plaintiffs fail to allege that Gary B. Campbell or Donald Stewart had any personal involvement, actual knowledge, or acquiesced in the actions by any of Defendants against the Plaintiffs.   They only allege that both Defendants were a responsible party for supervising the investigation of complaints and the discipline of students, including Mr. Shuman…" (Complaint ¶¶ 7-8).   This allegation by the Plaintiffs is insufficient under the law to state a claim that Defendants, Gary Campbell and Donald Stewart, were in any way involved in the actions alleged to have been taken against the Plaintiffs.    Thus, all Constitutional claims against Gary B. Campbell and Donald Stewart in their personal capacities should be dismissed.

**F.    In Count I of The Complaint, Plaintiffs Fail To State A Claim That Defendants Violated The First Amendment**

Plaintiffs purport to set forth a claim for a violation of the First Amendment.  Plaintiffs allege in Count I of the Complaint that the Defendants violated the First and Fourteenth Amendments, and 42 U.S.C. § 1983 for acting pursuant to 22 Pa.Code § 12.6 and 12.8, and the Penn Manor School District Policy Manual, which do not provide fair proceedings through

which a student has an opportunity to challenge the proposed disciplinary measure.  (Complaint ¶ 53, 55).

In order to be considered protected speech under the First Amendment, the speech or activity engaged in must address a matter of public concern.  Azzaro v. County of Allegheny, 110 F.3d 968, 976 (3d Cir. 1997).  Speech addresses a matter of public concern when it relates "to any matter of political, social, or other concern to the community." Id. at 977.

By the Plaintiffs simply alleging that Defendants acted pursuant to 22 Pa.Code § 12.6 and 12.8 and the Penn Manor School District Policy Manual, no First Amendment rights are implicated.  Only a violation of due process is pled.  Accordingly, Count I of the Complaint should be dismissed regarding any claim that the Defendants violated the First Amendment.

### G.    Plaintiffs Fail To State A Claim For A Violation Of Substantive Due Process

In Count III Plaintiffs aver that "Defendants deprived Plaintiffs of their property and liberty interests without due process of law."  (Complaint ¶ 67).  They allege that their due process rights were  deprived when "Defendants committed their actions with a callous and deliberate indifference and in a reckless manner."  (Complaint ¶ 68).  In the caption for Count III, Plaintiffs identify this claim as a violation of "substantive due process."  Plaintiffs' substantive due process claim fails.

"Substantive due process limits what government may do regardless of the fairness of procedures that it employs, and covers government conduct in both legislative and executive capacities."  Dianese v. Commonwealth of Pennsylvania, 2002 WL 1340316, *13 (E.D. Pa. June 19, 2002).  Under certain circumstances, substantive due process claims may be brought when procedural fairness is not an issue.  Id.  Nevertheless, "a substantive due process claim grounded in an arbitrary exercise of governmental authority may be maintained only where the plaintiff has been deprived of a particular quality of property interest." Id.  Although the "precise contours of the

particular quality of interest" have not been clearly defined, Id, courts look to see whether the property interest rises to the level of "the fundamental interests that previously have been viewed as implicitly protected by the Constitution." Id.   "In the context of school discipline, a substantive due process claim will succeed only in the 'rare case' when there is no rational relationship between the punishment and the offense."  See Brian A & Arthur A supra at 510.

In order to establish a substantive due process claim, Plaintiff, Joshua Shuman, must establish that he has a fundamental property right.  See Id.  Although Plaintiff, Joshua Shuman, has a property right in his education, to the extent that Plaintiffs claim that Mr. Shuman was denied that right to a public education (Complaint ¶ 65), that claim is not that "particular quality of a property right identified as fundamental under the United States Constitution which is subject to substantive due process protection."  Nicholas v. Penn State University, 227 F.3d 133, 139-143 (3d Cir. 2000). In San Antonio School District, et al. v. Rodriguez, et al., 411 U.S. 1, 35, 93 S.Ct. 1278, 1297 (1973),  the Supreme Court specifically concluded that the right to attend public school is not a fundamental right recognized in the Constitution.   Accordingly, there can be no violation of substantive due process. See also Brian A & Arthur A supra at 510 citing Seal v. Morgan, 229 F.3d 567, 574-75 (6th Circuit. 2000).

