# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J. S., a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL BOARD, C. WILLIS HERR, RICHARD L. FRERICHS, JEFFREY E. LYON, PATRICK T. KLINE, DONALD H. ANDERSON, H. THOMAS HERR, KELLY K. WITHUM, DONNA WERT, JEFFREY G. KREIDER, DOLORES WARFEL, AND STEVE SKROCKI, each individually and as members/officers of the Penn Manor School Board,<br>AND<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>　　　　　　　　　　Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**MOTION OF PLAINTIFFS FOR RECONSIDERATION
AND CLARIFICATION OF THE ORDER OF THE
<u>HONORABLE JAMES KNOLL GARDNER DATED JUNE 24, 2003</u>**

Plaintiffs, J. S., a minor, and Teresa Shertzer, by and through their undersigned counsel, moves this Honorable Court for reconsideration and clarification of the Order of the Honorable James Knoll Gardner dated June 24, 2003, and in support thereof, avers as follows:

1. On June 24, 2003, after argument on Defendants' Motion to Dismiss Portions of Plaintiffs' Complaint Pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure, Judge Gardner granted the Motion in part and denied it in part. A true and correct copy of the Order entered is attached hereto as Exhibit "A".

2. In the second paragraph on page three of said Order, Judge Gardner dismissed Carole Fay from all Counts except Counts IX (Negligence) and XI (Punitive Damages). See, Exhibit "A".

3. In the third paragraph on page three of said Order, Judge Gardner dismissed Defendant Fay from all counts of Plaintiffs' Complaint based on qualified immunity. See, Exhibit "A".

4. However, in the transcript of the reasons for Judge Gardner's decision placed on the record on June 24, 2003 after the entry of the Order, Judge Gardner stated, "Because discovery may reveal that Defendant Fay did act negligently outside the scope of her official duties, I deny defendants' motions concerning the negligence cause of action without prejudice for defendants to renew this argument on summary judgment." See, the transcript, which is attached hereto as Exhibit "B", page 16.

5. In the reasons behind his decision, which were stated AFTER Judge Gardner entered the Order, Judge Gardner did not dismiss Carole Fay from the negligence count in Plaintiffs' Complaint. In addition, this reason is consistent with the second paragraph on page three of the Order.

6. It is the third paragraph on page three of the Order that is inconsistent. It appears that, in addition to those counts dismissed in paragraph two, Judge Gardner dismissed Carole Fay

from the remaining counts, concerning Negligence and Punitive Damages, based on qualified immunity.

7.    The defense of qualified immunity applies to constitutional claims; it does not apply to state law claims, such as negligence.  See, <u>Olender v. Township of Bensalem</u>, 32 F.Supp.2d 775 (E.D.Pa. 1999); <u>Fullard v. Philadelphia</u>, 1996 WL 195388 (E.D.Pa. 1996); and <u>Doe v. Methacton School District</u>, 880 F.Supp. 380 (E.D.Pa. 1995).  The immunity relevant to state law claims when there are school district defendants is the Pennsylvania Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541.  See, <u>Doe v. Methacton School District</u>, supra.

8.    Due to the aforementioned inconsistency, Plaintiffs respectfully request that this Court reconsider, clarify and amend the third paragraph on page three of its Order of June 24, 2003 to be consistent with the reasons in support of the Order and with the second paragraph on page three of the Order.  Specifically, Plaintiffs request that paragraph three on page three of the Order be amended to read as follows:

> <u>IT IS FURTHER ORDERED</u>, it appearing that defendant Carole Fay has qualified immunity, Counts I through VII of plaintiffs' Complaint against Carole Fay are dismissed.

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs Motion for Reconsideration and Clarification of the Order of the Honorable James Knoll Gardner dated June 24, 2003 and amend the Order accordingly.


BY:_____
    DEIRDRE A. AGNEW, ESQUIRE (ID # 63990)
    Attorney for Plaintiffs

    Goshen Executive Center
    Building 400A
    1450 East Boot Road
    West Chester, PA  19380
    (610) 738-4800

    FAX (610) 738-4898

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J. S., a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>                    Plaintiffs,<br>   v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>C. WILLIS HERR, RICHARD L. FRERICHS, JEFFREY E. LYON, PATRICK T. KLINE, DONALD H. ANDERSON, H. THOMAS HERR, KELLY K. WITHUM, DONNA WERT, JEFFREY G. KREIDER, DOLORES WARFEL, AND STEVE SKROCKI, each individually and as members/officers of the Penn Manor School Board,<br>AND<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>                    Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

**FOR RECONSIDERATION
AND CLARIFICATION OF THE ORDER OF THE
<u>HONORABLE JAMES KNOLL GARDNER DATED JUNE 24, 2003</u>**

Plaintiffs, J. S., a minor, and Teresa Shertzer, by and through their undersigned counsel, moves this Honorable Court for reconsideration and clarification of the Order of the Honorable James Knoll Gardner dated June 24, 2003, and in support thereof, present the following Memorandum of Law in Support of said Motion.

**I.    FACTUAL BACKGROUND**

On June 24, 2003, after argument on Defendants' Motion to Dismiss Portions of Plaintiffs' Complaint Pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure, Judge Gardner granted the Motion in part and denied it in part. A true and correct copy of the Order entered is attached hereto as Exhibit "A".

