**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA SHUMAN,** a minor by and | : | |
| through his mother and natural guardian | : | |
| **TERESA SHERTZER, and TERESA** | : | |
| **SHERTZER,** individually | : | **CIVIL ACTION NO. 02-CV-3594** |
| | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **(TUCKER)** |
| | : | |
| **PENN MANOR SCHOOL DISTRICT,** | : | |
| **PENN MANOR SCHOOL BOARD,** | : | |
| **C. WILLIS HERR,** | : | |
| **RICHARD L. FRERICHS,** | : | |
| **JEFFERY E. LYON,** | : | |
| **PATRICK T. KLINE,** | : | |
| **DONALD H. ANDERSON,** | : | |
| **H. THOMAS HERR,** | : | |
| **KELLY K. WITHUM,** | : | |
| **DONNA WERT,** | : | |
| **JEFFREY G. KREIDER,** | : | |
| **DOLORES WARFEL,** and | : | |
| **STEVE SKROCKI,** each individually and | : | |
| as members/officers of the Penn Manor | : | |
| School Board**,** | : | |
| **AND** | : | |
| **GARY B. CAMPBELL,** individually and as | : | |
| Superintendent of the Penn Manor | : | |
| School District, | : | |
| **AND** | : | |
| **DONALD STEWART,** individually and as | : | |
| Acting Superintendent of the Penn Manor | : | |
| School District | : | |
| **AND** | : | |
| **JANICE M. MINDISH,** individually and as | : | |
| Principal of Penn Manor High School, | : | |
| **AND** | : | |
| **BRIAN D. BADDICK,** individually and as | : | |
| Assistant Principal of Penn Manor High | : | |
| School, | : | |
| **AND** | : | |
| **PHILIP B. GALE,** individually and as Dean | : | |
| of Students of Penn Manor High School, | : | |
| **AND** | : | |
| **CAROLE FAY,** individually and as a teacher | : | |
| and Agriculture Coordinator at Penn Manor | : | |
| High School | : | |
| | : | |
| **Defendants.** | : | |

**THE DEFENDANTS, PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL BOARD, C. WILLIS HERR, RICHARD L. FRERICHS, JEFFREY E. LYON, PATRICK T. KLINE, DONALD H. ANDERSON, H. THOMAS HERR, KELLY K. WITHUM, DONNA WERT, JEFFREY G. KREIDER, DOLORES WARFEL, STEVE SKROCKI, GARY B. CAMPBELL, DONALD STEWART, JANICE M. MINDISH, BRIAN D. BADDICK, PHILIP GALE, AND CAROLE FAY'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

AND NOW, come the Defendants, Penn Manor School District, Penn Manor School Board, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki, each individually and as members/officers of the Penn Manor School Board, Gary B. Campbell, individually, and as Superintendent of the Penn Manor School District, Donald Stewart, individually and as Acting Superintendent of the Penn Manor School District, Janice M. Mindish, individually and as Principal of Penn Manor High School, Brian D. Baddick, individually and as Assistant Principal of Penn Manor High School, Philip Gale, individually and as Dean of Students of Penn Manor High School, and Carole Fay, individually and as a teacher and Agriculture Coordinator at Penn Manor High School, to present the following Answer to Plaintiffs' Complaint with Affirmative Defenses.

1.      Admitted in part, denied in part.  It is admitted that Plaintiffs have filed claims under the Civil Rights Act, 42 U.S.C. § 1983, for purported violations of the First, Fourth and Fourteenth Amendments to the United States Constitution, seeking injunctive and monetary relief.  The remaining allegations contained in Paragraph 1 are denied.

2.      Admitted.

3.      Admitted.

4.      Admitted.  By way of clarification, by the time of this Answer, Plaintiff, Joshua Shuman is no longer in 10th grade at Penn Manor High School.

5.      Admitted in part, denied in part.  It is admitted that the Penn Manor School District is a public school district and political subdivision of the Commonwealth of Pennsylvania, organized and existing under the Pennsylvania School Code, operated by a publicly elected board of school directors.  The remaining allegations contained in Paragraph 5 are denied.

6.      Admitted in part, denied in part.  It is admitted that the Board of School Directors of the Penn Manor School District operates the Penn Manor School District consistent with its powers and duties set forth in the Public School Code, 24 P.S. §§ 5-501 to 5-527.  It is admitted that the named individual school board members were school board members during the time period relevant to this case and resided in Lancaster County.  The remaining allegations contained in Paragraph 6 are denied.

7.      Admitted in part, denied in part.  It is admitted that Gary B. Campbell is the former Superintendent of the Penn Manor School District.  It is admitted that, while he was Superintendent, Mr. Campbell, carried out the duties of a public school district superintendent, as set forth in the Public School Code, 24 P.S. §10-1081.  The remaining allegations contained in Paragraph 7 are denied.

