**AFFIDAVIT OF JASON R. WILEY IN SUPPORT OF**
**MOTION FOR COMPULSORY MENTAL EXAMINATION**

STATE OF PENNSYLVANIA    )
                         )     ss
COUNTY OF BUCKS          )

JASON R. WILEY, ESQUIRE, being first duly sworn says:

1. I am the attorney for the Defendants, Penn Manor School District, Penn Manor School Board, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki, each individually and as members/officers of the Penn Manor School Board, Gary B. Campbell, individually, and as Superintendent of the Penn Manor School District, Donald Stewart, individually and as Acting Superintendent of the Penn Manor School District, Janice M. Mindish, individually and as Principal of Penn Manor High School, Brian D. Baddick, individually and as Assistant Principal of Penn Manor High School, Philip Gale, individually and as Dean of Students of Penn Manor High School, and Carole Fay, individually and as a teacher and Agriculture Coordinator at Penn Manor High School (hereinafter collectively referred to as "Defendants"), in the above-captioned case.

2. There is a controversy between Plaintiff and Defendants as to whether the Plaintiff, Joshua Shuman suffers from mental or emotional injuries.

3. There is further controversy between Plaintiff and Defendants regarding whether the alleged mental or emotional impairments were caused by Defendants.

6. In their Complaint, Plaintiffs aver that Plaintiff, Joshua Shuman, suffers from emotional or mental impairment(s), including mental and emotional distress, mental

health problems, depression, fear, anxiety, and inability to function normally in social situations.

7. The only manner in which the Court or the Defendants can determine the exact nature of Plaintiff's claimed injuries/damages is by requiring the Plaintiff, Joshua Shuman, to submit to an independent mental examination, so that his true mental/emotional condition can be ascertained prior to trial, in order that the Defendant may be in a position to defend as to the claimed injuries of the Plaintiff at the time of trial.

8. Dr. Gerald Cooke is a qualified, competent and impartial physician. See Dr. Cooke's *curriculum vitae* which is attached as Exhibit B.

9. This affidavit is made in accordance with Rule 35 of the Federal Rules of Civil Procedure in support of a motion for an order requiring the Plaintiff to submit to a mental examination, the time, place, manner, condition, scope of the examination, and the person by whom the examination is to be made are set forth in the Motion.

                                SWEET, STEVENS, TUCKER & KATZ LLP

Date: September 5, 2003        By: /s/ Jason R. Wiley
                                             Jason R. Wiley, Esquire, Atty I.D. #79874
                                             331 Butler Avenue, P. O. Box 5069
                                             New Britain, Pennsylvania  18901

                                             Attorney for Defendants