IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER, | Civil Action<br><br>No. 02-CV-03594 |
| Plaintiffs, | |
| v. | |
| PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL BOARD, C. WILLIS HERR, RICHARD L. FRERICHS, JEFFREY E. LYON, PATRICK T. KLINE, DONALD H. ANDERSON, H. THOMAS HERR, KELLY K. WITHUM, DONNA WERT, JEFFREY G. KREIDER, DOLORES WARFEL, STEVE SYROCKI, each individually and as members/officers of the Penn Manor School Board, GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District, DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District, JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District, BRIAN D. BADDICK, individually and as Assistant Principal of the Penn Manor High School of the Penn Manor School District, PHILIP B. GALE, individually and as Dean of Students of the Penn Manor High School of the Penn Manor School District, CAROLE FAY, individually and as a Teacher and Agriculture Coordinator of the Penn Manor High School of the Penn Manor School District, | |
| Defendants. | |

O R D E R

NOW, this 1st day of October, 2003, upon consideration of the Motion of Plaintiffs for Reconsideration and Clarification of the Order of the Honorable James Knoll Gardner dated June 24, 2003, which motion was filed July 23, 2003; it appearing that defendants have not opposed plaintiffs' motion; it further appearing that by Order dated June 24, 2003 this court, <u>inter alia</u>, found that defendant Carole Fay is entitled to qualified immunity and dismissed Counts I through XI of plaintiff's Complaint insofar as those counts named Carole Fay as defendant; it further appearing that defendants have never challenged Counts IX (Negligence) and XI (Punitive Damages) of the Complaint on the grounds that defendant Fay is entitled to qualified immunity from such claims; it further appearing that the qualified immunity of defendant Fay does not extend to the non-constitutional claims raised by plaintiff under Pennsylvania law in Counts IX and XI;[1] it further appearing that Paragraph 3 of Page 3 of this court's June 24, 2003 Order dismissing Counts IX and XI against defendant Fay on the basis of qualified immunity constitutes a clear error of law which may result in manifest injustice if not corrected,

---

[1] See <u>Olender v. Township of Bensalem</u>, 32 F. Supp. 2d 775, 784 (E.D. Pa. 1999).

<u>IT IS ORDERED</u> that plaintiffs' motion is granted.[2]

<u>IT IS FURTHER ORDERED</u> that Paragraph 3 of Page 3 of this court's June 24, 2003 Order is vacated.

<u>IT IS FURTHER ORDERED</u>, it appearing that defendant Carole Fay has qualified immunity, Counts I, II, III, IV, V, VI, and VII, of plaintiff's Complaint against defendant Carole Fay are dismissed.

<u>IT IS FURTHER ORDERED</u> that the remainder of this court's June 24, 2003 Order shall remain in full force and effect.

BY THE COURT:

_____
James Knoll Gardner
United States District Judge

---

[2] The court should grant a motion for reconsideration if it finds: "(1) the availability of new evidence that was not previously available; (2) an intervening change in the controlling law; or (3) the need to correct a clear error of law or prevent manifest injustice." <u>Watson v. Abington Township</u>, No. 01-CV-5501, 2003 U.S. Dist. LEXIS 7674, *6 (E.D. Pa. April 14, 2003).