IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>       Plaintiffs,<br><br> v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>       Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

## **ORDER**

   AND NOW, this _____ day of _____, 2004, upon consideration of the Plaintiffs' Motion in Limine to Preclude All Testimony and Exhibits Concerning the Acts of Joshua Shuman's Natural Father and/or the Prior Conduct of His Sister at the Time of Trial, and any Response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and all testimony and exhibits concerning all acts of Joshua Shuman's

natural father, Gerald Shuman, including but not limited to, his time in prison for attempting to kill another person, his use of drugs and alcohol in the past, and his membership in the Pagans, is precluded at the time of trial of this matter.  It is further ORDERED and DECREED that all testimony and exhibits concerning all prior conduct of Joshua's sister, including but not limited to, her trouble while at Penn Manor High School, her heroine addiction and her prior jail time, is precluded at the time of trial of this matter.

                    BY THE COURT:


_____
JAMES KNOLL GARDNER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>　　　　　　Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE ALL
TESTIMONY AND EXHIBITS CONCERNING THE ACTS OF
JOSHUA SHUMAN'S NATURAL FATHER AND/OR
THE PRIOR CONDUCT OF HIS SISTER AT THE TIME OF TRIAL**

　　　　Plaintiffs, Joshua Shuman, a minor, by and through his mother and natural guardian, Teresa Shertzer, by and through their undersigned counsel, hereby move in Limine to Preclude all Testimony and Exhibits Concerning the Acts of Joshua Shuman's Natural Father and/or the

Prior Conduct of His Sister at the Time of Trial.  In support of this Motion, Plaintiffs rely upon their Brief attached hereto and incorporated herein.

  WHEREFORE, Plaintiffs respectfully request that the Honorable Court grant their Motion in Limine and issue an Order precluding all testimony and exhibits concerning all acts of Joshua Shuman's natural father, Gerald Shuman, including but not limited to, his time in prison for attempting to kill another person, his use of drugs and alcohol in the past, and his membership in the Pagans, and/or an Order precluding all testimony and exhibits concerning all prior conduct of his sister, including but not limited to, her trouble while at Penn Manor High School, her heroine addiction and her prior jail time.

                BY: /s/ Deirdre A. Agnew
                   DEIRDRE A. AGNEW, ESQUIRE
                   Attorney for Plaintiffs

                   Goshen Executive Center
                   Building 400A
                   1450 East Boot Road
                   West Chester, PA  19380
                   (610) 738-4800
                   FAX (610) 738-4898


DATE: February 2, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>　　　　　　　Plaintiffs,<br>　　v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>　　　　　　　Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE ALL TESTIMONY AND EXHIBITS CONCERNING THE ACTS OF JOSHUA SHUMAN'S NATURAL FATHER AND/OR THE PRIOR CONDUCT OF HIS SISTER AT THE TIME OF TRIAL**

**I.　　BACKGROUND**

　　Plaintiffs anticipate that Defendants will seek to introduce as evidence at the time of trial testimony and possible exhibits concerning Joshua Shuman's natural father, Gerald Shuman and his sister. Specifically, the evidence concerns the fact that Joshua's natural father is in prison for

attempting to kill another person, overused drugs and alcohol in the past, and was a member of the Pagans.  Joshua's sister had some trouble when she was at Penn Manor High School, she used to have a heroine addiction and was also in jail.

Joshua does not have any contact with his natural father and did not have any such contact at the time of the incidents involved in this case.  His sister is no longer using heroine or any illegal drugs, and is now married with a family.  Although Joshua did treat with his therapist, Hubert Wood, MS, LPC, before the incidents in this case and his natural father and sister were discussed, that prior treatment had no bearing on the treatment that occurred after the incidents in this case.  See, Report of Hubert Wood dated October 13, 2003, attached hereto as Exhibit "A".

## II.     LEGAL ARGUMENT

Plaintiffs object to such testimony and the introduction of any exhibits providing said information as clearly being unfairly prejudicial during this trial.  Federal Rule of Evidence 401 states that "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Federal Rule of Evidence 402 states that "evidence which is not relevant is not admissible."

Any testimony or exhibits offered by Defendants at the time of trial concerning Joshua's natural father and/or his sister is clearly not relevant evidence and should be precluded in accordance with the Federal Rules of Evidence.  As stated, Joshua does not have any contact with his natural father and did not have any such contact at the time of the incidents involved in this case.  His sister is no longer using illegal drugs and now has a family.  Neither Joshua's natural father nor his sister will be testifying at trial, as they were not involved in this case or any of the circumstances surrounding the incidents in this case.  Furthermore, Joshua's therapist asserts no link between his prior treatment of Joshua and the treatment that occurred after the incidents in this case.  See, Exhibit "A".  Clearly, the details involving Joshua's natural father being in prison, his prior use of drugs and alcohol and his membership in the Pagans, as well as his sister being in trouble, having a heroine addict and being in jail in the past have no bearing on any fact in the instant case and will only serve, if admitted, to unfairly prejudice Joshua and his family in the eyes of the jury.

Defendants' psychologist, Gerald Cooke, Ph.D., mentions in his report some information about Joshua's natural father, but he uses none of that information in his opinions and conclusions about Joshua's emotional state presently or right after the incidents in this case. See, Report of Gerald Cooke, Ph.D. dated November 21, 2003, attached hereto as Exhibit "B". All evidence concerning Joshua's natural father's acts and sister's past conduct will not make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. This evidence has no relevance at all in this case except to unfairly prejudice Joshua and his family and should be precluded.

### III.    CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Honorable Court grant their Motion in Limine and issue an Order precluding all testimony and exhibits concerning all acts of Joshua Shuman's natural father, Gerald Shuman, including but not limited to, his time in prison for attempting to kill another person, his use of drugs and alcohol in the past, and his membership in the Pagans, and/or an Order precluding all testimony and exhibits concerning all prior conduct of his sister, including but not limited to, her trouble while at Penn Manor High School, her heroine addiction and her prior jail time.

Respectfully submitted,

BY:____/s/ Deirdre A. Agnew_____
        DEIRDRE A. AGNEW, ESQUIRE
        Attorney for Plaintiffs
        Goshen Executive Center
        Building 400A
        1450 East Boot Road
        West Chester, PA  19380
        (610) 738-4800
        FAX (610) 738-4898

DATE: February 2, 2004

## CERTIFICATE OF SERVICE

     I, Deirdre A. Agnew, Esquire, hereby certify that on the 2nd day of February, 2004, a true and correct copy of Plaintiffs' Motion in Limine to Preclude All Testimony and Exhibits Concerning the Acts of Joshua Shuman's Natural Father and/or the Prior Conduct of His Sister at the Time of Trial, along with the Brief in Support thereof, were served on Defendants or their counsel via first class, regular mail, postage prepaid, at the following address:

    Ellis H. Katz, Esquire
    Jason R. Wiley, Esquire
    Sweet, Stevens, Tucker & Katz, LLP
    331 Butler Avenue
    P.O. Box 5069
    New Britain, PA  18901


                                              BY:\_\_\_\_/s/ Deirdre A. Agnew_____
                                                      DEIRDRE A. AGNEW, ESQUIRE