**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA SHUMAN,** a minor by and through his mother and natural guardian **TERESA SHERTZER, and TERESA SHERTZER,** individually | : : : : : | **CIVIL ACTION NO. 02-CV-3594** |
| **Plaintiffs** | : : | |
| **v.** | : : : | **(GARDNER)** |
| **PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL BOARD, GARY B. CAMPBELL,** individually and as Superintendent of the Penn Manor School District, **AND DONALD STEWART,** individually and as Acting Superintendent of the Penn Manor School District **AND JANICE M. MINDISH,** individually and as Principal of Penn Manor High School, **AND BRIAN D. BADDICK,** individually and as Assistant Principal of Penn Manor High School, **AND PHILIP B. GALE,** individually and as Dean of Students of Penn Manor High School, **AND CAROLE FAY,** individually and as a teacher and Agriculture Coordinator at Penn Manor High School | : : : : : : : : : : : : : : : : : : : : : : : : : | |
| **Defendants** | : : | |

**DEFENDANTS, PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL BOARD, GARY B. CAMPBELL, DONALD STEWART, JANICE M. MINDISH, BRIAN D. BADDICK, PHILIP GALE, AND CAROLE FAY'S**
<u>**BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE THE REPORT AND TESTIMONY OF EDWARD F. DRAGAN, Ed.D.**</u>

The Defendants, Penn Manor School District, Penn Manor School Board, Gary B.

Campbell, former Superintendent of the Penn Manor School District, Donald Stewart,

Superintendent of the Penn Manor School District, Janice M. Mindish, Principal of Penn

Manor High School, Brian D. Baddick, Assistant Principal of Penn Manor High School, Philip Gale, Assistant Principal of Penn Manor High School, and Carole Fay, teacher and Agriculture Coordinator at Penn Manor High School (hereinafter sometimes collectively referred to as "Defendants"), [1] present the following Brief in support of their Motion in Limine to Preclude the report and testimony of Edward F. Dragan, Ed.D,:

## I.    Factual and Procedural Background

Plaintiffs' allegations arise from inappropriate sexual contact between the minor Plaintiff, Joshua Shuman, and another student, Olivia Becker on December 7, 2001. (Plaintiffs' Complaint, paragraphs 14-16). Following an investigation, Mr. Shuman was suspended from school for 4 days, from December 11, 2001 through December 14, 2001. (Complaint, paragraph 24).

On June 5, 2002, Plaintiffs, Joshua Shuman, and his mother, Teresa Shertzer, filed this Federal Complaint against the Defendants. The Plaintiffs assert the following claims against the Defendants:

(1)    Violation of the Civil Rights Act (42 U.S.C. § 1983) (Count I);
(2)    Violation of the Civil Rights (Count II);
(3)    Violation of Plaintiffs' Substantive Due Process Rights (Count III);
(4)    Violation of Plaintiffs' Procedural Due Process Rights (Count IV);
(5)    Violation of Plaintiffs' Fourth Amendment Rights (Count V);
(6)    Violation of Plaintiffs' Right to Equal Protection of the Law (Count VI);
(7)    Violation of Plaintiffs' First Amendment Rights (Count VII);
(8)    Intentional Infliction of Emotional Distress (Count VIII);
(9)    Negligence (Count IX);
(10)   Negligent Infliction of Emotional Distress (Count X) (withdrawn by Plaintiffs in their Brief in Opposition to Defendants' Motion for Summary Judgment); and

---

[1]      C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki, were each individually named defendants in Plaintiffs' Complaint. By Stipulation of the parties dated November 4, 2003 and Court Order dated November 10, 2003, each of these defendants were voluntarily dismissed from this case.

(11)    Punitive Damages (Count XI).

The parties completed discovery October 31, 2003.  (Docket Entry No. 21).  On or about October 31, 2003, the Plaintiffs presented a report of Edward F. Dragan, Ed.D. (See, Report and Curriculum Vitae of Dr. Dragan, attached as Exhibit "A").

The Defendants now present this motion in limine to preclude the report, supplemental report, and testimony of Edward F. Dragan, Ed.D., for the reasons set forth below.

## II.    <u>Argument</u>

Edward Dragan has a doctorate in education.  (See, Exhibit "A").  He has a background as a teacher and administrator at various schools in New Jersey.  (<u>Id.</u>).  He currently operates a business known as Education Management Consulting, LLC, in Lambertville, New Jersey.  (<u>Id.</u>).

