IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>　　　　　　　Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**PLAINTIFFS' TRIAL MEMORANDUM**

**I.　JURISDICTION**

　　　This case is a Civil Rights action under § 1983, where Plaintiffs allege that their rights under the First, Fourth and Fourteenth Amendments were violated by Defendants' conduct arising out of the investigation, detention, interrogations and discipline of Joshua Shuman beginning on December 10, 2001, continuing throughout that week until the reinstatement

conference on December 14, 2001, and continuing through January, 2002. In addition, Plaintiffs have a claim for Intentional Infliction of Emotional Distress against Defendants Mindish, Baddick, and Gale, and a claim for Negligence against Defendants Mindish, Baddick, Gale, Fay and Stewart. The District Court has subject matter jurisdiction over Plaintiffs' Civil Rights, Constitutional and state tort law claims pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3) and 42 U.S.C. § 1983.

## II.    FACTS

Plaintiff, Teresa Shertzer, is the parent of Plaintiff, Joshua Shuman, a minor, now 17 years of age. At the time this Complaint was filed, Joshua Shuman was in the 10th grade at Penn Manor High School. On December 7, 2001, Joshua was attending school. During what are known as "second block" and "third block," he and another student, Olivia Becker, began to flirt with each other and began to touch each other. Ms. Becker was laughing about the touching and engaging in the conduct herself, willingly. She even encouraged Joshua to touch her and rubbed Joshua's private area over his clothing. The entire class was present, as was a substitute teacher, Mrs. Myers. There was never any complaint by Ms. Becker, or any disruption of the class. Two other students in class that day, Jeremy Fritsch and Jay Shaiebly, saw some of the contact and confirm Joshua's version of events – that the touching was consensual. Afterwards, Ms. Becker claimed that the touching was against her will.

On December 10, 2001, Joshua was called into the school office by Mr. Gale and told only that Ms. Becker claimed he had physically forced his hand on her sexually and that she was very upset about it. Joshua explained what had actually occurred, but since the claims did not match, Joshua was detained in a room by himself where he stayed for about 3 and ½ hours, leaving only to get water and to eat lunch by himself (with the administrators present) and then returning. Mr. Gale interrogated him two other times, once along with Mr. Baddick, told Joshua there were no witnesses, and then informed that he would be suspended for 4 days. During the interrogations, Joshua was threatened with police involvement and believed he was being pressured to change his version of events. Joshua was never told what Ms. Becker claims he did to her or the names of any potential witnesses.

Mr. Gale claims he spoke to 3 or 4 witnesses, who were identified by Ms. Becker, and that they saw nothing – Shawn Bachman, Jennifer Nickle, Dusty Lewis and Jay Shaiebly. However, 3 of the witnesses deny ever being spoken to. The fourth witness died before this case began. Furthermore, Jay Shaiebly did witness some of the contact and confirmed Joshua's claims. Although Joshua told Mr. Gale the names of 3 students in the class sitting near him – Ben Railing, Chris Enterline and Jeremy Fritsch – Mr. Gale never spoke to any of those students. Mr. Fritsch actually approached a teacher, Ms. Fay, while Joshua was out on suspension and told her that the contact was consensual and that Ms. Becker was touching Joshua, willingly. Ms. Fay told him that there was nothing she could do about it and said just forget it. Ms. Fay never told any administrators about Mr. Fritsch. Plaintiffs did not learn that Mr. Fritsch was a witness until after Joshua returned from suspension on December 17, 2001.

Joshua's mother was called after Joshua had been interrogated and after he had been detained for about 3 hours. He only told her that Joshua was involved in "inappropriate touching," but would not tell her who the other student was or exactly what her son was being accused of. He simply refused to answer he questions and told her the information was confidential. She arrived to pick up Joshua at approximately 2:00 p.m. She even called Mr. Gale the next day and asked the same questions. Mr. Gale still refused to tell her.

Joshua's mother was sent a letter from Mr. Gale dated December 10, 2001 informing her of Joshua's suspension. The letter states the reason for the suspension is "Sexual harassment. More specifically: Inappropriate conduct." This letter was the first time the term "sexual harassment" had ever been used to Joshua or to his mother. The letter advised Mrs. Shertzer to call the school office to schedule a reinstatement conference. There is no mention of any informal hearing and no notice for an informal hearing was ever received by Plaintiffs. A reinstatement conference was held on December 14, 2001, and present from the school were Mr. Gale and Ms. Mindish. Plaintiffs were informed that it was not an informal hearing and were not permitted to ask questions or call witnesses. No informal hearing has ever been held.

Joshua returned to school on December 17, 2001, but due to the incessant teasing and threats by other students, he left school after lunch and walked all the way home. The teasing

3

continued until the end of the school year. He left Penn Manor for the eleventh grade and attended the 21st Century Cyber Charter School. He has since returned for his senior year.

On January 16, 2002, Mrs. Shertzer went to the school to view the Policy Manual and to see her son's disciplinary record while she was there. Mr. Gale brought her an empty manila folder at first and upon further questioning, Ms. Mindish got involved. Ms. Mindish's voice got loud and she got physically close to Mrs. Shertzer and then left only to return with the December 10, 2001 letter previously sent to Mrs. Shertzer. She was also thereafter shown a blue card setting forth Joshua's prior detention. Mr. Gale originally stated that he had notes but Mrs. Shertzer was no allowed to see them. Later in the conversations, Mr. Gale said that there was no documentation of the investigation of the incident.

On January 24, 2002, Plaintiffs, through counsel, wrote to the Superintendent of the School District, pointing out the failure to provide an informal hearing, the improper detention and interrogation of Joshua and the failure to properly investigate the allegations of Ms. Becker. Although there is no time set for filing an appeal with the Superintendent, he responded by stating that the request was untimely and would take no action. Joshua also submitted his own complaint against Ms. Becker at the school for bringing a false accusation against him, but no action has ever been taken on it. Despite evidence that Ms. Becker engaged in the same conduct as Joshua, she was never disciplined.

As a result of the actions of Defendants, Joshua began to treat with his therapist, Hubert Wood, MS, LPC. Mr. Wood opines that since the incident in December 2001, Joshua appears more cautious and less willing to take appropriate risks. He also finds Joshua less trusting of people in authority, and that he worries in the future, that his version of things may not be taken into account as strongly as other people's. In addition, he finds Joshua more guarded and protective of himself now and although his feelings will continue, Mr. Wood finds that over time, they will become less severe. Mrs. Shertzer confirms that Joshua now needs continual positive reinforcement that she and his stepfather believe what he is saying. Also as a result of these occurrences, Mrs. Shertzer has suffered out of pocket expenses for medical treatment for her son, education costs, and lost work, as well as pain and suffering to herself in

4

observing her son and his situation and having to take on an additional role as her child's sole support system.

**III.    EXHIBITS**

    **A.    Exhibits Intend to Use**

P-1     General Diagram of classroom

P-2     Handwritten statement by Joshua (previously marked Shuman-2)

P-3     Joshua's diagram (previously marked Shuman-1)

P-4     Letter to Mrs. Shertzer dated December 10, 2001 (previously marked Mindish-2)

P-5     Reinstatement of Suspended Student form (previously marked Mindish-3)

P-6     Penn Manor Policy Manual

P-7     Penn Manor Administrative Handbook

P-8     Joshua's Student Handbook 2001-2002

P-9     Joshua's Student Handbook 2003-2004

P-10    Statement of Jeremy Fritsch (previously marked Fritsch-1 and Mindish-6)

P-11    Joshua's Complaint against Ms. Becker (previously marked Mindish-4)

P-12    Disciplinary card for Joshua from 10th grade

P-13    Disciplinary card for Ms. Becker for 11th grade

P-14    List of Students in class along with other disciplines (4 pages) (previously marked Mindish-5)

P-15    Letter from Attorney Henderson dated March 14, 2002 with attached Memorandum

P-16    Letter to Gary Campbell dated 1/24/02 with attachment (previously marked Stewart-1)

P-17    Letter from Solicitor on behalf of Superintendent dated 2/12/02 (previously marked Stewart-2)

P-18    Summary of Events in Josh Shuman case (previously marked Mindish-1)

P-19    Mr. Gale's two pages of handwritten notes

P-20    Student file on Ms. Becker

P-21  C.V. of Hubert R. Wood, MS, LPC

P-22  Report of Hubert Wood dated October 13, 2003

P-23  Supplemental Reports of Hubert Wood dated October 27, 2003 and February 5, 2004

P-24  Bills/Statement of charges of Hubert Wood

P-25  C.V. of Edward F. Dragan, Ed.D, MEL, CMC, CPM

P-26  Report of Dr. Dragan dated October 30, 2003

P-27  Supplemental Report of Dr. Dragan dated November 12, 2003

P-28  Joshua's report card from Cyber School for 11th grade

P-29  Joshua's report cards from Penn Manor for 9th, 10th and 12th grades

P-30  Lost wages and expenses chart prepared by Mrs. Shertzer

P-31  Damages chart prepared by counsel

**B.   Exhibits May Use if Need Arises**

P-32  Treatment Notes of Hubert Wood

P-33  Diagram prepared by Jay Shaiebly (previously marked Shaiebly-1)

P-34  Diagram prepared by Olivia Becker (previously marked Becker-1)

P-35  Diagram prepared by Jennifer Nickle (previously marked Nickle-1)

P-36  Diagram prepared by Carole Fay (previously marked Fay-1)

P-37  Diagram prepared by Jeremy Fritsch (used Fay-1, but modified)

P-38  12 Student statements of students who did not witness any events

Plaintiffs reserve the right to use any sworn testimony in the form of deposition testimony and/or answers to interrogatories for refreshing the recollection of any witness or for impeachment purposes.  Plaintiffs further reserve the right to amend this list up to the time of trial.

Plaintiffs reserve their right to use any exhibit identified by Defendants as well as any document exchanged during discovery in this case.

IV. **EXPERT WITNESSES**

    A.    Hubert R. Wood, MS, LPC
           Life Span Psychological Services
           2819-0 Willow Street Pike
           Willow Street, PA  17584

           Expert and Fact Witness as he is Joshua's treating therapist/counselor

           Curriculum vitae is attached hereto as Exhibit "A"

    B.    Edward F. Dragan, Ed.D.
           Education Management Consulting, LLC
           24 Arnett Avenue, Suite 102
           Lambertville, NJ  08530

           Expert in the fields of education and education administration and supervision, including discipline of students

           Curriculum vitae is attached hereto as Exhibit "B"

V. **FACT WITNESSES**

    A.    Joshua Shuman
           239 Sandhill Road
           Conestoga, PA  17516

    Testimony:    Has information relating to contact with Ms. Becker, classroom on 12/7/01, detention and interrogations by administration, failure of Defendants to provide information about what Ms. Becker claimed and their supposed investigation, failure of Defendants to provide him due process, failure of Defendants to investigate matter, suspension, reinstatement conference, his complaint against Ms. Becker, school rumors and teasing and damages.

    B.    Teresa Shertzer
           239 Sandhill Road
           Conestoga, PA  17516

    Testimony:    Has information relating to Joshua's detention and interrogations, contact with administration, failure of Defendants to provide information about Ms. Becker, what Ms. Becker claimed and their supposed investigation, failure of Defendants to provide Joshua due process, failure of Defendants to investigate matter, suspension, reinstatement conference, Joshua's complaint against Ms. Becker, teasing and damages.

    C.    David Shertzer
           239 Sandhill Road
           Conestoga, PA  17516

    Testimony:    Has information relating to suspension, reinstatement conference and contact with administration, Joshua's complaint against Ms. Becker, teasing and damages.

    **D.**    Herbert Henderson, II, Esquire
           36 East King Street
           Lancaster, PA  17602

    Testimony:    Has information relating to reinstatement conference and contact with Solicitor.

    **E.**    Jay Shaiebly
           693 Old Blue Rock Road
           Lancaster, PA  17603

    Testimony:    Has information relating to contact between Joshua and Ms. Becker, classroom on 12/7/01, conversations with Ms. Becker, failure of Defendants to investigate matter, and school rumors and teasing.

    **F.**    Jeremy Fritsch
           10 Orchard Lane
           Conestoga, PA  17516

    Testimony:    Has information relating to contact between Joshua and Ms. Becker, classroom on 12/7/01, failure of Defendants to investigate matter, school rumors and teasing, conversations with administration and Ms. Fay.

    **G.**    Janice Mindish
           1174 Elm Avenue
           Lancaster, PA  17603

    Testimony:    Has information relating to policies and procedures of School District, training of employees, contact between Joshua and Ms. Becker, detention and interrogations of Joshua, decision to discipline, investigation of claims, failure to provide information to Plaintiffs, conversations with Plaintiffs, suspension, reinstatement conference, Joshua's complaint against Ms. Becker, failure to discipline Ms. Becker, and school rumors and teasing.

    **H.**    Philip Gale
           232 Lancaster Avenue
           Quarryville, PA  17566

    Testimony:    Has information relating to policies and procedures of School District, training of employees, contact between Joshua and Ms. Becker, detention and interrogations of Joshua, decision to discipline, investigation of claims, failure to provide information to Plaintiffs, conversations with Plaintiffs, statements to Joshua, suspension, reinstatement conference, Joshua's complaint against Ms. Becker, failure to discipline Ms. Becker, and school rumors and teasing.

**I.**   Brian Baddick
       1950 Barton Drive
       Lancaster, PA  17603

Testimony:   Has information relating to policies and procedures of School District, training of employees, contact between Joshua and Ms. Becker, detention and interrogations of Joshua, decision to discipline, investigation of claims, failure to provide information to Joshua, conversations with and statements to Joshua, suspension.

**J.**   Donald Stewart
       45 Whipporwill Drive
       Lancaster, PA  17603

Testimony:   Has information relating to policies and procedures of School District, training of employees, contact between Joshua and Ms. Becker, detention and interrogations of Joshua, decision to discipline, investigation of claims, failure to provide information to Plaintiffs, suspension, reinstatement conference, Joshua's complaint against Ms. Becker, failure to discipline Ms. Becker, and appeal to superintendent.

**K.**   Carole Fay
       2055 South Forge Road
       Palmyra, PA  17078

Testimony:   Has information relating to policies and procedures of School District, training of employees, suspension, and conversations with Jeremy Fritsch.

**L.**   Shawn Bachman
       326 Peach Bottom Road
       Peach Bottom, PA  17563

Testimony:   Has information relating to contact between Joshua and Ms. Becker, conversations with Ms. Becker, failure of Defendants to investigate matter, and school rumors and teasing.

**M.**   Jennifer Nickle
       1381 Holtwood Road
       Holtwood, PA  17532

Testimony:   Has information relating to conversations with Ms. Becker and Joshua, classroom on 12/7/01, failure of Defendants to investigate matter, and school rumors and teasing.

**N.**   Jeremy Appel
       169 Hilltop Drive
       Conestoga, PA  17516

9

Testimony:   Has information related to class on 12/7/01, conversations with Ms. Becker and Joshua, and school rumors and teasing.

**O.**   Zachary Rankin
141 House Rock Road
Pequea, PA  17565

Testimony:   Has information about another sexual harassment disciplinary matter.

**P.**   Steven Appel
169 Hilltop Drive
Conestoga, PA  17516

Testimony:   Has information about another sexual touching matter.

**Q.**   Olivia Becker
P.O. Box 344
West Willow Road
West Willow, PA   17583

Testimony:   Has information relating to contact between her and Joshua, and conversations with other students and administration.

**R.**   Thomas Becker
22A Nolt Avenue
Willow Street, PA  17584

Testimony:   Has information relating to Olivia Becker and conversations with administration.

**S.**   Hubert R. Wood, MS, LPC
Life Span Psychological Services
2819-0 Willow Street Pike
Willow Street, PA  17584

Testimony:   As set forth above, he was and continues to be treating therapist/counselor of Joshua.

Plaintiffs reserve their right to call any witnesses identified by Defendants as well as rebuttal witnesses.  Plaintiffs further reserve their right to call as witnesses any and all individuals identified during the course of discovery in this matter and reserve the right to amend this list up to the time of trial.

VI. **PLAINTIFFS' DAMAGES**

    A. **Monetary Damages**

        1. Treatment bills from Hubert Wood (to date)      $ 650.00

        2. Education expenses for 11th grade      $ 894.13

        3. Mrs. Shertzer's lost work

                related to school issues      $1,637.19

                related to lawsuit      $2,159.00

        4. Pain and Suffering for Emotional Injuries      ?

        5. Consequential Damages for Constitutional Violations      ?

        6. Punitive Damages      ?

    B. **Non-Monetary Damages**

        1. Injunctive relief declaring that Joshua's discipline was improper and that his school records are expunged of any notation of his suspension and disciplinary action.

VII. **PARTIES**

    A. **When Action Arose**

        1. Penn Manor School District

        2. Penn Manor School Board

        3. Individual Board Members:

            C. Willis Herr
            Richard L. Frerichs
            Jeffrey E. Lyon
            Patrick T. Kline
            Donald H. Anderson
            H. Thomas Herr
            Kelly K. Withum
            Donna Wert
            Jeffrey G. Kreider
            Dolores Warfel
            Steve Skrocki

        4. Gary B. Campbell, Superintendent

    5.    Donald Stewart, Acting Superintendent

    6.    Janice M. Mindish, Principal

    7.    Brian D. Baddick, Assistant Principal

    8.    Philip B. Gale, Assistant Principal

    9.    Carole Fay, Teacher and Agricultural Coordinator

All at address:    2950 Charlestown Road
Lancaster, PA  17603

And:    P.O. Box 1001
Millersville, PA  17551

**B.**    **Presently**

    1.    Penn Manor School District
    2950 Charlestown Road
    Lancaster, PA  17603

    2.    Penn Manor School Board
    2950 Charlestown Road
    Lancaster, PA  17603

    3.    Donald Stewart, Acting Superintendent
    45 Whipporwill Drive
    Lancaster, PA  17603

    4.    Janice M. Mindish, Principal
    1174 Elm Avenue
    Lancaster, PA  17603

    5.    Brian D. Baddick, Assistant Principal
    1950 Barton Drive
    Lancaster, PA  17603

    6.    Philip B. Gale, Assistant Principal
    232 Lancaster Avenue
    Quarryville, PA  17566

    7.    Carole Fay, Teacher and Agricultural Coordinator
    2055 South Forge Road
    Palmyra, PA  17078

VIII.  **TRIAL COUNSEL**

    Deirdre A. Agnew, Esquire
    Law Offices of Deirdre A. Agnew
    1450 East Boot Road
    Building 400A
    West Chester, PA  19380
    (610) 738-4800

IX.  **PROPOSED VOIR DIRE QUESTIONS AND VERDICT SLIP**

    Attached hereto as Exhibits "C" and "D" respectively.

X.  **ESTIMATED TRIAL TIME**

    5 to 6 days

                                    Respectfully submitted,

                                BY:    /s/ Deirdre A. Agnew
                                        DEIRDRE A. AGNEW, ESQUIRE
                                        Attorney for Plaintiffs
                                        Goshen Executive Center
                                        Building 400A
                                        1450 East Boot Road
                                        West Chester, PA  19380
                                        (610) 738-4800
                                        FAX (610) 738-4898

DATE:  February 9, 2004