IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>       Plaintiffs,<br> v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>       Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**ORDER**

   AND NOW, this _____ day of _____, 2004, upon consideration of Defendants' Motion in Limine to Preclude the Report and Testimony of Edward F. Dragan, Ed.D., and the response thereto, it is hereby ORDERED and DECREED that said

Motion is DENIED.  IT IS FURTHER ORDERED and DECREED that Dr. Dragan shall be permitted to testify and utilize his reports as exhibits at the time of trial.

                      BY THE COURT:


                      _____
                      JAMES KNOLL GARDNER
                      UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>       Plaintiffs,<br>   v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>                  Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE THE REPORT AND TESTIMONY OF EDWARD F. DRAGAN, Ed.D.**

   Plaintiffs, Joshua Shuman and Teresa Shertzer, by and through their authorized counsel of record, Deirdre A. Agnew, Esquire, respond to Defendants' Motion in Limine as set forth in the accompanying Brief.  Plaintiffs incorporate herein and respectfully refer this Court to the

attached Brief in Opposition to Defendants' Motion in Limine to Preclude the Report and Testimony of Edward F. Dragan, Ed.D., as well as the record herein.

                                                               BY:   /s/ Deirdre A. Agnew
                                                                       DEIRDRE A. AGNEW, ESQUIRE
                                                                       Attorney for Plaintiffs

                                                                       Goshen Executive Center
                                                                       Building 400A
                                                                       1450 East Boot Road
                                                                       West Chester, PA  19380
                                                                       (610) 738-4800
                                                                       FAX (610) 738-4898

DATE:  February 12, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>　　　　　　　Plaintiffs,<br>　v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>　　　　　　　Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE REPORT AND TESTIMONY OF EDWARD F. DRAGAN, Ed.D.**

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

　　　This case arises out of the improper discipline of Minor Plaintiff, Joshua Shuman, by Penn Manor School District and the school administrators, resulting after contact between Joshua and another student, Olivia Becker, on December 7, 2001. Plaintiffs have the following claims:

1) Violation of Joshua's First Amendment right of access to information when Defendants failed to provide him information to which he was entitled;

2) Violation of Joshua's Fourth Amendment right to be free from unreasonable seizures of his person when Defendants detained him for about 3 ½ hours and interrogated him by threatening police involvement and trying to get him to change his version of events;

3) Violation of Joshua's Fourteenth Amendment right to Due Process before he is deprived of his right to education when Defendants did not provide him with an informal hearing and did not provide him with what he was being disciplined for nor the evidence they had against him;

4) Violation of Joshua's Fourteenth Amendment right to Equal Protection of the laws when Defendants failed to discipline Ms. Becker after they were provided evidence that she had engaged in the same conduct as Joshua, willingly;

5) Intentional Infliction of Emotional Distress against Defendants Mindish, Gale and Baddick;

6) Negligence against the individual Defendants; and

7) Punitive Damages against the individual Defendants.

In support of these claims, Plaintiffs have presented the expert reports of Edward F. Dragan, Ed.D., and intend to call him as an expert witness at the time of trial. A true and correct copy of Dr. Dragan's Report, Supplemental Report, Curriculum Vitae and his Deposition and Trial Testimony List are attached hereto as Exhibit "A", Exhibit "B", Exhibit "C", and Exhibit "D", respectively. Defendants filed a Motion in Limine to preclude his reports and testimony and Plaintiffs oppose the Motion for the reasons set forth below.

## II.     ARGUMENT

As set forth in Dr. Dragan's C.V., he does not just have a doctorate in education as claimed by Defendants. He has Doctorate in Education Administration and Supervision, a Masters in Special Education, a Masters in Education Law, Post-graduate study at a number of Universities in Administration, Education and Student Supervision, as well as Certifications as a School Administrator, Special Educator, Teacher, Management Consultant, and Public Manager.

(Exhibit "C"). In addition, he consults with many schools and agencies about a variety of topics. (Exhibit "C", pages 2-4). Furthermore, he has been Court qualified as an expert in State and Federal Courts in the areas of Education Administration, School Liability, Education, Education Supervision, Student Supervision, and Special Education. (Exhibit "C" and Exhibit "A", page 3). While much of his work has been in New Jersey, certainly not all of it has been, as he has been an expert for cases in Pennsylvania, New York, Iowa, Washington, Maryland, Texas, Florida, Massachusetts, Illinois and Mississippi. (Exhibit "C").

Dr. Dragan concluded in his "Summary of Opinions" that the District, through its employees, failed to act within the standard of professional care. (Exhibit "A", page 5). He went on to state the following in his Summary:

> It is my opinion that the District, through its employees, breached the standard in the field of education and that breach subjected Joshua to unfair and mistaken exclusion from the educational process. My review and analysis of the data indicates that the District's decision, through its employees, to suspend Joshua in this circumstance was not supported by the evidence. The substantial rights of Joshua may have been prejudiced because the District's findings, inferences, and conclusions were unsupported by substantial evidence in view of the entire record that I reviewed. A reasonable administrator faced with the same or similar circumstance would not consider the collected evidence to support a decision to suspend Joshua for four (4) days. The District, through its employees, breached its duty to thoroughly investigate the complaint against Joshua and to provide an opportunity for a factual hearing before excluding him from the educational process for four (4) days. This process would not have cost the District anything and it would not have interfered with the total educational process of the District.

(Exhibit "A", page 5-6). Then Dr. Dragan goes on to set out 16 points as the bases for his conclusions and opinions. (Exhibit "A", pages 6-10). It is important to point out that these opinions are in the "Summary" section of Dr. Dragan's report. They are not meant to stand alone, nor are they intended to be all of his opinions. As is clear in the thorough 32 pages of his report, Dr. Dragan criticizes much of the conduct of the Defendants in this case after reviewing the entire record in this matter, including 12 deposition transcripts.

    A.    **<u>Defendants' Argument Under Rule 702</u>**

Essentially, Defendants claim that Dr. Dragan's report and testimony is inadmissible because he "offers opinions on pure questions of law" and because he "offers opinions on mixed questions of law and fact." (See, Defendants' Brief, pages 5 and 6). It is interesting to point out

that Defendants do not cite to one Third Circuit case in its argument section on either of these points.  Nonetheless, Defendants have mischaracterized Dr. Dragan's report and eventual testimony.

The only opinion Defendants offer in support of their claim that Dr. Dragan "offers opinions on pure questions of law" is apparently related to the reasonableness of the Fourth Amendment seizure of Joshua.  (See, Defendants' Brief, page 5, footnote 3).  There is no mention of any other supposed opinion on "pure questions of law."  Specifically, Dr. Dragan states that "The District, through its employees, and in particular Mr. Gale and Mr. Baddick, acted unreasonably when Joshua was detained and interrogated for a period of three to four hours and threatened with police action."  (Exhibit "A", page 7, number 6).  Again, this statement was made under the "Summary of Opinions" section of the report.  He sets forth the factual bases for this opinion in the "Discussion" section of his report, specifically pages 20-21, where he cites to the record of the case and finds that the detention time was unreasonable and the questioning of Joshua was inappropriate and not acceptable by an administrator in a school setting.  (Exhibit "A", pages 20-21).  Dr. Dragan does not state anywhere in his report that there was a seizure of Joshua under the Fourth Amendment, nor does he give an opinion as to the reasonableness of such a seizure.  Therefore, his opinions are not "pure questions of law" as Defendants claim.

Furthermore, even if the reasonableness of a Fourth Amendment seizure is a legal question to be decided by the judge, as apparently set forth in Bolden v. SEPTA, 953 F.2d 807 (3d Cir. 1991), the findings of fact related to the Fourth Amendment seizure are for the jury.  See, Brown v. Muhlenberg Township, 269 F.3d 205 (3d Cir. 2001).  Given this rule of law, expert testimony specifically about the conduct of these Defendants as compared to the standards for reasonable administrators is admissible and would not be considered opinions on questions of law.  Dr. Dragan's testimony would be helpful to the jury because he has special knowledge, education and experience to be able to discuss the appropriateness and reasonableness of the conduct of Defendants.  This does not mean he is giving opinions about the reasonableness of the seizure of Joshua, just the reasonableness of the conduct of the Defendants in a number of circumstances.

As is evident by his report, there is a lot more to Dr. Dragan's opinions than his statements about Joshua's detention and interrogation.

Additionally, Federal Rule of Evidence 704(a) provides in pertinent part: "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided." Fed.R.Evid. 704(a). As such, any opinions by Dr. Dragan about the reasonableness of the detention and interrogations of Joshua that could be determined to go to the ultimate issue of the reasonableness of his Fourth Amendment seizure must be admitted.

Defendants also claim that Dr. Dragan "offers opinions on mixed questions of law and fact," but offer no example of such opinions. Clearly, Dr. Dragan is permitted to apply the conduct of Defendants to the laws and standards applicable to the field of education administration and student discipline and give opinions about the conduct of the Defendants. Dr. Dragan cites to numerous examples where the Defendants breached standards on pages 6-10 of his report. (Exhibit "A", pages 6-10). His opinions are stated first in his "Summary of Opinions" and then he sets forth the facts on which he relies, as well as some of the standards he applied them to in his "Discussion" section. Nowhere in his report does Dr. Dragan opine that there was a violation the First Amendment right of access to information, the Fourth Amendment right against unreasonable seizures of the person, the Fourteenth Amendment Equal Protection Clause or the Due Process Clause, Intentional Infliction of Emotional Distress or Negligence. Those conclusions will be for the jury after hearing the evidence and hearing the instructions on the law from the Judge. Dr. Dragan simply gives his opinions concerning the conduct of the Defendants at different times as it relates to the standards in the field and the law. These opinions will assist the jury because the jury does not have Dr. Dragan's knowledge, education and experience to know what is appropriate conduct in a school discipline matter. However, his opinions will not tell the jury what verdict to reach. It simply helps them understand the evidence, if the evidence shows that way. However, it will be their job to determine what the evidence actually is and who to believe. Because Dr. Dragan's opinions are proper and not stating legal conclusions, his reports and testimony must be permitted.

B.    **Defendants' Argument Under Rules 401, 402 and 403**

Next, Defendants argue that Dr. Dragan's report and testimony are somehow not relevant to Plaintiffs' claims. In support of that argument, Defendants state that Dr. Dragan relies on the Pennsylvania Code and the Penn Manor School District Policy Manual to reach his conclusions. (See, Defendants' Brief, page 8). While Dr. Dragan does refer to sections in the Pennsylvania Code and the Penn Manor Policy Manual in support of some of his conclusions, he does not do so exclusively. Dr. Dragan also reached the following opinions and conclusions based strictly on the facts of the case and his knowledge, experience, education, and training:

1) that there was a lack of substantial evidence adequately supporting the decision that Joshua sexually harassed Ms. Becker;

2) that the decision to suspend him for four days was not supported by the evidence, was arbitrary and capricious and an abuse of discretion on the part of the staff;

3) that the District, through its employees, and in particular Mr. Gale and Mr. Baddick, acted unreasonably when Joshua was detained and interrogated for a period of three to four hours and threatened with police action;

4) that Mr. Gale failed to conduct an adequate investigation of the charges against Joshua before making a determination to suspend him for four days;

5) that the District, through its employees, breached the standard in the field of education and education administration and student supervision when Mr. Gale failed to inform Joshua that since a suspension of more that three (3) days was being considered, Joshua had the right to talk with and question Olivia;

6) that the District, through its employees, failed to afford Joshua equal treatment by not disciplining Olivia under the same standard as Joshua;

7) that the District, through its employees, did not reasonably consider the fact that Mr. Gale may have accepted fact statements from three students who did not witness the activities in class and then used this alleged student information to help make the decision to discipline Joshua;

8) that the District, through its employees, breached the standard pursuant to the United States Supreme Court decision in Goss v. Lopez when it failed to provide

>    Joshua, who was facing temporary suspension, with an explanation of the evidence that the school administrators claimed they had;
>
> 9)    that the District, through its employees, breached the standard when it failed to provide Joshua and his mother with access to the details of the claim that Olivia was making and failed to supply Ms. Shertzer with even Olivia's name;
>
> 10)    that the District, through its employees, breached their standard when the Superintendent/Acting Superintendent was presented with evidence of potential problems regarding the discipline of Joshua and failed to appropriately act;
>
> 11)    that Mr. Gale and Mr. Baddick made inappropriate comments to Joshua during his detention and interrogation when they threatened police involvement and when Mr. Baddick asked him "did you feel her to get a rise?";
>
> 12)    that Ms. Fay acted inappropriately by failing to go to the administration with Jeremy Fritsch's information.

(Exhibit "A", pages 6-10, 20, 27). As clearly stated in the report, these opinions do not rely on the Pennsylvania Code or the Policy Manual. The only ones that do so rely are some of the opinions concerning the investigative process and Joshua's due process rights. Specifically, they are summarized in the "Summary of Opinions" section, numbers 3, 4, 5, part of 9, 11, 12, and 15. However, even without relying on the Code or the Policy Manual, Dr. Dragan gave opinions regarding the investigation that took place and the process that Joshua was given. As such, his report and eventual testimony is relevant to each and every claim in Plaintiffs' Complaint – violations of the First Amendment, Fourth Amendment, Fourteenth Amendment Due Process, Fourteenth Amendment Equal Protection, Intentional Infliction of Emotional Distress and Negligence. He criticized the conduct of the Defendants from the initial detention and interrogation of Joshua, through the failed investigative process, the failure to inform him and his mother of the charge against him and the evidence that they had, the decision to discipline, the failure to tell the administration of a witness, the failure to equally discipline Olivia Becker and the failure to rectify the problems with Joshua's discipline once evidence was presented in support of Joshua. Dr. Dragan's report supports all of the claims remaining in Plaintiffs'

Complaint even without his opinions relying on the Pennsylvania Code and the Penn Manor Policy Manual.

In addition, even the opinions that do rely on the Pennsylvania Code and Policy Manual are relevant not only to the constitutional claims, but also the claims of intentional infliction of emotional distress and negligence, and he must be permitted to testify about them. As set forth in Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment, Pennsylvania law and the Penn Manor Policy Manual each require that a student be entitled to an informal hearing when a suspension is for more than three days. 22 Pa. Code § 12.6; Exhibit "E", Penn Manor Policy Manual, Section 233, page 1. Both the law and the policy manual recognize that informal hearings are required to ensure that due process requirements are satisfied before a student is suspended from school. 22 Pa. Code §§ 12.6, 12.8; Exhibit "E". According to § 12.8, the following due process requirements are to be observed in regard to the informal hearing:

   a. Notification of the reasons for the suspension shall be given in writing to the parents or guardian and to the student.
   b. Sufficient notice of the time and place of the informal hearing shall be given.
   c. A student has the right to question any witnesses present at the hearing.
   d. A student has the right to speak and produce witnesses on his own behalf.
   e. The district shall offer to hold the informal hearing within the first 5 days of the suspension.

Plaintiffs concede that a violation of the Pennsylvania Code or of the Penn Manor Policy Manual does not alone establish a violation of Due Process. However, the case of Patterson v. Armstrong County Children and Youth Services, 141 F. Supp.2d 512 (W.D. Pa. 2001), recognized that the Pennsylvania statutes in that case were designed, in part, to protect the persons' constitutional rights to due process of law before permitting state interference with rights. 141 F. Supp.2d at 535. In addition, the Court found that, "[w]hile not dispositive, the statutory schemes adopted by the Pennsylvania legislature…are highly *relevant* to this Court's consideration of" the adequacy of the procedures used in that case. Id. at 538. Obviously, the laws and the Manual relevant to the case at hand were drafted for the purpose of protecting the constitutional rights to due process of law. The additional procedural safeguards that the Defendants should have followed in this case are those carefully crafted by the State Agency and

by the Penn Manor School Board. They did so to safeguard the students and their parents by mandating specific procedural requirements. They must have intended that the appropriate school administrators would carry any burden that would come from having to conduct informal hearings in that fashion. These are the same issues discussed in the Patterson case. Patterson v. Armstrong County, 141 F. Supp.2d at 538. Therefore, since the Pennsylvania Code and Penn Manor Policy Manual provisions are *highly* relevant in considering the adequacy of the procedures used, Dr. Dragan's reliance on them in reaching some of his opinions is also relevant and proper.

Defendants have made no argument to preclude the Supplemental Report of Dr. Dragan, attached hereto as Exhibit "B". However, in it, as well, Dr. Dragan opines that based on handwritten notes received from Mr. Gale after the close of discovery, his opinions and conclusions in his original report about the failure of the investigative process are not only confirmed, but also reinforced. (See, Exhibit "B"). He bases his opinions on his own knowledge, experience, education and training, as well as on the provisions of the Policy Manual. The opinions and conclusions in the Supplemental Report are also relevant for the same reasons set forth above. As such, both of his reports and his testimony on all of his opinions must be permitted.

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion in Limine to Preclude the Report and Testimony of Edward F. Dragan, Ed.D. be denied and that Dr. Dragan be permitted to testify at the time of trial on all matters set forth in his Report and Supplemental Report.

                                        Respectfully submitted,

                                        BY:   /s/ Deirdre A. Agnew
                                                DEIRDRE A. AGNEW, ESQUIRE
                                                Attorney for Plaintiffs
                                                Goshen Executive Center
                                                Building 400A
                                                1450 East Boot Road
                                                West Chester, PA  19380
                                                (610) 738-4800
DATE:  February 12, 2004                     FAX (610) 738-4898

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>　　　　　　　Plaintiffs,<br>　v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>　　　　　　　Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**CERTIFICATE OF SERVICE**

　　　　I, Deirdre A. Agnew, Esquire, hereby certify that on the 12th day of February, 2004, a true and correct copy of Plaintiffs' Response to Defendants' Motion in Limine to Preclude the Report and Testimony of Edward F. Dragan, Ed.D., and Brief in Opposition thereto, were served on Defendants or their counsel via first class, regular mail, postage prepaid, at the following address:

Ellis H. Katz, Esquire
Jason R. Wiley, Esquire
Sweet, Stevens, Tucker & Katz, LLP
331 Butler Avenue
P.O. Box 5069
New Britain, PA  18901


                              BY:_____/s/ Deirdre A. Agnew_____
                                    DEIRDRE A. AGNEW, ESQUIRE