# In the Matter of
# Shuman and Shertzer
# v.
# Penn Manor School District, et al.

In the United States District Court
For the Eastern District of
Pennsylvania

Civil Action No. 02-CV-3594

Supplemental
Case Review
and
Consultant Report

Submitted to:
Deirdre A. Agnew, Esq.
Law Offices of Deirdre A. Agnew
1450 East Boot Rd.
West Chester, PA 19380

Completed by:
Edward F. Dragan, Ed.D.
Education Management Consulting, LLC
24 Arnett Ave., Suite 102
Lambertville, NJ  08530

November 12, 2003

| |
|---|
| **Shertzer and Shuman**<br>**v.**<br>**Penn Manor School District, et al.** |

## INTRODUCTION

In accordance with the notice in my expert report on this matter dated October 30, 2003, as a consulting expert on this case, I reserved the right to modify or supplement reports as additional information is made available or as additional tasks are assigned. Such tasks may include, but are not limited to, review of additional records and/or transcripts of depositions, interviews, and research.

On November 6, 2003, I received additional documents not previously provided for review and analysis. Upon my review and analysis of the documents, I have determined that they are significant to my opinions in this case. Therefore, I am submitting this supplemental report.

## GOAL OF THE ASSIGNMENT

The goal of the assignment is to render an opinion as to whether the documents listed in the Consultant's Methodology section below affect the opinions that I made in my report dated October 30, 2003. Another goal of the assignment is to render an opinion as to whether, based upon my background, training, and experience, the documents constitute sufficient investigative documentation concerning the alleged sexual harassment incident between Joshua Shuman and Olivia Becker.

## CONSULTANT'S METHODOLOGY

Before preparing this supplemental report, I reviewed the following additional documents:

2

1. Handwritten document identified as Mr. Gale's notes with the heading "Olivia Becker 10th" at the top; and
2. Handwritten document identified as Mr. Gale's notes with the heading "Jeremy Fritsch" at the top.

## SUMMARY OF OPINIONS

It is my opinion, based upon a reasonable degree of probability in the fields of education and education administration and supervision and student supervision that the District, through its employees, failed to meet the standard of professional care when it responded to the allegations of sexual harassment presented by Olivia. The handwritten document identified as Mr. Gale's notes with the heading "Olivia Becker 10th" at the top only lists information provided by Olivia. There are also names of four students listed on the document. A review of all the documents in this case failed to produce any evidence that any of the four listed student names were interviewed.

The handwritten document identified as Mr. Gale's notes with the heading "Jeremy Fritsch" at the top indicates that Jeremy Fritsch observed behavior contrary to Olivia's verbal allegation. A review of all the documents in this case failed to produce any evidence that this information, known by Mr. Gale, was further investigated.

The documents fail to constitute sufficient investigative documentation. Therefore, my review and analysis of these documents reinforce my opinion that the District, through its employees, breached the standard to investigate Olivia Becker's allegation. Further, my review and analysis of these documents reinforce my opinion that the District, through its employees, breached the standard to continue the investigation once Mr. Gale had notice that a witness contradicted Olivia's allegation.

The District, through its employee, breached the standard in the field of education administration and supervision, and its own standard, by failing to conduct a thorough investigation into the allegations of Olivia on December 10, 2001. The District, through its employee, breached the standard in the field of education administration and supervision, and its own standard, by failing to conduct a thorough investigation following the statements made by Jeremy Fritsch, who indicated that he was an eyewitness to the activities that occurred between Joshua and Olivia.

I base this opinion on the following:

1. My review and analysis of the notes taken by Mr. Gale on December 10, 2001 indicates that the District breached its own standard requiring that the principal "shall" conduct a thorough investigation and "shall" prepare a written report summarizing the investigation and recommending disposition of the complaint. Although the note lists four friends who Olivia talked to, there is no evidence in the record that Mr. Gale, or any other administrator from the school, spoke with any of those students about the allegations. In fact, three of the four individuals whose names appear on Mr. Gale's note could not recall ever being called to the office and interviewed by Mr. Gale or any other administrator. (The fourth student is now deceased.)

2. My review and analysis of the notes taken by Mr. Gale when he interviewed Jeremy Fritsch in late January 2002 indicates that the District, through its employees, breached its own standard to conduct a thorough investigation into the allegation by Olivia, in light of Jeremy Fritsch's observation. Jeremy Fritsch's observation, as recorded by Mr. Gale, raised potential problems regarding the discipline of Joshua. Specifically, this information raised the issue of whether the conduct between Olivia and Joshua was

4

consensual. This information should have caused Mr. Gale to continue the investigation into the allegation of Olivia. Although the note indicates that Jeremy Fritsch stated he saw Olivia pull Joshua's hand to her crotch, there is no indication in the record that Mr. Gale ever continued the investigation in order to substantiate the observation and reach an appropriate decision. Although the note indicates that Jeremy Fritsch said something to Ms. Fay (about his observation) on Monday (following the allegation on Friday), there is no indication in the record that Mr. Gale ever continued the investigation or interviewed Ms. Fay regarding Jeremy Fritsch's statement in order to verify Olivia's allegation and to reach a fair decision.

## DISCUSSION

The standard in the field of education and education administration and supervision prohibits sexual harassment. Whether it is a student or employee complaining, the school is responsible for responding effectively. Once a school has notice of possible sexual harassment of a student, it should take immediate and appropriate steps to resolve the situation. This requires a thorough inquiry or investigation and documentation of the investigation.

The standard in the field regarding witnesses to alleged sexual harassment indicates that the individual who conducts the investigation is to ask the alleged harasser if any witnesses can rebut the allegations. In this situation, neither Mr. Gale nor any other administrator in the District ever asked Joshua to present any witnesses. In fact, Mr. Gale indicated that it was not his role or responsibility to ask Joshua if he had any witnesses.

The standard also indicates that the individual conducting the investigation is to interview any witnesses or others with knowledge of the incident. A review of the new documents verifies that, although Olivia provided the names of four of

5

her friends to whom she described the allegation, neither Mr. Gale nor any other administrator interviewed these students because there are no notes of any witness interviews.

With regard to witnesses, the standard is to ask the witness if he or she knows of the behavior that is the subject of the complaint. The investigator should solicit specific details, including: *"What do you know?" "What incidents did you see?" "Where?" "When?" "Have you seen [the alleged offender] behave this way before?"* The investigator should ask if the witness knows of any other potential witnesses and repeat the process of questioning with those individuals. The investigator should not limit interviews to the individuals identified by the parties. With regard to this case, it appears that neither Mr. Gale, nor any other administrator interviewed anyone other than Olivia and Joshua on December 10, 2001 and Jeremy Fritsch in late January after Joshua was already suspended. When reaching conclusions, the individual should ensure that they are based on careful consideration of the facts. The District, through its employees, created an unfair context wherein a decision to take disciplinary action against Joshua was made before obtaining all the information.

When investigating complaints, the individual investigating should document everything. Detailed notes, including quotes, should be part of the documentation. A review of the documents failed to produce evidence that the District, through its employees, developed detailed notes, including quotes, or that any documentation existed except for the two new documents reviewed for the completion of this supplemental report.

Once an investigation is complete, it is best to document what happened and why. At a minimum, the school should document:
1. the conclusions reached;
2. how the complaint was resolved; and
3. what evidence the conclusions were based upon.

6

  Jeremy Fritsch reported to Mr. Gale, as evidenced by Mr. Gale's handwritten note, that he saw Olivia pull Joshua's hand to her crotch and that he reported this to Ms. Fay. Although Mr. Gale made a note of Jeremy Fritsch's report to him indicating that Jeremy Fritsch saw Olivia pull Josh's hand to her crotch, Mr. Gale provided inconsistent testimony regarding this fact. He indicated that Jeremy Fritsch did not see anything while he was in the class. (Gale 133) This is contrary to his own report of what Jeremy Fritsch reported. With this knowledge, Mr. Gale had the responsibility to continue the investigation by seeking additional witnesses. This should have been accomplished by asking Jeremy Fritsch if he knew of any other students in the class who may have observed the behavior. In addition, Mr. Gale should have approached Joshua and asked him to provide a list of witnesses who may have observed the behavior. He also should have interviewed the substitute teacher. The interviews of named witnesses should have been supplemented by interviews of, at least, a sample of the rest of the students in the class. Detailed notes should have been kept of the questions asked of the witnesses and potential witnesses, and their responses.

  It is likely that, had Mr. Gale continued the investigation based upon the information shared by Jeremy Fritsch, it would have been determined that the actions between Joshua and Olivia were consensual. In response to this conclusion any reasonable administrator under the same or similar circumstances would apply equitable and fair treatment to both students by assigning some form of discipline to both, not just Joshua. Some discipline was warranted to both Joshua and Olivia because of their behavior. That discipline would more appropriately have been detention for both of them rather than suspension for only Joshua for four days. In addition, had the determination been made that the conduct was mutual and consensual any reasonable

administrator under the same or similar circumstances would have expunged the record of the sexual harassment and resulting discipline involving Joshua.

## SUMMARY

My review and analysis of the additional documents strengthens my original opinion that the District, through its employees, failed to take appropriate and reasonable steps to adequately investigate the initial allegation of Olivia and to follow up on additional information from an eyewitness.  It is likely that, had the appropriate and reasonable steps been taken initially, Joshua would not have been suspended for four days.  Further, it is likely that, had the appropriate and reasonable steps been taken when a witness presented new evidence, Joshua's discipline record would have been expunged.

## ATTORNEY INFORMATION

Deirdre A. Agnew, Esq.
Law Offices of Deirdre A. Agnew
1450 East Boot Rd.
West Chester, PA 19380
610-738-4800

## NOTICE

As a consulting expert on this case, I reserve the right to modify or supplement this report, and the opinions herein contained, as additional information is made available or as additional tasks are assigned.  Such tasks may include, but are not limited to, review of additional records and/or transcripts of depositions, interviews, and research.

_____
EDWARD F. DRAGAN, ED.D., MEL, CMC