IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSHUA SHUMAN,** a minor by and through his mother and natural guardian **TERESA SHERTZER, and TERESA SHERTZER,** individually : : : : : : **Plaintiffs,** : v. : : **PENN MANOR SCHOOL DISTRICT,** : **PENN MANOR SCHOOL BOARD,** : **GARY B. CAMPBELL,** individually and as : Superintendent of the Penn Manor : School District, : **AND** : **DONALD STEWART,** individually and as : Acting Superintendent of the Penn Manor : School District : **AND** : **JANICE M. MINDISH,** individually and as : Principal of Penn Manor High School, : **AND** : **BRIAN D. BADDICK,** individually and as : Assistant Principal of Penn Manor High : School, : **AND** : **PHILIP B. GALE,** individually and as Dean : of Students of Penn Manor High School, : **AND** : **CAROLE FAY,** individually and as a teacher : and Agriculture Coordinator at Penn Manor : High School : : **Defendants.** : | CIVIL ACTION NO. 02-CV-3594 (GARDNER) |

**DEFENDANTS, PENN MANOR SCHOOL DISTRICT, PENN MANOR SCHOOL BOARD, DONALD STEWART, JANICE M. MINDISH, BRIAN D. BADDICK, PHILIP GALE, AND CAROLE FAY'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE ALL TESTIMONY AND EXHIBITS CONCERNING THE ACTS OF JOSHUA SHUMAN'S NATURAL FATHER AND/OR THE PRIOR CONDUCT OF HIS SISTER**

The Defendants, Penn Manor School District, Penn Manor School Board, Donald

Stewart, Superintendent of the Penn Manor School District, Janice M. Mindish, Principal

of Penn Manor High School, Brian D. Baddick, Assistant Principal of Penn Manor High

School, Philip Gale, Assistant Principal of Penn Manor High School, and Carole Fay, teacher and Agriculture Coordinator at Penn Manor High School (hereinafter sometimes collectively referred to as "Defendants"),[1] present the following Brief in Opposition to Plaintiffs' Motion in Limine to Preclude All Testimony and Exhibits Concerning the Acts of Joshua Shuman's Natural Father and/or the Prior Conduct of His Sister at the Time of Trial.

I.   **Argument**

Plaintiff, Joshua Shuman, has requested emotional distress damages based upon alleged violations of various constitutional provisions and state laws. (See, Plaintiffs' Complaint and Trial Memorandum). The Plaintiffs' claims arise from an incident of inappropriate sexual contact between the minor Plaintiff, Joshua Shuman, and another student, Olivia Becker on December 7, 2001. (Plaintiffs' Complaint, paragraphs 14-16).

Following an investigation by the Defendants, Mr. Shuman was suspended from school for 4 days, from December 11, 2001 through December 14, 2001. (Complaint, paragraph 24). Mr. Shuman asserts that the investigation and resulting suspension caused him to suffer emotional harm. (See, Complaint and Plaintiffs' Trial Memorandum).

At the time of trial, Defendants intend to present evidence, through Plaintiffs' testimony, Plaintiffs' psychotherapist's testimony, and Plaintiffs' psychotherapy records, that Joshua Shuman's emotional distress, if any, may have been caused by the fact that his sister was a heroin addict and had spent time in jail, and his father is in jail for assault with the intent to kill.

---

[1] C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey G. Kreider, Dolores Warfel, and Steve Skrocki, were each individually named defendants in Plaintiffs' Complaint. By Stipulation of the parties dated November 4, 2003 and Court Order dated November 10, 2003, each of these defendants were voluntarily dismissed from this case. Further, by Stipulation dated February 9, 2004, Defendant Gary B. Campbell was dismissed from the case.

2

To recover emotional distress damages, the Plaintiffs must prove by a preponderance of the evidence that they suffered actual injury resulting from the Defendants' actions. Carey v. Piphus, 435 U.S. 247, 254 (1978). The Plaintiffs must prove the existence, nature and severity of emotional harm. Id.. Possible or speculative harm is not enough. Bolden v. Septa, 21 F.3d 29 (3d Cir. 1994); Gunby v. Pennsylvania Elec. Co., 840 F.2d 1108, 1120-22 (3d Cir. 1988), cert. denied, 492 U.S. 905 (1989). Plaintiffs must establish that there is a "reasonable probability" that damages were in fact incurred and the damages were caused by the Defendants. Spence v. Board of Education, 806 F.2d 1198 (3d Cir. 1986). An award for emotional distress is not warranted if there is insufficient evidence of a causal connection between the Defendants' alleged illegal action and the Plaintiffs' alleged injury. Gunby, supra.

In the year *immediately prior* to the December 7, 2001 incident, Joshua Shuman treated with psychotherapist, Hubert Wood, for adjustment reaction disorder and depression.[2] (See, Hubert Wood's Initial Interview evaluation attached as Exhibit "A"; see also, relevant portions of the Deposition Transcript of Joshua Shuman, attached as Exhibit "B", pages 174-175, 180). On December 19, 2000, Mr. Wood diagnosed Joshua Shuman with adjustment reaction disorder and depression. (Ex. A). Around that time, Joshua Shuman learned that his sister was a heroin addict and was going to jail for possession of drugs and stealing. (See, Ex. B, pages 172-175). Also, Mr. Shuman's father was in jail for assault with the intent to kill. (Ex. A, pages 176-177). Mr. Shuman's mother, Teresa Shertzer, sent her son to the psychotherapist because she was

---

[2] The Plaintiffs have offered Mr. Wood as an expert witness to testify at the trial of this case. (See, Plaintiffs Trial Memorandum).

3

concerned with his ability to emotionally deal with his father and sister's problems. (Ex. B, pages 175, 180).

Thereafter, on December 11, 2001, Mr. Wood saw Joshua Shuman in connection with the events of December 7, 2001. (See, Ex. C). Mr. Wood stated "Diagnosis *continues to be* 309.0 Adjustment Disorder with Depression." (Id.) (emphasis added).

The fact that Joshua Shuman was treating with Mr. Wood in the year immediately before the incident of December 7, 2001; that less than one year prior to the incident, Mr. Wood diagnosed Joshua Shuman with adjustment reaction disorder and depression; and that Mr. Wood's diagnosis did not change after the incident are relevant to the defense of Plaintiffs' request for emotional distress damages. Specifically, the evidence tends to show that some or all of Joshua Shuman's emotional distress was not caused by the Defendants. The evidence, therefore, is relevant and critical to the defense of Plaintiffs' request for emotional distress damages.

## II.  Conclusion

The Defendants respectfully request that Plaintiffs Motion in Limine to Preclude all Testimony and Exhibits Concerning the Acts of Joshua Shuman's Natural Father and/or the Prior Conduct of His Sister, be denied.

Respectfully submitted:

SWEET, STEVENS, TUCKER & KATZ LLP

Date: February 13, 2004     By:  /s/ Jason R. Wiley
Jason R. Wiley, Esquire, Atty I.D. #79478
331 Butler Avenue, P.O. Box 5069
New Britain, Pennsylvania 18901
215-345-9111
215-348-1147 - Facsimile
Attorney for Defendants, Penn Manor School District, Penn Manor School Board, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSHUA SHUMAN,** a minor by and through his mother and natural guardian **TERESA SHERTZER, and TERESA SHERTZER,** individually : : : : : : **Plaintiffs,** : : v. : : : **PENN MANOR SCHOOL DISTRICT,** **PENN MANOR SCHOOL BOARD,** **GARY B. CAMPBELL,** individually and as Superintendent of the Penn Manor School District, **AND** **DONALD STEWART,** individually and as Acting Superintendent of the Penn Manor School District **AND** **JANICE M. MINDISH,** individually and as Principal of Penn Manor High School, **AND** **BRIAN D. BADDICK,** individually and as Assistant Principal of Penn Manor High School, **AND** **PHILIP B. GALE,** individually and as Dean of Students of Penn Manor High School, **AND** **CAROLE FAY,** individually and as a teacher and Agriculture Coordinator at Penn Manor High School : : : : : : : : : : : : : : : : : : : : : : **Defendants.** : | **CIVIL ACTION NO. 02-CV-3594** **(GARDNER)** |

## CERTIFICATE OF SERVICE

I, Jason R. Wiley, Esquire, hereby certify that the attached Defendants, Penn Manor School District, Penn Manor School Board, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay's Brief in Opposition to Plaintiffs' motion in Limine to Preclude all Testimony and Exhibits Concerning the Acts of Joshua

5

Shuman's Natural Father and/or the Prior Conduct of His Sister was served *via* first class mail, upon the following:

> Deirdre A. Agnew, Esquire
> Goshen Executive Center, Bldg 400A
> 1450 East Boot Road
> West Chester, Pennsylvania  19380

SWEET, STEVENS, TUCKER & KATZ LLP

Date:  February 13, 2004              By:   /s/ Jason R. Wiley
                                      Jason R. Wiley, Esquire, Atty I.D. #79478
                                      331 Butler Avenue, P.O. Box  5069
                                      New Britain, Pennsylvania  18901
                                      215-345-9111
                                      215-348-1147 - Facsimile
                                      Attorney for Defendants, Penn Manor School District, Penn Manor School Board, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay.