IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>                Plaintiffs,<br>  v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>                Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**PLAINTIFFS' OBJECTIONS TO ADMISSIBILITY OF DEFENDANTS' EVIDENCE**

      Plaintiffs, Joshua Shuman and Teresa Shertzer, by and through their undersigned counsel, file the within Objections to Admissibility of Defendants' Evidence and in support thereof, assert the following objections:

      1.      Plaintiffs object to the admissibility of Defendants' Exhibit D-11, Jeremy Fritsch Deposition Transcript.  So long as Mr. Fritsch testifies, Plaintiffs concede that the exhibit may be used to impeach or contradict his testimony pursuant to Federal Rule of Civil Procedure 32(a)(1)

and Federal Rule of Evidence 801(d)(1). However, that would not mean that the entire deposition should be admitted. Only the particular part at issue could be used. It is only if a witness is determined to be unavailable under Rule 32 that the deposition transcript may be used "for any purpose." Since it appears at this time that Mr. Fritsch will be testifying at trial, Plaintiffs object to the admissibility of his entire deposition transcript. If he does not so testify, his deposition could be used only if he is found by the Court to be either:

  a. dead; or

  b. at a greater distance than 100 miles from the trial, unless the absence was procured by the party offering the deposition; or

  c. unable to testify because of age, illness, infirmity or imprisonment; or

  d. unable to be subpoenaed; or

  e. that there are exceptional circumstances to allow the deposition to be used.

Fed.R.Civ.P. 32(a)(3). Furthermore, pursuant to Federal Rule of Evidence 804, former testimony is an exception to the hearsay rule only when it is determined that the declarant is unavailable. As such, since Defendants have not established that Jeremy Fritsch is unavailable, his deposition transcript should not be admitted into evidence.

  2. Plaintiffs object to the admissibility of Defendants' Exhibits D-8 and D-12, Joshua Shuman Deposition Transcript and Teresa Shertzer Deposition Transcript. Plaintiffs concede that the exhibits may be used to impeach or contradict their testimony pursuant to Federal Rule of Civil Procedure 32(a)(1) and Federal Rule of Evidence 801(d)(1). However, that would not mean that the entire deposition should be admitted. Only the particular part at issue could be used. Furthermore, pursuant to Federal Rule of Evidence 804, former testimony is an exception to the hearsay rule only when it is determined that the declarant is unavailable. As such, since Plaintiffs are not unavailable and will be testifying at trial, their deposition transcripts should not be admitted into evidence.

  3. Plaintiffs object to the admissibility of Defendants' Exhibit D-15, Report of Dr. Gerald Cooke. The report of Dr. Cooke is hearsay. He must testify to his opinions and their bases for the information to be admissible. Once he testifies, the report should still not be admitted into evidence as his testimony must be what is considered by the jury. It may end up

being inconsistent with the report and/or certain items in the report may be inadmissible due to the pending Motion in Limine Plaintiffs have filed.

4.  Plaintiffs object to the admissibility of any opinion evidence by any of the Defendants themselves – Janice Mindish, Brian Baddick, Philip Gale, Carole Fay, and Donald Stewart.  Pursuant to Federal Rule of Evidence 701, opinion testimony by a lay witness is limited to opinions or inferences which are:

   a. rationally based on the perception of the witness,
   b. helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and
   c. not based on scientific, technical or other specialized knowledge within the scope of Rule 702 (dealing with Testimony by Experts).

Plaintiffs anticipate that Defendants may attempt to testify about issues of liability based on each of their specialized knowledge in the field of education – principal, assistant principal, teacher, and superintendent.  If Defendants attempt to do so, it would be improper opinion testimony by lay witnesses, and in violation of Rule 701.

        Respectfully submitted,


        BY:  /s/ Deirdre A. Agnew
           DEIRDRE A. AGNEW, ESQUIRE
           Attorney for Plaintiffs
           Goshen Executive Center
           Building 400A
           1450 East Boot Road
           West Chester, PA  19380
           (610) 738-4800
           FAX (610) 738-4898

DATE:   February 23, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SHUMAN, a minor by and through his mother and natural guardian, TERESA SHERTZER, and TERESA SHERTZER<br>　　　　　　　Plaintiffs,<br>　　v.<br><br>PENN MANOR SCHOOL DISTRICT,<br>PENN MANOR SCHOOL BOARD,<br>GARY B. CAMPBELL, individually and as Superintendent of the Penn Manor School District,<br>AND<br>DONALD STEWART, individually and as Acting Superintendent of the Penn Manor School District,<br>AND<br>JANICE M. MINDISH, individually and as Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>BRIAN D. BADDICK, individually and as Assistant Principal of Penn Manor High School of the Penn Manor School District,<br>AND<br>PHILIP B. GALE, individually and as Dean of Students of Penn Manor High School of the Penn Manor School District,<br>AND<br>CAROLE FAY, individually and as a teacher and Agriculture Coordinator at Penn Manor High School of the Penn Manor School District,<br>　　　　　　　Defendants. | CIVIL ACTION<br>No. 02-CV-3594<br><br>(GARDNER) |

**CERTIFICATE OF SERVICE**

　　　　I, Deirdre A. Agnew, Esquire, hereby certify that on the 23rd day of February, 2004, a true and correct copy of Plaintiffs' Second Amendment to Trial Memorandum, was served on Defendants or their counsel via first class, regular mail, postage prepaid, at the following address:

4

Ellis H. Katz, Esquire
Jason R. Wiley, Esquire
Sweet, Stevens, Tucker & Katz, LLP
331 Butler Avenue
P.O. Box 5069
New Britain, PA  18901


BY:____/s/ Deirdre A. Agnew_____
     DEIRDRE A. AGNEW, ESQUIRE