IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA SHUMAN, a minor, by | ) | |
| and through his Mother and | ) | Civil Action |
| Natural Guardian, | ) | |
| TERESA SHERTZER; and | ) | No. 02-CV-03594 |
| TERESA SHERTZER, Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PENN MANOR SCHOOL DISTRICT; | ) | |
| PENN MANOR SCHOOL BOARD; | ) | |
| DONALD STEWART, Individually; | ) | |
| JANICE M. MINDISH, Individually; | ) | |
| BRIAN D. BADDICK, Individually; | ) | |
| PHILIP B. GALE, Individually; and | ) | |
| CAROLE FAY, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

*   *   *

APPEARANCES:

DEIDRE A. AGNEW, ESQUIRE,
    On behalf of plaintiffs

JASON R. WILEY, ESQUIRE, and
PETER J. SOLNICK, ESQUIRE,
    On behalf of defendants

*   *   *

OPINION

JAMES KNOLL GARDNER,
United States District Judge

This matter is before the court on Defendants, Penn

Manor School District, Penn Manor School Board, Gary B. Campbell,

Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale,

and Carole Fay's Motion for Summary Judgment, which motion was

filed on December 15, 2003.  For the reasons expressed below, we conclude that defendants are entitled to judgment as a matter of law on all remaining counts of plaintiffs' Complaint.  Therefore, we grant defendants' motion and enter judgment accordingly.

PROCEDURAL BACKGROUND

This civil action arises from plaintiff Joshua Shuman's four-day suspension from Penn Manor High School after being accused of sexually harassing a fellow student, Olivia Becker. On June 5, 2002 plaintiffs filed a Complaint against defendants raising the following claims:

- Count I - Invalidity of Policy Manual and Defendants' Actions Thereto (in violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983);

- Count II - Violation of Civil Rights (42 U.S.C. § 1983);

- Count III - Violation of Plaintiffs' Substantive Due Process Rights (in violation of the Fifth and Fourteenth Amendments);

- Count IV - Violation of Plaintiffs' Procedural Due Process Rights (in violation of the Fifth and Fourteenth Amendments);

- Count V - Violation of Plaintiffs' Fourth Amendment Rights;

- Count VI - Violation of Plaintiffs' Right to Equal Protection of the Law (in violation of the Fourteenth Amendment);

- Count VII - Violation of Plaintiffs' First Amendment Rights;

- Count VIII - Intentional Infliction of Emotional Distress;

- Count IX - Negligence;

- Count X - Negligent Infliction of Emotional Distress; and

- Count XI - Punitive Damages.

Upon consideration of the Motion of Defendants, Penn Manor School District, Penn Manor School Board, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey Kreider, Dolores Warfel, Steve Syrocki, Gary B. Campbell, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip B. Gale, and Carole Fay to Dismiss Portions of Plaintiffs' Complaint ("Motion to Dismiss"), which motion was filed on August 5, 2002, and the Motion of Plaintiffs for Reconsideration and Clarification of the Order of the Honorable James Knoll Gardner Dated June 24, 2003, which motion was filed on July 23, 2003, the undersigned dismissed certain claims and defendants from plaintiffs' Complaint.[1]

---

[1]    The Complaint originally named the following entities and individuals as defendants: Penn Manor School District, Penn Manor School Board, C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey Kreider, Dolores Warfel, Steve Syrocki, each individually and as members of the Penn Manor School Board, Gary B. Campbell, individually and as Superintendent of the Penn Manor School District, Donald Stewart, individually and as Acting Superintendent of the Penn Manor School District, Janice M. Mindish, individually and as Principal of Penn Manor High School of the Penn Manor School District, Brian D. Baddick, individually and as Assistant Principal of the Penn Manor High School of the Penn Manor School District, Philip B. Gale, individually and as Dean of Students of the Penn

(Footnote 1 Continues.)

Remaining for the court's consideration as of this date are the following claims:

- Count II - Violation of Civil Rights (42 U.S.C. § 1983), as raised by plaintiff Joshua Shuman against defendants Penn Manor School District, Penn Manor School Board, Donald Stewart, Janice M. Mindish, Brian D. Baddick and Philip B. Gale, in their individual capacities;

- Count IV - Violation of Plaintiffs' Procedural Due Process Rights (in violation of the Fifth and Fourteenth Amendments), as raised by plaintiff Joshua Shuman against defendants Penn Manor School District, Penn Manor School Board, Donald Stewart, Janice M. Mindish, Brian D. Baddick and Philip B. Gale, in their individual capacities;

- Count V - Violation of Plaintiffs' Fourth Amendment Rights, as raised by plaintiff Joshua Shuman against defendants Penn Manor School District, Penn Manor School Board, Donald Stewart, Janice M. Mindish, Brian D. Baddick and Philip B. Gale, in their individual capacities;

- Count VI - Violation of Plaintiffs' Right to Equal Protection of the Law (in violation of the Fourteenth Amendment), as raised by plaintiff Joshua Shuman against defendants Penn Manor School District, Penn Manor School Board, Donald Stewart, Janice M. Mindish, Brian D. Baddick and Philip B. Gale, in their individual capacities;

---

(Footnote 1 Continued:)

Manor High School of the Penn Manor School District, and Carole Fay, individually and as a Teacher and Agriculture Coordinator of the Penn Manor High School of the Penn Manor School District.

By Orders dated June 24, 2003, October 1, 2003 and November 6, 2003, however, the court dismissed defendants C. Willis Herr, Richard L. Frerichs, Jeffrey E. Lyon, Patrick T. Kline, Donald H. Anderson, H. Thomas Herr, Kelly K. Withum, Donna Wert, Jeffrey Kreider, Dolores Warfel and Steve Syrocki from this action. On February 11, 2004 the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania dismissed defendant Gary B. Campbell from this action by stipulation of the parties.

The defendants remaining in this action are Penn Manor School District, Penn Manor School Board, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip B. Gale and Carole Fay.

- Count VII - Violation of Plaintiffs' First Amendment Rights, as raised by plaintiff Joshua Shuman against defendants Penn Manor School District, Penn Manor School Board, Donald Stewart, Janice M. Mindish, Brian D. Baddick and Philip B. Gale, in their individual capacities;

- Count VIII - Intentional Infliction of Emotional Distress, as raised by plaintiffs Joshua Shuman and Teresa Shertzer against defendants Janice M. Mindish, Brian D. Baddick (as raised by plaintiff Shuman only) and Philip B. Gale, in their individual capacities;

- Count IX - Negligence, as raised by plaintiffs Joshua Shuman and Teresa Shertzer against defendants Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip B. Gale and Carole Fay, in their individual capacities;

- Count X - Negligent Infliction of Emotional Distress, as raised by plaintiffs Joshua Shuman and Teresa Shertzer against defendants Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip B. Gale and Carole Fay, in their individual capacities; and

- Count XI - Punitive Damages, as raised by plaintiffs Joshua Shuman and Teresa Shertzer against defendants Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip B. Gale and Carole Fay, in their individual capacities.

On December 15, 2003 Defendants, Penn Manor School District, Penn Manor School Board, Gary B. Campbell, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay's Motion for Summary Judgment was filed. On January 9, 2004 Plaintiffs' Response to Defendants' Motion for Summary Judgment was filed. With leave of court, Defendants, Penn Manor School District, Penn Manor School Board,

Gary B. Campbell, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay's Reply Brief in Support of Their Motion for Summary Judgment was filed on January 22, 2004.

In their motion, defendants argue that there are no issues of material fact and that they are entitled to judgment as a matter of law on all remaining claims.  Plaintiffs concede that judgment should be entered in favor of Brian Baddick on all First Amendment claims, in favor of Donald Stewart on all Fourth Amendment claims and in favor of all defendants on plaintiffs' claim for negligent infliction of emotional distress.  Plaintiffs argue that issues of material fact preclude the entry of judgment in defendants' favor in any other respect.

For the reasons which follow, we find that there are no issues of material fact precluding the entry of summary judgment in this matter and that defendants are entitled to judgment as a matter of law on all remaining counts of the Complaint.  Thus, we now grant defendants' motion for summary judgment and enter judgment accordingly.

<u>STANDARD FOR SUMMARY JUDGMENT</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that judgment shall be rendered where it is shown that there is "no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Central Pennsylvania Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1102 (3d Cir. 1996). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Once the moving party has established the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the evidence offered by the non-moving party in opposition to a motion for summary judgment is "not significantly probative" the court may enter summary judgment in favor of the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

FINDINGS OF FACT

Based upon the pleadings, record papers, depositions and exhibits of the parties, the undersigned makes the following findings of fact:

1.    On December 7, 2001 an incident involving contact of a sexual nature occurred between plaintiff Joshua Shuman and his classmate Olivia Becker during agricultural science class

conducted at Penn Manor High School.[2]

    2.  On December 10, 2001 Ms. Becker reported to Assistant Principal Philip B. Gale that without her consent plaintiff Joshua Shuman touched her thigh and her crotch and put her hand on his groin during agricultural science class on December 7, 2001.[3]

    3.  At approximately 10:15 a.m. on December 10, 2001 plaintiff Shuman was called down to Mr. Gale's office.[4]

    4.  Mr. Gale asked plaintiff if he knew why he had been called down to the office and informed him that it concerned a situation with Olivia Becker.  Plaintiff Shuman indicated that he understood why he was called to the office.[5]

    5.  Mr. Gale informed Mr. Shuman that Ms. Becker claimed that he forced his hand upon her in a sexual manner and

---

[2]    Deposition of Joshua Shuman ("Shuman Dep."), taken on September 5, 2003, Exhibit B to Defendants, Penn Manor School District, Penn Manor School Board, Gary B. Campbell, Donald Stewart, Janice M. Mindish, Brian D. Baddick, Philip Gale, and Carole Fay's Brief in Support of Their Motion for Summary Judgment ("Defendants' Brief") and Exhibit B to Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Brief"), at pages 47-62.

[3]    Deposition of Philip B. Gale ("Gale Dep."), taken on September 4, 2003, Exhibit D to Defendants' Brief and Exhibit G to Plaintiffs' Brief, at pages 49-50; Deposition of Olivia Becker, taken on October 7, 2003, Exhibit C to Defendants' Brief and Exhibit C to Plaintiffs' Brief, at pages 23-24.

[4]    Shuman Dep. at 76.  There is a dispute as to whether plaintiff was called to the office at 10:15 or 10:30 a.m., as Mr. Gale testified.  Gale Dep. at 55.  We do not find this dispute to be material and, for the purposes of considering defendants' motion for summary judgment, we will accept plaintiff's account that he was called to the office at 10:15 a.m.

[5]    Shuman Dep. at 81.

that she was very upset.[6]

6.    At that initial meeting, Mr. Shuman told Mr. Gale his complete version of the December 7, 2001 incident which he described as consensual conduct between he and Ms. Becker. Mr. Shuman then named several students who were present in the class who may have witnessed something.[7]

7.    Mr. Gale informed Mr. Shuman that his version of events conflicted with Ms. Becker's version because she reported the incident as non-consensual.  This first interview lasted approximately ten to fifteen minutes.[8]

8.    Immediately after interviewing Mr. Shuman, Mr. Gale determined that he would punish Mr. Shuman in some way for the inappropriate touching.  He then asked Mr. Shuman to sit across the hall from his office in a small conference room.[9]

9.    While waiting in the conference room, Mr. Shuman worked on his agricultural science assignments.[10]

10.   Mr. Gale then re-interviewed Ms. Becker after informing her that Mr. Shuman claimed that the incident was

---

[6]      Shuman Dep. at 81-83.

[7]      Shuman Dep. at 81-83, 103-104.

[8]      Shuman Dep. at 81-83, 96.

[9]      Gale Dep. at 61.

[10]     Shuman Dep. at 86.

consensual.[11]

11.   In response, Ms. Becker adamantly denied that the incident was consensual.  She identified three friends in whom she had confided concerning the incident immediately after the incident.[12]

12.   After speaking with Ms. Becker, Mr. Gale returned to Mr. Shuman and informed him that Ms. Becker still claimed that the contact was not consensual.  He further informed Mr. Shuman that he had spoken to other students to whom Ms. Becker had relayed the details of the incident.  This second interview lasted approximately ten minutes.[13]

13.   At approximately 11:30 a.m., Mr. Gale escorted Mr. Shuman to the cafeteria to eat lunch.  No other students were present in the cafeteria at this time.[14]

14.   At approximately 1:00 p.m., Mr. Gale and Mr. Shuman returned from lunch to the small conference room.[15]

15.   After returning from lunch, Assistant Principal Brian D. Baddick along with Mr. Gale questioned Mr. Shuman in the

---

[11]     Gale Dep. at 65.

[12]     Gale Dep. at 65.

[13]     Gale Dep. at 67; Shuman Dep. at 95-96.

[14]     Shuman Dep. at 88-89; Gale Dep. at 62.

[15]     Gale Dep. at 75, 78; Shuman Dep. at 91.

-10-

small conference room for approximately ten minutes.[16]

16.  At approximately 1:15 p.m., Mr. Gale informed Mr. Shuman that he would be suspended for four days from December 11, 2001 through December 14, 2001.  He then called plaintiff's mother Teresa Shertzer to pick him up.[17]


## CONCLUSIONS OF LAW

Applying the summary judgment standard to the issues presented by the parties, we find as follows:

1.    There is no genuine issue as to any material fact precluding this court from entering judgment as a matter of law.

2.    Plaintiff Joshua Shuman has failed to state a claim for or present any evidence of any First Amendment violation.

3.    Defendants' actions in confining Mr. Shuman to a small conference room while investigating the charges brought by Olivia Becker were reasonable and furthered defendants' legitimate government interest in maintaining a school free of misconduct.

---

[16]    Gale Dep. at 79; Shuman Dep. at 93, 127.

[17]    Shuman Dep. at 96-97; Gale Dep. at 91-92.  There is a dispute as to whether plaintiff was informed of his suspension at 1:15 or 1:00 p.m., as Mr. Gale testified.  Gale Dep. at 90-92.  We do not find this dispute to be material and, for the purposes of considering defendants' motion for summary judgment, we will accept plaintiff's account that he was informed of his suspension at 1:15 p.m.

4.    Plaintiffs have presented no evidence demonstrating that defendants intentionally treated Mr. Shuman differently from Ms. Becker because of his sex, as required to support a prima facie case of equal protection violations.

5.    Defendants gave Mr. Shuman oral notice of the charges against him.

6.    Defendants gave Mr. Shuman an explanation of the evidence against him.

7.    Defendants gave Mr. Shuman an opportunity to present his side of the story.

8.    Defendants did not infringe upon Mr. Shuman's procedural due process rights.

9.    Plaintiff's allegations that defendants violated his Fifth Amendment rights fail as a matter of law because plaintiff has presented no evidence that any defendant is a federal actor.

10.    Plaintiff's claims of Fourteenth Amendment violations in Counts IV and VI of the Complaint are duplicative of Count II.

11.    Plaintiff's claims of Fourteenth Amendment violations in Counts IV and VI of the Complaint are impermissibly brought directly under the U.S. Constitution when such claims may only be brought under 42 U.S.C. § 1983.

12.   Plaintiff's claims of Fourth Amendment violations in Count V of the Complaint are duplicative of Count II.

13.   Plaintiff's claims of Fourth Amendment violations in Count V of the Complaint are impermissibly brought directly under the U.S. Constitution when such claims may only be brought under 42 U.S.C. § 1983.

14.   Plaintiff's claims of First Amendment violations in Count VII of the Complaint are duplicative of Count II.

15.   Plaintiff's claims of First Amendment violations in Count VII of the Complaint are impermissibly brought directly under the U.S. Constitution when such claims may only be brought under 42 U.S.C. § 1983.

16.   Plaintiffs concede that all defendants are entitled to judgment as a matter of law on plaintiffs' negligent infliction of emotional distress claims.

17.   This court declines to exercise supplemental jurisdiction over plaintiffs' remaining State law claims.


## DISCUSSION

For the reasons explained below, we find that there are no issues of material fact precluding the entry of judgment at this time and that defendants are entitled to judgment as a matter of law on Counts II, IV, V, VI, VII, VIII, IX, X and XI of the Complaint.

-13-

I.    <u>Count II - Violation of Civil Rights (42 U.S.C. § 1983)</u>

In Count II of the Complaint, plaintiff Joshua Shuman alleges that defendants violated 42 U.S.C. § 1983 by depriving him of his rights under the First, Fourth and Fourteenth Amendments.  As discussed below, we find that plaintiff has failed to support the alleged deprivations of his First, Fourth or Fourteenth Amendment rights.

A.    <u>Plaintiff's First Amendment Claim</u>

Plaintiff's First Amendment claims in Count II of the Complaint must be dismissed for the same reasons that the undersigned dismissed Count I by Order dated June 24, 2003.  In their Motion to Dismiss, which motion was filed on August 5, 2002, defendants challenged plaintiffs' First Amendment claim in Count I of the Complaint, arguing that plaintiffs failed to state a claim for a First Amendment violation.

After oral argument on defendants' Motion to Dismiss held on June 24, 2003, the undersigned agreed with defendants that plaintiffs had failed to state a claim for any First Amendment violation.  The court reasoned that "plaintiffs allege a violation of the First Amendment because defendants failed to provide a process to challenge decisions by the principal to discipline students.  Plaintiffs' claims in that regard are no more than due process claims.  Moreover, plaintiffs' bald

statement that its First Amendment claims are based [on] defendants' interference with their right to access the courts is belied by the fact that the plaintiffs obviously accessed this court."[18]

At the time the undersigned ruled on defendants' motion to dismiss, defendants had not challenged plaintiff's First Amendment claims alleged in Counts II and VII of the Complaint. On summary judgment, however, defendants now challenge the viability of such claims.  For the reasons stated on the record on June 24, 2003, and repeated above, we find that defendants are entitled to judgment as a matter of law on all First Amendment claims alleged by plaintiff in Counts II and VII of the Complaint.

B.    Plaintiff's Fourth Amendment Claim

Plaintiff Joshua Shuman claims that his Fourth Amendment rights against an unlawful seizure were violated when he was held in the administrative offices of Penn Manor High School from 10:15 a.m. to 2:00 p.m. on December 10, 2001.[19] Specifically, plaintiff contends that the seizure became unlawful

---

[18]    Transcript of Argument on Motion to Dismiss, held June 24, 2003, Exhibit J to Defendants' Brief, at pages 20-21.

[19]    We note that defendants contend that plaintiff was held from approximately 10:30 a.m. to 1:00 p.m.  We do not find this factual dispute to be material and we accept for purposes of considering this motion for summary judgment the facts as alleged by plaintiff to be true.

after Mr. Gale initially questioned plaintiff and told plaintiff that he was continuing to investigate the manner, when he was in fact not.  We find that the facts as evidenced by plaintiff cannot establish a seizure in violation of his Fourth Amendment rights and, thus, we enter judgment in defendants' favor.

Both parties agree that Fourth Amendment protections from unreasonable searches and seizures have been extended to students in public schools.  Vernonia School District 47J v. Acton, 515 U.S. 646, 655, 115 S. Ct. 2386, 132 L. Ed. 2d 564 (1995); New Jersey v. T.L.O., 469 U.S. 325, 336-337, 105 S. Ct. 733, 83 L. Ed. 2d 720 (1985).  Both parties further agree that the legality of a seizure in a public school is governed by a reasonableness standard "determined by balancing the [student's] Fourth Amendment interests, including the expectation of privacy, against legitimate government interests."  Valentino C. v. School District of Philadelphia, No. 01-CV-2097, 2003 U.S. Dist. LEXIS 1081, at *15 (E.D. Pa. January 23, 2003) (citing Vernonia, 515 U.S. at 656-657).  Such a balancing test requires the court to consider the following factors: (1) the scope of the legitimate expectation of privacy at issue; (2) the character of the intrusion complained of; and (3) the nature and immediacy of the governmental concern at issue and the efficacy of this means for meeting it.  Vernonia, 515 U.S. at 654-660.

Both parties also agree that the scope of a public school student's expectation of privacy is reduced.  <u>See</u>, <u>e.g.</u>, <u>Vernonia</u>, 515 U.S. at 655-656; <u>Valentino C.</u>, 2003 U.S. Dist. LEXIS 1081, at *15.  Moreover, both parties agree that defendants have a legitimate government interest in maintaining a school free of misconduct.  <u>T.L.O.</u>, 469 U.S. at 340.  The parties even agree that the character of defendants' intrusion was justified at its inception.

The parties in this case disagree over the nature of the intrusion on plaintiff's privacy rights after Mr. Gale initially questioned him.  Plaintiff argues that the nature of the continuing intrusion exceeded the level justified by defendants' legitimate government interest.  Specifically, plaintiff argues that defendants' actions in holding him in the school office for approximately 3.5 hours exceeded defendants' government interest.  We disagree.

After Olivia Becker accused plaintiff of engaging in unwanted sexual contact during class, defendants called him to the office at approximately 10:15 a.m.[20]  He was questioned for approximately fifteen minutes by Mr. Gale.[21]  Mr. Gale then asked plaintiff to wait in a small conference room where plaintiff

---

[20]    Shuman Dep. at 76; Gale Dep. at 55.

[21]    Shuman Dep. at 96.

worked on his class assignments.[22]  At 11:30 a.m., plaintiff was
escorted to the school cafeteria to have lunch.[23]  After lunch,
plaintiff returned to the conference room and was questioned by
Mr. Gale and Mr. Baddick for approximately ten more minutes.[24]
At approximately 1:15 p.m., plaintiff was informed that he was
suspended from school and his mother was called to collect him.[25]

        We find the nature of defendants' intrusion on
plaintiff's reduced expectation of privacy was minimal.  It is
difficult to imagine the state of American high schools if a call
to the principal's office or a detention in which a student is
permitted to complete school assignments and eat lunch in the
school cafeteria constitutes a deprivation of that student's
Fourth Amendment rights.

        Balancing the government's interest in maintaining a
school free of misconduct with plaintiff's reduced expectation of
privacy and the nature of defendants' minimal intrusion into
defendant's privacy, we find that the actions of defendants in
holding plaintiff in a conference room on December 10, 2001 were
justified.  Thus, we find that plaintiff cannot establish a
deprivation of Fourth Amendment rights.  Therefore, we find that

---

[22]     Gale at 61; Shuman at 86.

[23]     Shuman at 88-89; Gale at 62.

[24]     Gale at 79; Shuman at 93, 127.

[25]     Shuman at 96-97; Gale at 91-92.

defendants are entitled to judgment as a matter of law on Count II of the Complaint to the extent that Count II alleges a violation of plaintiff's Fourth Amendment rights.

    C.   Plaintiff's Fourteenth Amendment Rights - Equal Protection

    Count II of plaintiff's Complaint also contains allegations that defendants deprived plaintiff Joshua Shuman of equal protection in violation of the Fourteenth Amendment.  For the reasons explained below, plaintiff's equal protection claim fails as a matter of law.

    Plaintiff argues that he was denied equal protection by defendants because: (1) they believed Olivia Becker's statement that the actions on December 7, 2001 were not consensual; and (2) they punished him and not Ms. Becker.  He argues that he and Ms. Becker were similarly situated at the time of the investigation and that he was treated less favorably than she.

    The equal protection clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV § 1.  It directs that "all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985).  "[T]o state a claim based on the Equal Protection Clause, [p]laintiff must allege that he is a 'member of a

-19-

protected class, was similarly situated to members of an unprotected class, and was treated differently from the unprotected class.'" <u>Bartram v. Pennsbury School District</u>, No. 98-CV-6159, 1999 U.S. Dist. LEXIS 7916, at *13 (E.D. Pa. May 24, 1999) (quoting <u>Wood v. Rendell</u>, No. 94-CV-1489, 1995 U.S. Dist. LEXIS 17052, at *4 (E.D. Pa. November 3, 1995)). A plaintiff must show "intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." <u>Poli v. SEPTA</u>, No. 97-CV-6766, 1998 U.S. Dist. LEXIS 9935, at *10 (E.D. Pa. July 7, 1998).

In the instant case, plaintiff argues that as a male, he is a member of a protected class. He further argues that Olivia Becker is a similarly situated member of an unprotected class. Finally, plaintiff argues that he was treated differently from Ms. Becker.

Such allegations, even if supported, fail to demonstrate a prima facie equal protection violation because plaintiff fails to allege in the Complaint or evidence in his opposition brief any intent on the part of defendants to discriminate against him because of his sex.[26]  Absent a

---

[26]   In Plaintiff's Brief, plaintiff baldly states that "[t]he evidence shows [defendants] acted deliberately.  Clearly, given this evidence, it cannot be said that the disciplinary actions taken by the [d]efendants were substantially related to an important governmental interest."  Plaintiffs' Brief at 55.  However, plaintiff fails to describe, detail or identify that evidence he believes establishes intentional conduct on the part of defendants.

demonstration that defendants treated plaintiff and Ms. Becker differently because of defendant's sex, plaintiff's equal protection claim fails as a matter of law.

       D.    Plaintiff's Fourteenth Amendment Rights -
             Procedural Due Process

            Finally, in Count II of the Complaint, plaintiff Joshua Shuman alleges that defendants violated his Fourth Amendment rights to procedural due process.  The parties agree that, in cases involving school suspensions of less than ten days such as the four-day suspension in this case, the Fourteenth Amendment requires that the "student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story."  Goss v. Lopez, 419 U.S. 565, 581, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975).  The parties further agree that plaintiff was given the opportunity to present his side of the story while meeting with Mr. Gale on December 10, 2002.

            Defendants argue that they properly provided plaintiff with oral and written notice of the charges and explained the evidence in their possession.  Plaintiff argues that defendants did not give plaintiff full notice of the charges against him and failed to divulge all of the evidence against him that they possessed.  Specifically, plaintiff argues that defendants should have explicitly informed plaintiff that he was being charged with

-21-

"sexual harassment" and that they should have revealed the details of what Ms. Becker told them of the incident and the names of the four people Ms. Becker named as possible witnesses.

It is not in dispute that: (1) plaintiff knew why he was being called to Mr. Gale's office on December 10, 2001; (2) Mr. Gale informed plaintiff that Ms. Becker reported that he had forced his hand upon her sexually and that she was very upset about it; (3) plaintiff admitted to Mr. Gale that an incident of sexual misconduct had taken place between he and Ms. Becker in their classroom on December 7, 2001; and (4) Mr. Gale informed plaintiff that his claim that the incident was consensual conflicted with Ms. Becker's version of events.[27]  We find that these circumstances demonstrate that Mr. Gale was "alerted to the existence of disputes about fact", thus informing his discretion in disciplining plaintiff and substantially reducing the risk of his error.  Goss, 419 U.S. at 583-584.

Moreover, we find that defendants adequately provided plaintiff with sufficient notice, an explanation of the evidence and the opportunity to be heard in satisfaction of plaintiff's right to procedural due process.  See, e.g., S.G. v. Sayreville Board of Education, 333 F.3d 417, 424 (3d Cir. 2003).  Thus, plaintiff's claim that defendants deprived him of his Fourteenth Amendment due process rights must fail as a matter of law.

---

[27]    Shuman at 81-83.

-22-

Because we find that plaintiff's allegations of First Amendment, Fourth Amendment and Fourteenth Amendment deprivations fail as a matter of law, we grant defendants' motion and enter judgment as a matter of law in their favor on Count II of the Complaint.

II.  Count IV - Violation of Plaintiffs' Procedural Due Process
     Rights (in violation of the Fifth and Fourteenth Amendments)

Plaintiff Joshua Shuman alleges violations of his Fifth and Fourteenth Amendment rights in Count IV of the Complaint. Initially, we note that the Fifth Amendment applies only to federal actors.  See Mendoza v. City of Philadelphia, No. 00-CV-142, 2000 U.S. Dist. LEXIS 6657, at *1 (E.D. Pa. May 5, 2000).  Because plaintiff fails to allege that any defendant in this action is a federal actor, Count IV of the Complaint fails as a matter of law to the extent that it alleges a violation of plaintiff's Fifth Amendment rights.

To the extent that Count IV alleges a violation of plaintiff's rights under the Fourteenth Amendment, we find that this claim is duplicative of the Fourteenth Amendment deprivation claim plaintiff asserted in Count II of the Complaint under 42 U.S.C. § 1983.  Moreover, such a claim brought directly under the United States Constitution is "impermissible because § 1983 provides an adequate, alternative remedial scheme for [plaintiff's] alleged constitutional violations."  Smith v.

-23-

School District of Philadelphia, 112 F. Supp. 2d 417, 430
(E.D. Pa. 2000) (citing Bivens v. Six Unknown Named Agents of the
Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999,
29 L. Ed. 2d 619 (1971)).

Thus, we find that plaintiff's claim in Count IV is
legally impermissible.  Therefore, we enter judgment in
defendants' favor on Count IV  of the Complaint.


III. Count V - Violation of Plaintiffs' Fourth Amendment Rights

In Count V of the Complaint, plaintiff Joshua Shuman
alleges a violation of his Fourth Amendment rights.  This claim
is duplicative of his Fourth Amendment deprivation claim asserted
in Count II under 42 U.S.C. § 1983.  Moreover, such a claim
brought directly under the United States Constitution is
impermissible and must be brought under 42 U.S.C. § 1983, as
explained above.  Smith, 112 F. Supp. 2d at 430.

Thus, we find that plaintiff's claim in Count V is
unnecessarily duplicative and impermissible.  Therefore, we enter
judgment in defendants' favor on Count V of the Complaint.

IV.  Count VI - Violation of Plaintiffs' Right to Equal
     Protection of the Law (in violation of the Fourteenth
     Amendment)

        Plaintiff Joshua Shuman alleges a violation of his

Fourteenth Amendment rights in Count VI of the Complaint.  We

find that this claim is duplicative of the Fourteenth Amendment

deprivation claim plaintiff asserted in Count II of plaintiff's

Complaint under 42 U.S.C. § 1983.  Moreover, as explained above,

such a claim brought directly under the United States

Constitution is impermissible and must be brought under

42 U.S.C. § 1983.  Smith, 112 F. Supp. 2d at 430.

        Thus, we find that plaintiff's claim in Count VI is

legally impermissible.  Therefore, we enter judgment in

defendants' favor on Count VI of the Complaint.


V.  Count VII - Violation of Plaintiffs' First Amendment Rights

        In Count VII of the Complaint, plaintiff Joshua Shuman

alleges a violation of his First Amendment rights.  As we

disposed of Counts V and VI of the Complaint above, Count VII

must also be dismissed as duplicative of his First Amendment

deprivation claim asserted in Counts I and II under

42 U.S.C. § 1983 and as a claim impermissibly brought directly

under the United States Constitution.  Smith, 112 F. Supp. 2d at

430.  Moreover, plaintiff's First Amendment claims must be

dismissed for the same reasons the undersigned dismissed Count I

of the Complaint by Order dated June 24, 2003, as explained above in this court's discussion of the First Amendment claim raised in Count II.

Thus, we find that defendants are entitled to judgment as a matter of law on the First Amendment claim alleged by plaintiff in Count VII of the Complaint.  Therefore, we enter judgment in defendants' favor on Count VII of the Complaint.

VI.    Count X - Negligent Infliction of Emotional Distress

Plaintiffs concede that all defendants are entitled to judgment as a matter of law on their claims of negligent infliction of emotional distress.  Thus, Count X of the Complaint is dismissed and judgment is entered in favor of all defendants on Count X of the Complaint.

VII. Counts VIII, IX and XI - State Law Claims

The remaining claims in the Complaint allege causes of action under Pennsylvania State law.  Specifically, Count VIII alleges intentional infliction of emotional distress, Count IX alleges negligence and Count XI alleges entitlement to punitive damages.

Because we have dismissed all federal claims in this matter, we decline to exercise supplementary jurisdiction over these remaining state law claims.  See, e.g., United Mine Workers

of America v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).  Therefore, we dismiss Counts VIII, IX and XI of the Complaint for lack of jurisdiction.

<u>CONCLUSION</u>

For all the foregoing reasons, we grant defendants' motion for summary judgment and enter judgment in favor of defendants on all remaining counts of the Complaint.