**H.    The State Law Tort Claims in Counts VIII, IX, and X, Are Barred By The Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 Against the District and the School Board[2]**

**1.    The District and the Board are Immune From Liability**

In Counts VIII, IX, and X of the Complaint, the Plaintiffs assert intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress claims.  The Political Subdivision Tort Claims Act (hereinafter the "Act"), grants absolute immunity to the governmental entities, in this case, the District and Board.   See, 42 Pa.C.S.A. § 8541 and 8550.   Without

---

[2] As set forth in footnote one (1), any claims against the Board are redundant, and they should be dismissed.

14

limitation, the Act provides, "no local agency shall be liable for damages on account of injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S.A. § 8541. See Wakshul v. City of Phila., 998 F.Supp. 585 (E.D. Pa. 1998) (applying Pennsylvania law and concluding that the Act does not abrogate the absolute immunity of the entity for even intentional harm); Smith v. City of Chester, 851 F.Supp. 656, 659 (E.D. Pa. 1994) (same). The immunity for local agencies established by the Political Subdivision Tort Claims Act applies to both negligence based and intentional torts. 42 Pa.C.S.A. § 8542(a)(2). The Penn Manor School District and Penn Manor School Board are thus entitled to immunity from the claims set forth in Counts VIII, IX, and X of Plaintiffs' Complaint.

**2.    The Individual Defendants Are Immune In Their Official Capacities From All State Law Tort Claims**

To the extent that all of the individual Defendants have been sued in their official capacities (Complaint ¶ 6-12), they are similarly entitled to immunity from all the claims set forth in Counts VIII through X. Smith v. School District of Philadelphia, 112 F.Supp.2d 417, 425 (E.D. Pa. 2000).

Plaintiffs allege that all of the School Board Members Defendants were "acting within the scope of and course of their official capacity, employment, and/or agency and under the color of the School District's authority and under the color of statutes, ordinances, regulations, customs, and usage of the Commonwealth of Pennsylvania and the Penn Manor School District." (Complaint ¶ 6). In addition, Plaintiffs allege that all the other individual Defendants, Gary B. Campbell, Donald Stewart, Janice Mindish, Brian Baddick, Philip Gale, and Carole Fay, were also "acting within the scope of and course of their official capacity…" (Complaint ¶ 7-12). Official capacity claims against the individual Defendants are the equivalent of claims against the District. Pursuant to 42

Pa.C.S.A § 8545, the individual Defendants have immunity from any state law tort claims. Section 8545 states:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office of duties only to the same extent as his employing local agency.

Since the Plaintiffs allege that all of the individual Defendants were "acting within the scope of and course of their official capacity," (Complaint ¶ 6-12), the individual Defendants are immune from Plaintiffs' state law tort claims set forth in Counts VIII through X, pursuant to 42 Pa.C.S.A. § 8545 to the same extent as the District and the Board. Golas v. Pocono Mountain School District, Civil Action No. 3.01-CV-1681. (M.D. Pa. 2002).

### 3. The Individual Defendants Are Immune In Their Personal Capacities From Counts IX and X

The negligence claims against the individual Defendants in Counts IX and X in their individual capacities must be dismissed since they are immune from negligent acts pursuant to 42 Pa.C.S.A. § 8545. While 42 Pa.C.S.A. § 8550 waives an individual's immunity for intentional acts, immunity for negligence based acts are preserved by § 8545. See Smith v. School District of Philadelphia, 112 F.Supp.2d at 425-426 (E.D. Pa. 2000).

Count IX and Count X are identified as "Negligence and "Negligent" Inflication of Emotional Distress. Since Plaintiffs allege that the individual Defendants "were acting within the scope and course of their official capacity, employment…" (Complaint ¶¶ 6-12), they are immune from Counts IX and X.

### 4. The Intentional Inflication of Emotional Distress Claims in Count VIII Against the Individually Named School Board Member Defendants, Gary B. Campbell as Superintendent of the Penn Manor School District, and Donald Stewart, as Acting Superintendent of the Penn Manor School District Sued In Their Individual Capacities, Is Barred By the Doctrine Of High Public Official Immunity

Pennsylvania's common law has long recognized the doctrine of absolute immunity for "high public officials."  See Matson v. Margiotti, 88 A.2d 892 (Pa. 1952).  As the Pennsylvania Supreme Court has made clear, high public officials are absolutely immune from suit "even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority."  Lindner v. Mollan, 677 A.2d 1194, 1195 (Pa. 1996).  The Pennsylvania Supreme Court explained that this "sweeping immunity" benefits the public by "removing any inhibition which might deprive the public of the best service of its officers and agencies."  Id. at 1195-1196.  Immunity is an unlimited privilege that exempts high public officials from lawsuits for defamation provided the statements made by the official are made in the course of his/her official duties and within the scope of his/her authority.  Jackson v. Coatesville School District, 2000 WL 1185375, *8 (E.D. Pa. August 21, 2000). In these circumstances, absolute immunity protects the public interest by allowing public officials to engage in the "unfettered discussion of the public business" without fear of a lawsuit. See Id.

The doctrine of absolute High Public Official Immunity was first articulated in the context of defamation suits based on statements from officials in the course of their official duties and within the scope of their authority.  Kelleher v. City of Reading, 2001 WL 1132401, *4 (E.D. Pa. September 24, 2001).  However, the doctrine also extends outside the context of defamation, and includes claims for intentional infliction of emotional distress. See Id at *4 citing Smith v. School District of Philadelphia, 112 F.Supp. 2d at 425-26 (E.D. Pa. 2000)(dismissing claims for defamation, intentional infliction of emotional distress, and invasion of privacy against school superintendent).

It is clear that the School Board Member Defendants, Gary B. Campbell as superintendent of schools, and Donald Stewart, as acting superintendent of schools, qualify as high public officials. (Members of a School Board—entrusted with making policy for the District--are high public officials entitled to absolute immunity under state law from suit on defamation claims when acting in their official capacities)( Poteat v. Harrisburg School District, 33 F. Supp. 2d. 384, 396 (M.D. Pa., 1999; Smith v. School District of Philadelphia, 112 F.Supp.2d at   425 (E.D.  Pa. 2000)("Pennsylvania courts have recognized that school superintendents. . . qualify as high public officials for purposes of this common law doctrine")(citing Petula v. Mellody, 631 A.2d 762 (Pa. Commw. Ct. 1993)); Matta v. Burton, 721 A.2d 1164, 1166 (Pa. Commw. Ct. 1998).

Here, there is also no question that the School Board Members Defendants, Gary B. Campbell as superintendent of schools, and Donald Stewart, as acting superintendent of schools, were acting in their official capacities.  In fact, Plaintiffs allege that the School Board Member Defendants were "acting within the scope of and course of their official capacity, employment, and/or agency and under the color of the School District's authority and under the color of statutes, ordinances, regulations, customs, and usage of the Commonwealth of Pennsylvania and the Penn Manor School District."  (Complaint ¶ 6).  In addition, Plaintiffs allege that the Gary B. Campbell and Donald Stewart, as Superintendent, and Acting Superintendent, were also "acting within the scope of and course of their official capacity."  (Complaint ¶ 7-8).  Therefore, Count VIII of the Complaint should be dismissed against the School Board Member Defendants, Gary B. Campbell, and Donald Stewart.

### 5. Teresa Shertzer Fails To State A Claim Against Brian Baddick For Intentional Infliction of Emotional Distress

Plaintiff, Teresa Shertzer, brings Intentional Infliction of Emotional Distress (Count VIII), Negligence (Count IX), and Negligent Infliction of Emotional Distress claims against Brian

Baddick.[3]   In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant, by extreme and outrageous conduct, intentionally or recklessly caused him/her severe emotional distress.  Miller v. Hoffman, 1999 WL 415397, *8 (E.D. Pa. June 22, 1999). Pennsylvania recognizes, but has not officially adopted, Section 46 of the Restatement (Second) of Torts. Dolan v. Pearce, 1998 WL 252114, *3 (E.D. Pa. May 1998) citing Miller v. Peraino, 426 Pa.Super. 189, 626 A.2d 637, 640 (Pa.Super.Ct. 1993).   The "Restatement contemplates recovery for intentional infliction of emotional distress when a tortfeasor's conduct is directed at a third person, but only when the actor intentionally or recklessly causes severe emotional distress to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm."  Restatement (Second) of Torts § 46(2)(a) (1965).

In the instant case, Plaintiffs allege that Mr. Gale returned to the room where Mr. Shuman remained, with Brian Baddick, the Assistant Principal of the Penn Manor High School.  (Complaint ¶ 20).  Plaintiffs allege that Mr. Baddick, along with Mr. Gale, threatened Mr. Shuman with police involvement and tried to get him to change his version of what had occurred.   Further, Plaintiffs allege that Mr. Baddick asked Mr. Shuman, "So did you feel her to get a rise?"  (Complaint ¶ 20). Plaintiff, Teresa Shertzer, does not assert that she was present during any of the activities alleged to have occurred with regard to Mr. Baddick.  Thus, Mrs. Shertzer fails to state a claim for intentional infliction of emotional distress against Mr. Baddick in his individual capacity since she was not present at the incident between Mr. Baddick and her son.

---

[3] As stated above in Paragraph H, Section 3, Counts IX and X should be dismissed as a matter of law against Brian Baddick.

### 6.    All State Law Tort Claims Against Carole Fay Should Be Dismissed

Plaintiffs have named Ms. Fay in the Complaint alleging intentional infliction of emotional distress (Count VIII), negligence (Count IX), and negligent infliction of emotional distress (Count X) against her.[4]

All state law tort claims alleged against Ms. Fay set forth in the Complaint fail to state a claim as a matter of law.   The only place where the Plaintiffs mention Ms. Fay in the Complaint is when they allege that "when the witness, Jeremy Fritsch, found out that Joshua had been suspended, he approached a teacher, Carole Fay, and told her what he had seen on December 7, 2001"…In response to Mr. Fritsch's statements, Ms. Fay told Mr. Fritsch that "there was nothing she could do and told him to forget it."  (Complaint ¶ 33).  That alleged action by Ms. Fay is insufficient to establish any state law tort claim against her.  In fact, Ms. Fay did not direct any action towards either of the Plaintiffs.   As a matter of law, Ms. Fay's actions do not constitute intentional infliction of emotional distress.  Therefore, all state law tort claims against Carole Fay should be dismissed.

### I.    Punitive Damages Are Not Permitted Against the District, The Board, or Any Of The Individual Defendants Named In Their Official Capacities

Punitive damages are not allowed against a municipality unless expressly authorized by statute under Section 1983.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981);  Gentry v. Resolution Trust Corp., 937 F.2d 899 (3d Cir. 1991).  The U.S. Supreme Court and the Third Circuit have prohibited the imposition of punitive damages against state and local governmental entities.  Id.  Further, punitive damages cannot be recovered from § 1983 defendants sued in their official capacities.  Evans v. William Penn School District, 2002 WL 1001068, *1 (E.D. Pa. May 14, 2002).  Thus, any claim for punitive damages against the District, the Board, or any of the individually named Defendants in their official capacities should be dismissed.

III.    **Conclusion**

The Defendants, Penn Manor School District, Penn Manor School Board, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, Steve Skrocki, Gary B. Campbell, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay, respectfully request that: **1)** all constitutional claims asserted by Teresa Shertzer individually; **2)** all constitutional claims against all the individual Defendants in their official capacities and the Penn Manor School Board; **3)** all constitutional claims against Carole Fay; **4)** all constitutional claims against Gary B. Campbell and Donald Stewart in their personal capacities; **5)** Count I with regard to any First Amendment Violation; **6)** Count III **7)** Count VIII against the District, the Board, Gary B. Campbell, and Donald Stewart; **8)** Count VIII by Teresa Shertzer against Brian Baddick **9)** All state law tort claims asserted against Carole Fay **10)** Count IX; **11)** Count X; and **12)** Count XI with regard to the District, the Board, and the individually named Defendants in their official capacities, be dismissed.

Respectfully submitted,

**SWEET, STEVENS, TUCKER & KATZ** LLP

Date: <u>August 5 , 2002</u>                    By:_____
                 **Ellis H. Katz, Esquire**, Atty I.D. # 34835
                 **Jason R. Wiley, Esquire**, Atty I.D. #79874
                 **Peter J. Solnick, Esquire,** Atty I.D. # 87061
                 331 Butler Avenue, P. O. Box 5069
                 New Britain, Pennsylvania 18901
                 Attorneys for Defendants
                 Penn Manor School District, Penn Manor School Board, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki,

---

[4] As set forth above in Paragraph H, Section 3, Count IX and X must be dismissed as a matter of law.

individually, and as school board members, Gary B. Campbell, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay, individually, and in their official capacities

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA SHUMAN,** a minor by and | : | |
| through his mother and natural guardian | : | |
| **TERESA SHERTZER, and TERESA** | : | |
| **SHERTZER.** individually | : | **CIVIL ACTION NO. 02-CV-3594** |
| | : | |
| **Plaintiffs** | : | |
| **v.** | : | |
| | : | |
| **PENN MANOR SCHOOL DISTRICT,** | : | **(TUCKER)** |
| **PENN MANOR SCHOOL BOARD,** | : | |
| **C. WILLIS HERR,** | : | |
| **RICHARD L. FRERICHS,** | : | |
| **JEFFERY E. LYON,** | : | |
| **PATRICK T. KLINE,** | : | |
| **DONALD H. ANDERSON,** | : | |
| **H. THOMAS HERR,** | : | |
| **KELLY K. WITHUM,** | : | |
| **DONNA WERT,** | : | |
| **JEFFREY G. KREIDER,** | : | |
| **DOLORES WARFEL,  and** | : | |
| **STEVE SKROCKI,** each individually and | : | |
| as members/officers of the Penn Manor | : | |
| School Board**,** | : | |
| **AND** | : | |
| **GARY B. CAMPBELL,** individually and as | : | |
| Superintendent of the Penn Manor | : | |
| School District, | : | |
| **AND** | : | |
| **DONALD STEWART,** individually and as | : | |
| Acting Superintendent of the Penn Manor | : | |
| School District | : | |
| **AND** | : | |
| **JANICE M. MINDISH,** individually and as | : | |
| Principal of Penn Manor High School, | : | |
| **AND** | : | |
| **BRIAN D. BADDICK,** individually and as | : | |
| Assistant Principal of Penn Manor High | : | |
| School, | : | |
| **AND** | : | |
| **PHILIP B. GALE,** individually and as Dean | : | |
| of Students of Penn Manor High School, | : | |
| **AND** | : | |
| **CAROLE FAY,** individually and as a teacher | : | |
| and Agriculture Coordinator at Penn Manor | : | |
| High School | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Peter J. Solnick, Esquire, counsel for Defendants, Penn Manor School District, Penn Manor School Board, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki, each individually and as members/officers of the Penn Manor School Board, Gary B. Campbell, individually, and as Superintendent of the Penn Manor School District, Donald Stewart, individually and as Acting Superintendent of the Penn Manor School District, Janice M. Mindish, individually and as Principal of Penn Manor High School, Brian D. Baddick, individually and as Assistant Principal of Penn Manor High School, Philip Gale, individually and as Dean of Students of Penn Manor High School, and Carole Fay, individually and as a teacher and Agriculture Coordinator at Penn Manor High School, hereby certify that a true and correct copy of the foregoing Motion to Dismiss portions of Plaintiffs' Complaint, and Brief in Support, were mailed to the following counsel at the following addresses, via first class mail, postage pre-paid, on this date:

Diedre A. Agnew, Esquire
Goshen Executive Center
Building 400 A
1450 East Boot Road
West Chester, PA 19380

SWEET, STEVENS, TUCKER & KATZ LLP


Date: August 5, 2002               By:_____

Peter J. Solnick, Esquire, Atty I.D. # 87061
331 Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania  18901
Attorney for Defendants