In the second paragraph on page three of said Order, Judge Gardner dismissed Carole Fay from all Counts except Counts IX (Negligence) and XI (Punitive Damages). See, Exhibit "A". In the third paragraph on page three of said Order, Judge Gardner dismissed Defendant Fay from all counts of Plaintiffs' Complaint based on qualified immunity. See, Exhibit "A".

However, in the transcript of the reasons for Judge Gardner's decision placed on the record on June 24, 2003 after the entry of the Order, Judge Gardner stated, "Because discovery may reveal that Defendant Fay did act negligently outside the scope of her official duties, I deny defendants' motions concerning the negligence cause of action without prejudice for defendants to renew this argument on summary judgment." See, the transcript, which is attached hereto as Exhibit "B", page 16.

**II.    ARGUMENT**

Plaintiffs file this Motion because in the Order dated June 24, 2003, it appears that Carole Fay has been completely dismissed from the case. However, in the reasons behind his decision, which were stated AFTER Judge Gardner entered the Order, Judge Gardner did not dismiss Carole Fay from the negligence count in Plaintiffs' Complaint. In addition, this reason is

consistent with the second paragraph on page three of the Order, where Defendant Fay is not dismissed from Count IX (Negligence) and Count XI (Punitive Damages).

It is the third paragraph on page three of the Order that is inconsistent. It appears that, in addition to those counts dismissed in paragraph two, Judge Gardner dismissed Carole Fay from the remaining counts, concerning Negligence and Punitive Damages, based on qualified immunity. The defense of qualified immunity applies to constitutional claims; it does not apply to state law claims, such as negligence. See, <u>Olender v. Township of Bensalem</u>, 32 F.Supp.2d 775 (E.D.Pa. 1999); <u>Fullard v. Philadelphia</u>, 1996 WL 195388 (E.D.Pa. 1996); and <u>Doe v. Methacton School District</u>, 880 F.Supp. 380 (E.D.Pa. 1995). The immunity relevant to such state law claims when there are school district defendants is the Pennsylvania Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541. See, <u>Doe v. Methacton School District</u>, supra. However, based on the transcript attached as Exhibit "B", it does not appear that Judge Gardner intended to apply the immunity in the PSTCA to Counts IX and XI.

Due to the aforementioned inconsistency, Plaintiffs respectfully request that this Court reconsider, clarify and amend the third paragraph on page three of its Order of June 24, 2003 to be consistent with the reasons in support of the Order and with the second paragraph on page three of the Order. Specifically, Plaintiffs request that paragraph three on page three of the Order be amended to read as follows:

> <u>IT IS FURTHER ORDERED</u>, it appearing that defendant Carole Fay has qualified immunity, Counts I through VII of plaintiffs' Complaint against Carole Fay are dismissed.

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs Motion for Reconsideration and Clarification of the Order of the Honorable James Knoll Gardner dated June 24, 2003 and amend the Order accordingly.

Respectfully submitted,

        BY:_____
           DEIRDRE A. AGNEW, ESQUIRE (ID # 63990)
           Attorney for Plaintiffs

           Goshen Executive Center
           Building 400A
           1450 East Boot Road
           West Chester, PA  19380
           (610) 738-4800

           FAX (610) 738-4898

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| J. S., a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>                    Plaintiffs,<br>  v.<br><br>PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL BOARD, C. WILLIS HERR, RICHARD L. FRERICHS, JEFFREY E. LYON, PATRICK T. KLINE, DONALD H. ANDERSON, H. THOMAS HERR, KELLY K. WITHUM, DONNA WERT, JEFFREY G. KREIDER, DOLORES WARFEL, AND STEVE SKROCKI, each individually and as members/officers of the Penn Manor School Board,<br>AND<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>                    Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**ORDER**

AND NOW, this _____ day of _____, 2003, after consideration of the Motion of Plaintiffs for Reconsideration and Clarification of the Order of the Honorable James Knoll Gardner Dated June 24, 2003, it is hereby ORDERED and DECREED that Plaintiffs' Motion is GRANTED.  Paragraph three on page three of the June 24, 2003 Order shall now read as follows:

<u>IT IS FURTHER ORDERED</u>, it appearing that defendant Carole Fay has qualified immunity, Counts I through VII of plaintiffs' Complaint against Carole Fay are dismissed.  By way of clarification, Plaintiffs' only have Counts IX and XI against Defendant Carole Fay.

BY THE COURT:

_____
Judge Gardner

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| J. S., a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL BOARD, C. WILLIS HERR, RICHARD L. FRERICHS, JEFFREY E. LYON, PATRICK T. KLINE, DONALD H. ANDERSON, H. THOMAS HERR, KELLY K. WITHUM, DONNA WERT, JEFFREY G. KREIDER, DOLORES WARFEL, AND STEVE SKROCKI, each individually and as members/officers of the Penn Manor School Board,<br>AND<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>　　　　　　　　Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**CERTIFICATE OF SERVICE**

I, Deirdre A. Agnew, Esquire, hereby certify that on the 21st day of July, 2003, a true and correct copy of Plaintiffs' Motion for Reconsideration and Clarification of the Order of the Honorable James Knoll Gardner Dated June 24, 2003, and Memorandum of Law in Support of Motion, were served on Defendants or their counsel via first class, regular mail, postage prepaid, at the following address:

    Ellis H. Katz, Esquire
    Jason R. Wiley, Esquire
    Sweet, Stevens, Tucker & Katz, LLP
    331 Butler Avenue
    P.O. Box 5069
    New Britain, PA  18901

BY:_____
      DEIRDRE A. AGNEW, ESQUIRE