8.      Admitted in part, denied in part.  It is admitted that Donald Stewart is the Superintendent of the Penn Manor School District, and formerly was the Acting Superintendent.  It is admitted that, as Superintendent, Mr. Stewart, carries out the duties of a public school district superintendent, as set forth in the Public School

Code, 24 P.S. §10-1081.  The remaining allegations contained in Paragraph 8 are denied.

9.      Admitted in part, denied in part.  It is admitted that, at all times relevant to this case, Janice M. Mindish has been the Principal of the Penn Manor High School. The remaining allegations contained in Paragraph 9 are denied.

10.     Admitted in part, denied in part.  It is admitted that, at all times relevant to this case, Brian D. Baddick has been the Assistant Principal of the Penn Manor High School.  The remaining allegations contained in Paragraph 10 are denied.

11.     Admitted in part, denied in part.  It is admitted that, at all times relevant to this case, Philip B. Gale, has been the Dean of Students of the Penn Manor High School.  The remaining allegations contained in Paragraph 11 are denied.

12.     Admitted in part, denied in part.  It is admitted that, at all times relevant to this case, Carole Fay, has been a teacher in the Penn Manor School District.  The remaining allegations contained in Paragraph 12 are denied.

13.     Denied.

14.     Admitted,

15.     Admitted in part, denied in part.  It is admitted, after reasonable investigation conducted by the Defendants and upon information and belief that during the second block and third block class periods on December 7, 2001, the Plaintiff, Joshua Shuman engaged in inappropriate sexual contact with another student against that student's will.  The remaining allegations contained in Paragraph 15 are denied.

16.    Admitted in part, denied in part. It is admitted, after reasonable investigation conducted by the Defendants and upon information and belief that a portion of the inappropriate sexual contact occurred during class time, with the lights on and a substitute teacher, Mrs. Myers, and other students present in the classroom. The remaining allegations contained in Paragraph 16 are denied.

17.    Denied.

18.    Admitted in part, denied in part. It is admitted that the student who was the object of Joshua Shuman's inappropriate contact has stated that the contact was non-consensual. The remaining allegations contained in Paragraph 18 are denied.

19.    Admitted in part, denied in part. It is admitted that on December 10, 2001, Joshua Shuman was called into the office of Philip B. Baddick, Dean of Students, at approximately 10:15 a.m. It is admitted that Joshua Shuman was advised of the accusations made against him and provided a full opportunity to respond to the accusations. It is admitted that Joshua Shuman did respond to the accusations, explaining his version of the events and admitting to the inappropriate contact. It is admitted that Plaintiff, Joshua Shuman, was asked to wait in a conference room by himself while his mother was contacted. It is admitted that Joshua Shuman was permitted to each lunch while he waited until about 1:19 p.m. for his mother to arrive. The remaining allegations contained in Paragraph 19 are denied.

20.    Admitted in part, denied in part. It is admitted that Brian D. Baddick, Assistant Principal, was involved in the investigation, including investigating whether or not there were witnesses in the classrooms. It is admitted that there were no

known witnesses. The remaining allegations contained in Paragraph 20 are denied.

21.    Admitted in part, denied in part. It is admitted that Mr. Gale advised Plaintiff, Joshua Shuman, of the charges against him and that he faced a four (4) day suspension. It is admitted that Plaintiff, Teresa Shertzer, was contacted via telephone, advised of the allegations against Joshua Shuman and offered the opportunity to respond. The remaining allegations contained in Paragraph 21 are denied.

22.    Denied.

23.    Admitted in part, denied in part. It is admitted that Teresa Shertzer came to school to pick-up Joshua Shuman. The remaining allegations contained in Paragraph 23 are denied.

24.    Admitted in part, denied in part. It is admitted that Plaintiff, Joshua Shuman, was suspended from school for four (4) days. It is admitted that the student who accused Mr. Shuman of inappropriate contact was not disciplined. The remaining allegations contained in Paragraph 24 are denied.

25.    Admitted in part, denied in part. It is admitted that on or about December 10, 2001, Mrs. Shertzer was sent a letter from Mr. Gale advising Plaintiffs of the suspension, the reasons for the suspension, and the need to schedule a reinstatement conference before Mr. Shuman's return to school. The remaining allegations contained in Paragraph 25 are denied.

26.    Admitted in part, denied in part.  It is admitted that a reinstatement conference was scheduled for December 14, 2001.  The remaining allegations contained in Paragraph 26 are denied.

27.    Admitted.

28.    Denied.

29.    Admitted.

30.    Admitted in part, denied in part.  It is admitted that Section 12.8 of Chapter 22 of the Pennsylvania Code is as represented by Plaintiffs in Paragraphs 30 a-e of the Complaint.  It is denied that the guidelines set forth in Section 12.8 are due process requirements.  The remaining allegations contained in Paragraph 30 are denied.

31.    Denied.

32.    Admitted.

33.    Admitted in part, denied in part.  It is admitted that in or around January 2002, another student came forward and reported conversations he had had with the Plaintiff, Joshua Shuman concerning the events of December 7, 2001.  The remaining allegations contained in Paragraph 33 are denied.

34.    Admitted in part, denied in part.  It is admitted that Policy No. 248 sets forth guidelines for reporting and investigating harassment claims, including that the Principal shall conduct an "impartial, thorough and confidential investigation."  It is admitted that the policy calls for the preparation of a written report which shall be shared with the accuser, victim, Superintendent, and others, as appropriate. The remaining allegation contained in Paragraph 34 are denied.

35.     Denied.

36.     Denied.

37.     Admitted in part, denied in part.  It is admitted that, if it is determined that a student has made a false accusation of harassment, that student may be subject to the District's disciplinary policy, Policy No. 218.   The remaining allegations contained in Paragraph 37 are denied.

38.     Admitted in part, denied in part.  It is admitted that Joshua Shuman, on or about January 23, 2002, sent a letter to Ms. Mindish, again responding to the accusations and claiming that the accusations were false, making reference to Policy Nos. 248 and 218, and identifying a purported witness.  The remaining allegations contained in Paragraph 38 are denied.

39.     Admitted in part, denied in part.   It is admitted that Jeremy Fritsch was interviewed by Mr. Gale.  The remaining allegations contained in Paragraph 39 are denied.

40.     Denied.

41.     Admitted.

42.     Admitted in part, denied in part.  It is admitted that Plaintiffs' counsel wrote a letter to the Superintendent on or about January 24, 2002, seeking to "appeal" the December 2001 suspension of Joshua Shuman.   The remaining allegations contained in Paragraph 42 are denied.

43.     Admitted.

44.     Denied.

45.     Denied.

46.    Admitted in part, denied in part.  It is admitted that Joshua Shuman chose to attend the 21st Century Cyber School in his eleventh grade school year, the 2002-03 school year.  The remaining allegations contained in Paragraph 46 are denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    The Defendants' responses to Paragraphs 1 through 51 are incorporated herein.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    The Defendants' responses to Paragraphs 1 through 57 are incorporated herein.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Admitted.

65.    Denied.

66.    The Defendants' responses to Paragraphs 1 through 65 are incorporated herein.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     The Defendants' responses to Paragraphs 1 through 71 are incorporated herein.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     The Defendants' responses to Paragraphs 1 through 79 are incorporated herein.

81.     Denied.

82.     Admitted.

83.     Denied.

84.     Denied.

85.     The Defendants' responses to Paragraphs 1 through 84 are incorporated herein.

86.     Denied.

87.     Denied.

88.     Denied.

89.     The Defendants' responses to Paragraphs 1 through 88 are incorporated herein.

90.    Denied.

91.    Denied.

92.    Denied.

93.    The Defendants' responses to Paragraphs 1 through 92 are incorporated herein.

94.    Denied.

95.    Denied.

96.    Denied.

97.    The Defendants' responses to Paragraphs 1 through 96 are incorporated herein.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    The Defendants' responses to Paragraphs 1 through 103 are incorporated herein.

105.    Denied.

106.    Denied.

107.    The Defendants' responses to Paragraphs 1 through 106 are incorporated herein.

108.    Denied.

    **WHEREFORE**, the Defendants respectfully request judgment in their favor and against Plaintiffs on all claims contained in Plaintiffs' Complaint, and respectfully request any additional relief to which they may be entitled.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that this Court lacks subject matter jurisdiction over Plaintiffs' Complaint, it should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' Amended Complaint fails to state claims upon which relief can be granted against the Defendants, the Complaint should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' causes of actions against the Defendants are barred by the Political Subdivisions Torts Claims Act, 42 Pa. C.S. § 8541 *et. seq.*, those causes of action should be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' causes of action against the Defendants are barred by laches, waiver or the applicable statute of limitations, the Complaint should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that the individually named Defendants are entitled to qualified immunity as public administrators, board members and employees, the Complaint should be dismissed.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the Penn Manor School District is entitled to sovereign and/or governmental immunity, this Complaint should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have not suffered any damages for any purported violations of Plaintiffs' civil rights or for related state law claims and/or other injury and/or damages by reason of any acts and/or omissions and/or conduct of the Defendants, the Complaint should be dismissed.

## EIGHT AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' allegation of facts as set forth in the Complaint are proven to be true at trial, all of which are expressly and repeatedly denied by the Defendants, then the Defendants acted unintentionally and with insufficient culpability to state a cause of action under 42 U.S.C. § 1983 or other statute.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' allegation of facts as set forth in the Complaint are proven to be true at trial, all of which are expressly and repeatedly denied by the Defendants, then the Defendants assert that there is no policy, practice or custom of the Penn Manor School District sufficient to hold the Defendants liable under 42 U.S.C. § 1983.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to identify any limitation upon speech and/or limitation upon speech which addressed a matter of public concern sufficient to state a First Amendment Claim.  The Plaintiffs have failed to allege that they were engaged in any constitutionally protected activity.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs were provided adequate procedural due process.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff, Joshua Shuman, has no fundamental right to education protected by the substance due process component of the Fourth Amendment Due Process Clause.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendants had a rational and reasonable basis to discipline Joshua Shuman.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendants had a rational and reasonable basis for questioning Joshua Shuman on December 10, 2001. The questioning of Joshua Shuman was not conducted for any improper purpose or based upon any improper motive. The questioning of Joshua Shuman was reasonable at its inception and through its duration.

## RESERVATION OF AFFIRMATIVE DEFENSES

The Defendants shall rely upon such further affirmative defenses which may become apparent during the course of discovery and therefore specifically reserve the right to amend this Answer with Affirmative Defenses to assert the same.

**WHEREFORE**, the Defendants respectfully request judgment in their favor and against the Plaintiffs and respectfully request any additional relief to which they may be entitled.

Respectfully submitted,

SWEET, STEVENS, TUCKER & KATZ LLP

Date: <u>July 30, 2003</u>                By: <u>      /s/ Jason R. Wiley                </u>
**Ellis H. Katz, Esquire**, Atty I.D. # 34835
**Jason R. Wiley, Esquire**, Atty I.D. #79874
331 Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania  18901

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA SHUMAN,** a minor by and | : | |
| through his mother and natural guardian | : | |
| **TERESA SHERTZER, and TERESA** | : | |
| **SHERTZER,** individually | : | **CIVIL ACTION NO. 02-CV-3594** |
| | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **(TUCKER)** |
| | : | |
| **PENN MANOR SCHOOL DISTRICT,** | : | |
| **PENN MANOR SCHOOL BOARD,** | : | |
| **C. WILLIS HERR,** | : | |
| **RICHARD L. FRERICHS,** | : | |
| **JEFFERY E. LYON,** | : | |
| **PATRICK T. KLINE,** | : | |
| **DONALD H. ANDERSON,** | : | |
| **H. THOMAS HERR,** | : | |
| **KELLY K. WITHUM,** | : | |
| **DONNA WERT,** | : | |
| **JEFFREY G. KREIDER,** | : | |
| **DOLORES WARFEL,** and | : | |
| **STEVE SKROCKI,** each individually and | : | |
| as members/officers of the Penn Manor | : | |
| School Board**,** | : | |
| **AND** | : | |
| **GARY B. CAMPBELL,** individually and as | : | |
| Superintendent of the Penn Manor | : | |
| School District, | : | |
| **AND** | : | |
| **DONALD STEWART,** individually and as | : | |
| Acting Superintendent of the Penn Manor | : | |
| School District | : | |
| **AND** | : | |
| **JANICE M. MINDISH,** individually and as | : | |
| Principal of Penn Manor High School, | : | |
| **AND** | : | |
| **BRIAN D. BADDICK,** individually and as | : | |
| Assistant Principal of Penn Manor High | : | |
| School, | : | |
| **AND** | : | |
| **PHILIP B. GALE,** individually and as Dean | : | |
| of Students of Penn Manor High School, | : | |
| **AND** | : | |
| **CAROLE FAY,** individually and as a teacher | : | |
| and Agriculture Coordinator at Penn Manor | : | |
| High School | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, Jason R. Wiley, Esquire, counsel for Defendants Penn Manor School District, Penn Manor School Board, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki, each individually and as members/officers of the Penn Manor School Board, Gary B. Campbell, individually, and as Superintendent of the Penn Manor School District, Donald Stewart, individually and as Acting Superintendent of the Penn Manor School District, Janice M. Mindish, individually and as Principal of Penn Manor High School, Brian D. Baddick, individually and as Assistant Principal of Penn Manor High School, Philip Gale, individually and as Dean of Students of Penn Manor High School, and Carole Fay, individually and as a teacher and Agriculture Coordinator at Penn Manor High School hereby certify that a true and correct copy of the foregoing Answer to Plaintiffs' Complaint with Affirmative Defenses were forwarded to the following counsel at the following address *via* U.S. Mail on this date:

Deirdre A. Agnew, Esquire
Goshen Executive Center, Bldg 400A
1450 East Boot Road
West Chester, Pennsylvania  19380

SWEET, STEVENS, TUCKER & KATZ LLP


Date: July 30, 2003          By:    /s/ Jason R. Wiley
                                  Jason R. Wiley, Esquire**,** I.D. No.79874

                                  Attorney for Defendants