Dr. Dragan was retained by the Plaintiffs to "render an opinion as to whether the Penn Manor School District (District), through its employees, acted within the standard of professional care in the field of education and education administration and supervision regarding Joshua Shuman."  (Exhibit "A", page 2).  Dr. Dragan states that his "opinions are based upon standards articulated by the State of Pennsylvania and the District as well as common and accepted practices in these disciplines."  (<u>Id.</u>).

Dr. Dragan concludes that, "the District, through its employees, breached the standard in the field of education administration and supervision."  (Exhibit "A", page 30; see also, pages 5-6, "Summary of Opinions).

A.    **Rule 702**

Dr. Dragan's report consists entirely of legal conclusions.  He concludes that the District "failed to act within the standard of professional care", "breached the standard in the field of education", "subjected Joshua to unfair and mistaken exclusion from the educational process", suspended Joshua without sufficient evidence, and "breached its duty to thoroughly investigate the complaint against Joshua."  (See, Exhibit "A", pages 5-6, "Summary of Opinions"; see also, pages 29-31, "Conclusion").

The conclusions and opinions offered by Dr. Dragan are improper legal conclusions which will not "assist the trier of fact to understand the evidence or determine a fact in issues."  Fed. R. Evid. 702.

Rule 702 of the Federal Rules of Evidence provides that,

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed.R.Evid. 702.  The Court must find that the testimony of the expert will be reliable and that the testimony will assist the trier of fact.  Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); In re Unisys Savings Plan Litigation, 173 F.3d 145 (3d Cir. 1999); In re Paoli R.R. Yard Litigation, 35 F.3d 717 (3d Cir. 1994).  A recent Supreme Court decision refers to the District Court's "gatekeeper" role of screening expert evidence to ensure that it is relevant and reliable.  General Electric Co. v. Joiner, 522 U.S. 136, 118 S.Ct. 512, 517, 139 L.Ed.2d 508 (1997) (emphasis added).  This "gatekeeping" function is applicable to technical and other specialized expert testimony, in addition to the testimony of scientific experts.  Kuhmo Tire Co. v. Carmichael, ___ U.S. ___, 119 S.Ct. 1167, 1174, 125

L.Ed.2d 469 (1993); <u>Blue Dane Simmental Corp. v. American Simmental Assn</u>, 178 F.3d

1035 (8th Cir. 1999).  It is within the District Court's discretion to preclude an expert

witness.  <u>In re Unisys Savings Plan Litigation</u>, 173 F.3d 145 (3d Cir. 1999).

Expert testimony on points of law is largely inadmissible because it is not helpful

under Rule 702.  <u>See</u> <u>e.g.</u>, <u>Aquilar v. International Longshoreman's Union Local No. 10</u>,

966 F.2d 443, 447 (9th Cir. 1992) (finding that reasonableness and foreseeability of

plaintiff's reliance were matters of law for court's determination and therefore were

inappropriate subjects for expert testimony); <u>United States v. Scop</u>, 846 F.2d 135, 139

(2d Cir. 1988) (holding that Rule 704 was not intended to allow experts to offer opinions

embodying legal conclusions); <u>Marx & Co. v. Diners' Club, Inc.</u>, 550 F.2d 505, 509-10

(2d Cir. 1977) (expert's testimony consisting of legal conclusions construing contract was

inadmissible); <u>Torres v. County of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985 (holding

that expert testimony couched in terms of a legal conclusion is not helpful to the jury).[2]

Dr. Dragan's offers opinions on pure questions of law that is not helpful and

interferes with the Court's responsibility and clouds or confuses the issues for the jury. [3]

<u>United States v Weitzenhoff</u>, 1 F3d 1523, 1531-1532 (9th Cir. 1993) (admitting expert

testimony on "contested issues of law" instead of instructing the jury was manifest error);

<u>Aguilar</u>, 966 F2d at 447; <u>Hygh v Jacobs</u>, 961 F2d 359, 363 to 364 (2d Cir. 1992) (in suit

alleging that police officer used excessive force, error to admit testimony by professor

---

[2]     Due to the lack of Third Circuit precedent on this issue, Defendants request that
the Court consider the well-reasoned decisions of the other Circuits cited herein.
[3]     Specifically, Dr. Dragan offers an opinion on the reasonableness of the
Defendants' purported seizure of Mr. Shuman.  The reasonableness of a Fourth
Amendment seizure is purely a legal question to be decided by the Judge, not by a jury.
<u>Bolden v SEPTA</u>, 953 F.2d 807, 822-823 n.23 (3d Cir. 1991), <u>cert.</u> <u>denied</u>, 504 U.S. 943,
112 S.Ct. 2281 (1992).

who was expert in law enforcement that communicated legal standard to jury; <u>United States v Jungles</u>, 903 F2d 468, 477 (7th Cir. 1990) (no error to exclude defense expert testimony that would have included "a recitation of legal principles"); <u>Shahid v Detroit</u>, 889 F2d 1543, 1547 to 1548 (6th Cir. 1989) (in wrongful death suit arising out of death of jail inmate, no error to exclude expert testimony that police department procedure was negligent, which was a legal conclusion; witness should not instruct jury on applicable principles of law); <u>Northern Heel Corp. v Compo Industries, Inc.</u>, 851 F2d 456, 468, (1st Cir. 1988) (court may exclude expert testimony that "purports to embrace legal standards" when it would likely fail to assist trier); <u>F.H. Krear & Co. v Nineteen Named Trustees</u>, 810 F2d 1250, 1258 (2d Cir. 1987) (judges and not witnesses instruct jury on matters of law); <u>United States v Zipkin</u>, 729 F2d 384, 386 to 387 (6th Cir. 1984) (court determines law, and this function cannot be delegated to jury through testimony on controlling legal principles); <u>United States v Milton</u> 555 F2d 1198, 1203 (5th Cir. 1977) (while FRE 704 abolishes per se rule against testimony on ultimate issues of fact, courts "must remain vigilant" against testimony giving legal conclusions, and expert may not substitute for court in charging jury on applicable law)

Dr. Dragan also offers opinions on mixed questions of law and fact, or the application of law to fact. Such testimony amounts to an inappropriate attempt to tell the jury what verdict to reach. The evidence is ample and the jury is expected to make that same kind of evaluation that Dr. Dragan has made, and can do so competently. The report and testimony of Dr. Dragan is, therefore, unhelpful. <u>Estes v Moore</u>, 993 F2d 161, 163 (8th Cir. 1993) (in civil rights suit, court properly excluded expert testimony that there was no probable cause for arrest, which would have stated legal conclusion);

Montgomery v Aetna Casualty & Surety Co., 898 F2d 1537, 1540 to 1541 (11th Cir. 1990); Andrews v Metro N. C. R. Co., 882 F2d 705, 709  (2d Cir. 1989) (in personal injury suit by plaintiff struck by train while intoxicated and walking along tracks, court erred in letting forensic engineer testify that plaintiff was reasonable and defendant was negligent; problem with expert legal conclusions is that witness may convey unexpressed and erroneous standard); Scop, 846 F2d at 137 to 138 (in trial for mail fraud arising out of stock offering, reversible error to let SEC investigator testify that defendants engaged in "manipulative and fraudulent scheme," which conveyed legal conclusions); United States v Ellsworth, 738 F2d 333, 336 and n 4 (8th Cir. 1984), cert den. 469 US 1042, 83 L Ed 2d 415, 105 S. Ct. 528 (court properly excluded testimony by psychiatrist that defendant had what he variously described as good faith, conscientious, genuine or true belief that income tax was voluntary); Stoler v Penn Cent. Transp. Co., 583 F2d 896, 898 to 899 (6th Cir. 1978) (in suit arising from nighttime car-train collision, no abuse of discretion under FRE 704 to exclude testimony by civil engineer that crossing was extra hazardous, which would mean under applicable law that railroad must take additional precautions, for testimony amounted to legal opinion).

Because Dr. Dragan's report consists of legal conclusions and mixed conclusions of fact and law, it is respectfully requested that his report and testimony be excluded pursuant to Rule 702 of the Federal Rules of Evidence.

**B.    Rule 401, 402 and 403**

Furthermore, even if Dr. Dragan's report did not consist of improper legal conclusions, his opinions are not relevant to the claims presented in the Plaintiffs' Complaint.  Evidence introduced at trial must be relevant. Fed. R. Evid. 401, 402.

Relevant evidence is that evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401.  Whether to exclude evidence as irrelevant is within the sound discretion of the court. <u>Abrams v. Lightolier, Inc.</u>, 50 F.3rd 1204, 1213 (3d Cir. 1995).

In support of his conclusion that the District "breached its standard", Dr. Dragan relies on the Pennsylvania Code and the Penn Manor School District Policy Manual. Even if Dr. Dragan were correct, violations of the Pennsylvania Code or the District's own Policy Manual does not support any claims in Plaintiffs' Complaint. <u>See</u>, <u>Patterson v. Armstrong County Children and Youth Services</u>, 141 F.Supp.2d 512, 537 (W.D. Pa. 2001) (constitutional claims are defined by federal law, not by state law or regulations), <u>citing</u> <u>Davis v. Scherer</u>, 468 U.S. 183, 194, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).  <u>See also</u>, <u>Pennhurst v. Halderman</u>, 465 U.S. 89, 106, 104 S.Ct. 900 (1984).

Moreover, even if the Plaintiffs were able to prove that the District violated the Pennsylvania Code and/or the District Policy Manual, the Pennsylvania Code and the District's policy manual establish no private cause of action.  <u>See</u> <u>Whipple v. Warren County School District</u>, 133 F.Supp.2d 381, 383 (W.D. Pa. 2000)(refusing to find an independent cause of action under the Pennsylvania Code where the plaintiff did not cite, nor did the court find, a particular provision of the state regulations which would permit a private cause of action).

Finally, permitting Dr. Dragan to testify that, in his opinion, the Defendants have violated the Pennsylvania Code and the District Policy Manual would be prejudicial to the Defendants and would confuse the issues for the jury.  Rule 403 of the Federal Rules

of Evidence bars testimony that would cause unfair prejudice or confusion of issues for the jury.

Therefore, because Dr. Dragan's report is irrelevant to the claims presented in Plaintiffs' Complaint and because the report causes unfair prejudice and would likely confuse the issues for the jury, it is respectfully requested that the report and testimony of Dr. Dragan be barred.

**III.    Conclusion**

The Defendants respectfully request that Plaintiffs be precluded from presenting the report, supplemental report, and testimony of Edward F. Dragan, Ed.D., at the time of trial.

Respectfully submitted:

**SWEET, STEVENS, TUCKER & KATZ LLP**

Date:  February 2, 2004        By:      /s/ Jason R. Wiley

**Jason R. Wiley, Esquire**, Atty I.D. #79478
331 Butler Avenue, P.O. Box  5069
New Britain, Pennsylvania  18901
215-345-9111

Attorney for Defendants
Penn Manor School District, Penn Manor School Board, Gary B. Campbell, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSHUA SHUMAN,** a minor by and through his mother and natural guardian **TERESA SHERTZER, and TERESA SHERTZER,** individually : : : : : | **CIVIL ACTION NO. 02-CV-3594** |

**JOSHUA SHUMAN,** a minor by and<br>
through his mother and natural guardian :<br>
**TERESA SHERTZER, and TERESA** :<br>
**SHERTZER,** individually :  **CIVIL ACTION NO. 02-CV-3594**<br>
 :<br>
   **Plaintiffs** :<br>
  **v.** :<br>
 :  **(GARDNER)**<br>
**PENN MANOR SCHOOL DISTRICT,** :<br>
**PENN MANOR SCHOOL BOARD,** :<br>
**GARY B. CAMPBELL,** individually and as :<br>
Superintendent of the Penn Manor :<br>
School District, :<br>
**AND** :<br>
**DONALD STEWART,** individually and as :<br>
Acting Superintendent of the Penn Manor :<br>
School District :<br>
**AND** :<br>
**JANICE M. MINDISH,** individually and as :<br>
Principal of Penn Manor High School, :<br>
**AND** :<br>
**BRIAN D. BADDICK,** individually and as :<br>
Assistant Principal of Penn Manor High :<br>
School, :<br>
**AND** :<br>
**PHILIP B. GALE,** individually and as Dean :<br>
of Students of Penn Manor High School, :<br>
**AND** :<br>
**CAROLE FAY,** individually and as a teacher :<br>
and Agriculture Coordinator at Penn Manor :<br>
High School :<br>
 :<br>
   **Defendants** :<br>

**DEFENDANTS, PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL
BOARD, GARY B. CAMPBELL, DONALD STEWART, JANICE M. MINDISH,
BRIAN D. BADDICK, PHILIP GALE, AND CAROLE FAY'S**

10

## <u>CERTIFICATE OF SERVICE</u>

I, Jason R. Wiley, Esquire, hereby certify that the attached Defendants, Penn Manor School District, Penn Manor School Board, Gary B. Campbell, Donald, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay's Brief in Support of its Motion in Limine to Preclude the Report and Testimony of Edward F. Dragan, Ed.D. and Brief in Support thereof were served *via* first class mail, upon the following:

Deirdre A. Agnew, Esquire
Goshen Executive Center, Bldg 400A
1450 East Boot Road
West Chester, Pennsylvania 19380

SWEET, STEVENS, TUCKER & KATZ LLP

Date: <u>February 2, 2004</u>            By:_____<u>/s/ Jason R. Wiley</u>_____
Jason R. Wiley, Esquire, Atty I.D. #79874
331 Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania 18901

Attorney for Defendants,
Penn Manor School District, Penn Manor School Board, Gary B. Campbell, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay.